IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAURICE CEASAR<br><br>　　　Plaintiff<br><br>v.<br><br>CBS HEADQUARTERS COMPANY, *et al.*,<br><br>　　　Defendants | Case No. 06-2140 RMC |

**DEFENDANT COMCAST CORPORATION'S
MOTION TO DISMISS COMPLAINT**

Defendant Comcast Corporation ("Comcast"), by and through its undersigned attorneys, pursuant to FED. R. CIV. P. 12(b)(6) and 12(b)(5), hereby submits its Motion to Dismiss the Complaint. For the reasons set forth fully in the Memorandum of Law in Support of Comcast's Motion to Dismiss being submitted simultaneously herewith, Plaintiff cannot prove any set of facts within the scope of the allegations of the Complaint that would entitle him to relief against Comcast under 42 U.S.C. § 1983 or his apparent defamation claim. Plaintiff's attempt to obtain relief under Section 1983 must fail because Plaintiff has not alleged that Comcast is a state actor or that Comcast has acted under color of any state law as required by Section 1983.

Plaintiff's defamation claim also faces insurmountable legal deficiencies. Plaintiff appears to allege that inaccurate news reports regarding him were made on local broadcast television signals NBC, CBS, ABC and FOX. As a cable operator, as opposed to a broadcaster, Comcast is not liable for the content of the broadcast television signals that Comcast retransmits to its cable service subscribers. As Comcast explains in its Memorandum of Law, federal law

prohibits Comcast from altering the video programming of the local broadcast television signals that Comcast retransmits on its cable systems.

Even if that statutory prohibition did not exist, Plaintiff has not alleged, and cannot allege, the elements of a claim for defamation against Comcast. Plaintiff fails to identify any particular statement that Comcast made or published about him. Plaintiff does not attribute any particular statement to any particular Comcast agent. Further, Plaintiff has not alleged that Comcast knew or should have known that any statements published by any broadcast television station that Comcast retransmits were false or defamatory. Even if he had, the common law conduit liability rule would prohibit him from satisfying the negligence or fault element of a defamation claim.

Finally, Plaintiff has also failed to timely or properly effect service of process upon Comcast.

**WHEREFORE**, Defendant Comcast Corporation respectfully requests that this Court grant this Motion to Dismiss and enter an order dismissing with prejudice Plaintiff's Complaint.

Date: June 25, 2007

                                      Respectfully Submitted,

                                      /s/ Adam S. Caldwell
                                      Adam S. Caldwell (Bar No. 012619)
                                      DAVIS WRIGHT TREMAINE LLP
                                      1919 Pennsylvania Ave., N.W., Suite 200
                                      Washington, D.C. 20006
                                      Phone: (202) 973-4200
                                      Facsimile: (202) 973-4499
                                      Email: adamcaldwell@dwt.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Comcast Corporation's Motion to Dismiss was served by first class mail, postage prepaid, on June 25, 2007 to:

Maurice Ceaser
#208-880
1901 E Street, S.E.
Washington DC, 20003

Maurice Ceasar
# 09747-007
USP Canaan
P.O. Box 300
Waymart, PA 18472

/s/ Adam S. Caldwell
Adam S. Caldwell