## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MAURICE CEASAR | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.:  1:06-cv-02140-RMC |
| | ) | |
| CBS HEADQUARTERS CO., ET AL. | ) | |
| | ) | |
| Defendants. | ) | |
| ———————————————— | ) | |

## DEFENDANTS "20TH CENTURY FOX HEADQUARTERS COMPANY" AND "NBC HEADQUARTERS COMPANY'S" MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT

Defendants "20th Century Fox Headquarters Company" (hereafter "WTTG") and "NBC Headquarters Company" (hereafter "WRC")[1] (collectively, the "Defendants"), move pursuant to Federal Rule of Civil Procedure 12(b)(5) and (6) to dismiss Plaintiff Maurice Ceasar's complaint brought under 42 U.S.C. § 1983.  As explained in greater detail in the accompanying Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss, this action must be dismissed because (1) the complaint fails to state a claim for which relief can be granted; (2) Plaintiff previously filed three similar lawsuits based on the same underlying facts as this current action against a number of defendants, including a previous lawsuit against both WTTG and WRC that remains pending in the Superior Court for the District of Columbia; and (3) the summons and complaint were not properly served.  Accordingly, Plaintiff's present complaint

---

[1] In his complaint, Plaintiff references local television stations, by channel, as the targets of this litigation.  Complaint, p. 7, ¶ 1.  However, he incorrectly named the Defendant in the complaint that owns and operates local Fox station WTTG, one of his targets, as "20th Century Fox Headquarters Company".  He also incorrectly calls the owner and operator of local NBC station WRC "NBC Headquarters Company."  For ease of the Court's reference, we refer to these Defendants as "WTTG" and "WRC".

should be dismissed.  In the alternative, because Plaintiff's complaint is rambling and largely

incomprehensible -- lacking the basic elements of any cause of action -- Defendants' request that

the court order Plaintiff to provide a more definite statement pursuant to Fed. R. Civ. P. 12(e).

## <u>ORAL HEARING REQUESTED</u>

DATE: June 25, 2007                              Respectfully submitted,

                                                HOLLAND & KNIGHT LLP


                                                 _/s/ Charles D. Tobin_____
                                                Charles D. Tobin, Bar No. 455593
                                                2099 Pennsylvania Ave., NW
                                                Suite 100
                                                Washington, DC 20006
                                                202-955-3000 Phone
                                                202-955-5564 Fax


                                                *Counsel for Defendants WTTG and WRC*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MAURICE CEASAR | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.:  1:06-cv-02140-RMC |
| | ) | |
| CBS HEADQUARTERS CO., ET AL. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS "20TH CENTURY FOX HEADQUARTERS COMPANY" AND "NBC HEADQUARTERS COMPANY'S" MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT

Defendants "20th Century Fox Headquarters Company" (hereafter "WTTG") and "NBC Headquarters Company" (hereafter "WRC")[2] (collectively, the "Defendants"), hereby submit their Memorandum of Points and Authorities in support of their Motion to Dismiss Plaintiff's complaint.

### I.    INTRODUCTION

This action is the latest in a series of nuisance *pro se* lawsuits brought by inmate Maurice Ceasar, who is serving a sentence for two counts of Second Degree Burglary and one count of Second Degree Theft in Canaan United States Penitentiary in Washington, D.C.[3]  In this action,

---

[2] In his complaint, Plaintiff references local television stations, by channel, as the targets of this litigation.  Complaint, p. 7, ¶ 1.  However, he incorrectly named the Defendant in the complaint that owns and operates local Fox station WTTG as "20th Century Fox Headquarters Company," which is a non-existent entity.  He also incorrectly referred to the owner and operator of local NBC station WRC as "NBC Headquarters Company," which also does not exist.  For ease of the Court's reference, we refer to these Defendants as "WTTG" and "WRC".

[3] Plaintiff pled guilty to these charges in D.C. Superior Court Criminal Case Nos. 2006 CF3 009216 and 2006 CF3 009217.  (Copies of the affidavits in support of the arrest warrants, commitment papers, PSI reports, and entry of guilty pleas from the case files are attached at Exhibits A and B.)

Ceasar sues a number of the same defendants he has sued in a still-pending proceeding in D.C. Superior Court, [4] seeking millions of dollars in damages for unspecified claims that appear to arise from media reports about the crimes for which he is now imprisoned. Even giving this *pro se* Plaintiff the benefit of the doubt, the complaint – which was not properly served upon either WTTG or WRC, and which is entirely incomprehensible – fails to state a claim for which relief can be granted.

While Plaintiff purports to bring his claims under the Civil Rights Act, 42 U.S.C. § 1983, none of the defendants are government actors, and thus any alleged actions by them do not give rise to a cause of action under the statute. To the extent that the Plaintiff is attempting to plead any other cause of action, such as defamation, the complaint must likewise be dismissed because Plaintiff has failed to allege even the most basic elements for such an action. For example, the complaint fails to identify a single statement published by either WTTG or WRC concerning Ceasar, let alone one that is false and defamatory. Additionally, as Plaintiff has brought what appears to be an action in D.C. Superior Court arising out of the same circumstances complained

---

[4] Ceasar falsely states that he has not begun any other lawsuit in either state or federal court dealing with the same or similar facts involved in this action. Complaint, p. 4. At the time of filing this action, however, Ceasar had brought at least one lawsuit in the D.C. Superior Court on what appear to be the same or similar facts as this action. In that action – in which the undersigned counsel represent the Defendants – he sued WTTG and WRC. (A copy of D.C. Superior Court Case No. 2006 CA 008052 B, commenced on November 1, 2006 is attached hereto as Exhibit C). The case has been stayed until March 6, 2008, based upon Ceasar's representations to the Superior Court of the date he expects to be released from incarceration. (A copy of the Superior Court minute order (entered 3/9/2007) is attached hereto as Exhibit D). Ceasar also has filed two other lawsuits against a number of other media entities which appear to be based on substantially the same or similar facts. (A copy of D.C. Superior Court Case No. 2007 CA 000171 B, commenced on January 5, 2007, and the docket for Case No. 2007 CA 002362 B, commenced on March 29, 2007, are attached as Exhibits E and F, respectively.) Both of these cases have since been dismissed with prejudice. (Copies of the docket and dismissal order (entered 4/27/2007 and 5/17/2007) in Case No. 2007 CA 00171 B are attached at Exhibit G; see also Exhibit F for entry of dismissal (entered 5/21/2007) in Case No. 2007 CA 002362 B.)

of here against these same Defendants, and that litigation remains pending, this lawsuit should be dismissed in deference to the jurisdiction of the D.C. forum that Ceasar already has invoked.  In the alternative, the Court should order the Plaintiff to provide a more definite statement in order to permit the Defendants to adequately frame a responsive pleading.

## II.    BACKGROUND AND PROCEDURE IN THIS COURT

Plaintiff is a prisoner in Canaan United States Penitentiary in Washington, D.C., serving a sentence for crimes allegedly reported on television by, among others, Defendants WTTG and WRC.  See Complaint, p.1 and p.7, ¶ 1.  On December 14, 2006, he filed his *pro se* complaint against the defendants.[5]  On the same date, Ceasar filed a Motion for Leave to Proceed in Forma Pauperis.  The Court issued an order on December 14, 2006, directing that Ceasar provide a six month trust fund prisoner account statement.  The order further stated that Ceasar must comply within 30 days or failure to comply would result in dismissal of the case.  Ceasar did not comply with the Court's order until May 15, 2007, at which time the Court granted his motion.

Summonses were issued on May 29, 2007.  A summons and copy of the complaint were mailed by certified mail along with a Notice And Acknowledgment Of Receipt Of Summons

---

[5] This is Plaintiff's third attempt to prosecute this lawsuit in federal court.  On August 8, 2006, Ceasar filed suit against a number of defendants based on substantially the same facts and claims, including "NBC News Station" and "Local Fox News Station."  The Court dismissed the action without prejudice on the day of filing for lack of jurisdiction.  The Court held that subject matter jurisdiction was lacking because the complaint stated a cause of action for defamation – a state claim which does not give rise to a federal question.  Additionally, the Court held there was no diversity of citizenship.  (Copies of the complaint, Memorandum  and Dismissal Order for Case No. 1:06-cv-01404-UNA are attached as Exhibit H.)  On August 28, 2006, Ceasar again filed suit against the defendants based on the same allegations.  It, too, was dismissed without prejudice on October 31, 2006 on the same grounds as the prior case – lack of jurisdiction. (Copies of the complaint, Memorandum and Dismissal Order for Case No. 1:06-cv-01506-UNA are attached as Exhibit I.)  Your Honor issued the dismissal order attached at Exhibit I and advised Ceasar that he could bring suit in Superior Court.  Ceasar abided, filing the same suit in Superior Court on November 1, 2006.  (See Exhibit C.)  This is the action that remains pending against Defendants WTTG and WRC.

And Complaint By Mail to "20th Century Fox Headquarters Company" on or about June 8, 2007, and to "NBC Headquarters Company" on or about June 4, 2007.  The summons and complaint were not directed to an authorized agent under Fed. R. Civ. P. 4(h) for either corporation, but were simply addressed to "20th Century Fox Headquarters Co., POB 900, Beverly Hills, Ca. 90213" and "NBC Headquarters Company, Inc., 100 Universal Plaza, Universal City, California 91608," respectively.  While the packages were signed for upon delivery, the Notice And Acknowledgment forms were neither signed or returned.  Nevertheless, on June 8, 2007, the court clerk docketed Return of Service/Affidavit of Summons and Complaint for "NBC Headquarters Company" and noted that service was executed on June 4, 2007, and that an answer is due on June 25, 2007.  And on June 15, the court docketed Return of Service/Affidavit of Summons and Complaint for "20th Century Fox Headquarters Company" and noted that service was executed on June 8, 2007, and that an answer is due on June 28, 2007.  The returns consist of return receipts from the certified delivery and unsigned copies of the Notice And Acknowledgment forms.

Plaintiff's complaint purports to seek damages under the Civil Rights Act, 42 U.S.C. § 1983, against a number of privately owned media entities.  Complaint, p. 3 (Request).  While the complaint is largely incomprehensible, the allegations appear to relate – not to any government action – but to unspecified media reports concerning criminal activity for which Ceasar is currently serving time.  See Complaint, p. 2 (Facts) and p. 7, ¶ 1.  Nonetheless, the complaint does not identify the contents of the reports, the date of the reports, or any other identifying feature of any alleged reports.  Nor does it identify specific false and defamatory statements, but rather admits that he has been convicted of charges stemming from criminal activity that was allegedly reported on by the defendants.  See Complaint, p. 2 (Facts) and p. 9, ¶¶ 12-14.

4

Despite Plaintiff's claims to the contrary, <u>see</u> Complaint, p. 4, at the time of filing suit, among other similar actions, Plaintiff had commenced a lawsuit in the D.C. Superior Court, based on what appear to be the same facts alleged here. (<u>See</u> Exhibit C.)  Based upon Ceasar's representation to the Superior Court regarding his anticipated release date, the case has been stayed until March 6, 2008.  (<u>See</u> Exhibit D.)  Plaintiff has also filed two other lawsuits in Superior Court against a number of other entities based on what appear to be these same or substantially similar facts.  (<u>See</u> Exhibits E and F.)  Both of these cases have since been dismissed with prejudice.  (<u>See</u> Exhibits F and G.)

## III.    ARGUMENT

Plaintiff has failed to allege a cause of action under 42 U.S.C. § 1983 because neither WTTG nor WRC are government actors and the complaint alleges only private acts.  The complaint also does not allege facts sufficient to support a cause of action for defamation or any other cause of action.  In addition, the summons and complaint were not served pursuant to the requirements of Federal Rule of Civil Procedure 4(h).  Finally, this Court should dismiss the instant matter in deference to the D.C. jurisdiction, which has stayed the same claim.

### A.    Plaintiff's Complaint Must Be Dismissed Pursuant to Federal Rule of Civil Procedure 12(b)(6).

A court will grant a motion to dismiss when it fails to present sufficient allegations to state a claim for relief that is more than just "conceivable," but rather that the claim is "plausible."  <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1968-74 (a moving party need not prove beyond a doubt that the claimant can prove no set of facts entitling him or her to relief; dismissing claim where plaintiff failed to plead "enough facts to state a claim to relief that is plausible on its face").  The Court "need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations."  <u>In re U.S. Office Products</u>

Securities Litigation, 326 F.Supp.2d 68, 73-74 (D.D.C. 2004). If, upon reviewing the complaint

and exhibits, the Court determines that, as a matter of law, the complaint does not allege

sufficient facts to support a cognizable legal theory, then dismissal is proper. See Systems

Council EM-3 v. AT&T Corp., 159 F.3d 1376 (D.C. Cir. 1998).

　　　While courts give greater leeway to pleadings filed by *pro se* litigants, see Gray v. Poole,

275 F.3d 1113, 1116 (D.C. Cir. 2002), a *pro se* plaintiff's inferences "need not be accepted 'if

such inferences are unsupported by the facts set out in the complaint.'" Caldwell v. District of

Columbia, 901 F. Supp. 7, 10 (D.D.C. 1995) (dismissing *pro se* prisoner's § 1983 claims)

(quoting Henthorn v. Dep't of Navy, 29 F.3d 682, 684 (D.C. Cir. 1994). Nor must the court

accept legal conclusions cast in the form of factual allegations. Id. "A *pro se* complaint, like any

other, must state a claim upon which relief can be granted by the court." Id. (citing Crisaft v.

Holland, 655 F.2d 1305, 1308 (D.C. Cir. 1981). See also Prunte v. Universal Music Group, 484

F. Supp. 2d 32 (D.D.C. 2007); Moore v. Motz, 437 F. Supp. 2d 88 (D.D.C. 2006).

　　　Here, this rambling complaint spuriously charges defendants who are not government

actors with civil rights violations, alludes to the publication of unspecified false statements by six

separate media defendants, and fails to set forth the basic elements of any cause of action. The

complaint therefore should be dismissed. In the alternative, the court should require Plaintiff to

submit a more definite statement.

> **1.　　The Complaint Fails To State A Claim Under Civil Rights Law For Which Relief May Be Granted, As Any Acts Complained Of Were Not State Action.**

　　　Plaintiff's complaint is largely incomprehensible, consisting of rambling and incoherent

legal conclusions. For this reason it is difficult to ascertain the nature of Plaintiff's claims.

However, to the extent that he is pursuing his claims under the Civil Rights Act, 42 U.S.C. §

1983, see Complaint, p. 4 (requesting monetary damages "under Civil Rights Act 42 U.S.C. of 1983"), the complaint must be dismissed because neither WTTG nor WRC are government actors.

Courts in the District of Columbia routinely reject claims by plaintiffs alleging that his or her civil rights were violated by media defendants because the conduct is not one of a "state actor." For example, in Slaby v. Fairbridge, 3 F. Supp. 2d 22 (D.D.C. 1998), the district court dismissed a plaintiff's claims where there was no allegation in the complaint that the defendant, a science journal, acted "under color of state law" when it refused to publish plaintiff's manuscript.

Similarly, in Thomas v. News World Communications, 681 F.Supp. 55 (D.D.C. 1988), the district court held that the plaintiff could not set forth causes of action under 42 U.S.C. § 1983 against the *Washington Times* because the complaint alleged no acts taken by the *Times* "under color of" any state or District of Columbia law. Moreover, the court explained that § 1983 does not provide a remedy for an alleged defamation:

> Neither the Constitution nor any laws contemplated under § 1983 establishes a "right" or "privilege" to be free from libel or assault qua assault. . . . [W]here state law does not extend any legal guarantee of the present enjoyment of one's reputation, beyond providing a remedy in tort for damage thereto, defamation by a state official does not result in a deprivation of "liberty" or "property" protected by Fourteenth Amendment. Consequently, no action under § 1983 may lie for plaintiff's assault, defamation, and libel claims.

Id. at 66 (citing Paul v. Davis, 424 U.S. 693, 711-712 (1976)). See also Provisional Government of the Republic of New Afrika v. American Broadcasting Companies, 609 F.Supp. 104 (D.D.C. 1985) (district court dismissed plaintiff's claims against a television broadcast company where the complaint failed to allege the requisite element of state action).

Other jurisdictions uniformly are in accord. For example, in Fitzpatrick v. Wert, 432 F. Supp. 601 (W.D.N.Y. 1977), the district court dismissed as frivolous a suit brought by prison

inmates based on a newspaper article and an editorial. The court found that its decision was compelled by the "well-entrenched tradition in this country that freedom of expression should not be limited or infringed by either public or private authority." Id. at 603. And in Jones v. Taibbi, 508 F. Supp. 1069 (D. Mass. 1981), the district court held that a television reporter's agreement with police to refrain from reporting on a murder investigation until after a suspect was arrested, in a suit brought by the suspect, did not constitute an action taken by the newspaper "under color of state law" as required to maintain an action under 42 U.S.C. § 1983. The court in Jones found "no exceptional circumstances" which would render the television station defendant a state actor, and awarded the station summary judgment. See also Associates & Aldrich Co. v. Times Mirror Co., 440 F.2d 133, 135 (9th Cir. 1971) (newspaper is private person, and its actions are not "under color of law" for purposes of civil rights statutes).

In this action, Plaintiff's civil rights complaint must be dismissed as it sets forth no state action required for this type of claim, and to the extent he seeks redress against journalists, Plaintiff cannot state a civil rights claim as journalists are private actors. Plaintiff's allegations of violation of constitutional rights by media defendants like WTTG and WRC therefore are entirely misplaced, and this complaint should be dismissed with prejudice.

**2.     The Complaint Fails to State A Claim Under Defamation Law.**

To the extent that Plaintiff attempts to set out another type of claim, such as defamation, the complaint must similarly be dismissed under the standards of Rule 12(b)(6). The lawsuit fails to set forth the requisite allegations of that claim under D.C. law. A defamation plaintiff must allege and establish that (1) the defendant made a false and defamatory statement concerning the plaintiff; (2) the defendant published the statement without privilege to a third party; (3) the defendant's fault in publishing the statement amounted to at least negligence; and

8

(4) either that the station was actionable as a matter of law irrespective of special harm, or that its publication caused the plaintiff special harm.  <u>Beeton v. District of Columbia</u>, 779 A.2d 918, 923 (D.C. 2001); <u>Oparaugo v. Watts</u>, 884 A.2d 63, 76 (D.C. 2005); <u>Crowley v. N. Am. Telecomm. Assoc.</u>, 691 A.2d 1169, 1173 n.2 (D.C. 1997).  The complaint here satisfies none of these requirements.

While Plaintiff alleges that the media defendants collectively published unspecified "unconfirmed reports," Complaint, p.2, "false information," <u>id.</u>, and "misleading and libelous information"  <u>id.</u>, p. 7, ¶ 1, it fails to set forth a single statement published by either WTTG or WRC about the Plaintiff.  It is well settled that a plaintiff must allege the substance of a defamatory statement.  <u>See</u> <u>Watwood v. Credit Bureau, Inc.</u>, 68 A.2d 905, 906 (D.C. 1949) (allegation that defendants made "libelous statements" was a "bare legal conclusion" insufficient to support a libel claim and dismissing complaint); <u>Hoffman v. Hill & Knowlton, Inc.</u>, 777 F. Supp. 1003, 1005 (D.D.C. 1991) (dismissing libel claim where plaintiff "does not state the time and place of the alleged communication" and "does not set forth the content of the alleged statement, the speaker, or the listener").  Without such information concerning the alleged publications by WTTG and WRC, defendants cannot formulate a response.  <u>Hoffman</u>, 777 F. Supp. at 1005 (in a defamation action "generally knowledge of the exact language used is necessary to form responsive pleadings").  For example, Defendants cannot determine whether the claims are barred by the District of Columbia's one-year statute of limitations, <u>see</u> D.C. Code § 12-301(4) or whether the statements are protected by any applicable privilege, such as the privilege recognized in the District for fair and accurate account of an official report or proceeding.  <u>See</u> <u>Oparaugo</u>, 884 A.2d at 81; <u>Phillips v. Evening Star Newspaper Co.</u>, 424 A.2d 78, 88 (D.C. 1980).

As Plaintiff has not alleged the required elements for a defamation claim, the complaint fails to state a cause of action.  For this reason as well, the lawsuit should be dismissed.  In the alternative, for the same reasons set forth above, the Court should order Plaintiff to provide a more definite statement pursuant to Fed. R. Civ. P. 12(e).

### B.    This Court Should Dismiss As Plaintiff Has An Identical Action Pending In The D.C. Superior Court.

In his complaint, Plaintiff falsely states that he has not previously filed a lawsuit involving the same or similarly facts in another state or federal lawsuit.  <u>See</u> Complaint, p. 4.  In fact, Plaintiff Ceasar filed this action in federal court despite having already filed what appears to be a nearly identical suit against many of the same media defendants, including WTTG and WRC in the D.C. Superior Court.  (<u>See</u> Exhibit C.)[6]  And shortly thereafter, Plaintiff filed two more suits involving the same underlying facts and claims against other media defendants in the Superior Court.  (<u>See</u> Exhibits E and F.)  While the latter two have already been dismissed with prejudice, the first suit remains pending in Superior Court.  (<u>See</u> Exhibits F and G.)  That action is stayed until March 6, 2008 – a date reached based upon Plaintiff's representations regarding his anticipated release date.  (<u>See</u> Exhibit D.)  Because the same claims are currently pending against the Defendants in Superior Court and significant judicial and defense resources have already been expended for that matter, WTTG and WRC request that the Court dismiss this action.  <u>See</u> <u>Quackenbush v. Allstate Ins. Co.</u>, 517 U.S. 706, 716-17 (1996) (court may abstain from exercising jurisdiction where it would interfere with a pending state civil proceeding) (citation omitted).

---

[6] Indeed, Ceasar filed the Superior Court action after two failed attempts to bring suit in the federal forum, and upon the suggestion of this Court.  <u>See</u>, <u>supra</u>, fn. 4.  Ceasar has been afforded more than sufficient leeway as a *pro se* plaintiff to attempt to properly present his claims, yet despite the assistance and patience of this Court, he continues to fail to present a viable action.

**C.      The Summons And Complaint Were Not Properly Served.[7]**

Even if the complaint had successfully set forth a claim for which relief could be granted,

the action against WTTG and WRC should still be dismissed pursuant to Fed. R. Civ. P.

12(b)(5).  Under Rule 12(b)(5), a court may dismiss a complaint without prejudice for ineffective

service of process.  See Fed.R.Civ.P. 12(b)(5); Simpkins v. Dist. of Columbia Gov't, 108 F.3d

366, 368-69 (D.C. Cir. 1997). "[T]he party on whose behalf service is made has the burden of

establishing its validity when challenged; to do so, he must demonstrate that the procedure

employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable

provision of law." Light v. Wolf, 816 F.2d 746, 751 (D.C. Cir. 1987) (internal quotations and

citations omitted).  Plaintiff failed to properly serve the Defendants with the summons and

complaint under the requirements of Fed. R. Civ. P. 4(h).

First, the Return of Service/Affidavit of Summons and Complaint filed with the Court for

both WTTG and WRC demonstrate that the documents were not sent to an authorized agent for

the companies.  See Fed. R. Civ. P. 4(h)(1) (requiring delivery to "an officer, a managing or

general agent, or to any other agent authorized by appointment or by law to receive service of

process").  Second, the documents were sent by certified mail, which, under the federal rules, is

not a valid process of service absent the signature and return of the Notice And Acknowledgment

---

[7] While the court may choose to dismiss an action for improper service and not reach a 12(b)(6) determination, the Court of Appeals recognizes that there may be occasion to rule on the 12(b)(6) grounds even where dismissal is warranted for insufficient service of process.  Simpkins v. Dist. of Columbia Gov't, 108 F.3d 366, 368-69 (D.C. Cir. 1997).  In Simpkins, the court affirmed the district court's dismissal with prejudice on 12(b)(6) grounds although the court first determined that service was insufficient.  The appellate court explained that the nature of the cause of action was such that to permit a plaintiff to refile the same worthless claims would be contrary to the court's duty to ensure the expedited adjudication of these claims and avoid burdening government officials and government conduct.  Id.  This same reasoning applies to the present action brought under 42 U.S.C. § 1983.  Thus, a finding that service was insufficient should not prevent the court from ruling on 12(b)(6) grounds as well.

Of Receipt Of Summons And Complaint By Mail.  See Fed. R. Civ. P. 4(d); see also Cambridge Holdings Group, Inc. v. Federal Ins. Co., --- F.3d ---, 2007 WL 1745315 (D.C. Cir. Jun. 19, 2007) (D.C. Circuit holds service by mail is not proper service under Fed. R. Civ. P. 4).  In Cambridge Holdings Group, Inc., the Court of Appeals found that while Rule 4(d) permits a plaintiff to use the mail to "notify . . . a defendant of the commencement of the action and request that the defendant waive service of a summons," Fed. R. Civ. P. 4(d)(2), formal service is waived only if the defendant signs and returns the waiver form regardless of whether the defendant has actual notice of the lawsuit.  Id. at *5.  There is no entry in the docket of a signed and returned Notice And Acknowledgment form by either WTTG or WRC.  Consequently, the entry of executed service is in error and the actions should be dismissed for failure to properly serve the Defendants.[8]  See e.g., Gorman v. Ameritrade Holding Corp., 293 F.3d 506 (D.C. Cir. 2002) (affirming dismissal of action where defendant corporation was not properly served); Simpkins v. District of Columbia Government, 108 F.3d 366 (D.C. Cir. 1997) (affirming dismissal of claims against defendant that was not properly served); Whitehead v. CBS/Viacom, Inc., 221 F.R.D. 1 (D.D.C. 2004) (dismissing action against media corporation where plaintiff failed to serve resident agent); Stinecipher v. United States, 239 F.R.D. 282 (D.D.C. 2006) (dismissing action against the United States where plaintiff failed to comply with the

---

[8] Ceasar also failed to comply with the service rule for a corporation under the D.C. Superior Court Rule of Civil Procedure.  That rule permits service by certified mail or registered mail, but like the federal rule requires that service be made to "an officer, a managing or general agent, or to any other agent authorized by appointment or by and in accordance with law to receive service of process."  Sup. Ct. R. Civ. P. 4(d)(3).  In addition, the plaintiff must file a return receipt along with an affidavit that specifically states: "the caption and number of the case; the date when the summons and complaint were mailed and by whom; and, if the return receipt does not purport to be signed by the party named in the summons, then specific facts from which the Court can determine that the person who signed the receipt meets the appropriate qualifications for receipt of process set out in paragraph (d) of this Rule."  Sup. Ct. R. Civ. P. 4(c)(2).  Ceasar neither served the appropriate individual nor filed the requisite affidavit.

requirements of Fed. R. Civ. P. 4). The complaint therefore should be dismissed for failure to perfect service.

## IV.     CONCLUSION

For the foregoing reasons, this Court should grant the Defendants' Motion to Dismiss Plaintiff's Complaint, with prejudice. In the alternative, the Court should require Plaintiff to file a More Definite Statement.

DATE: June 25, 2007                                        Respectfully submitted,

                                                           HOLLAND & KNIGHT LLP

                                                            _/s/ Charles D. Tobin_____
                                                           Charles D. Tobin, Bar No. 455593
                                                           2099 Pennsylvania Ave., NW
                                                           Suite 100
                                                           Washington, DC 20006
                                                           202-955-3000 Phone
                                                           202-955-5564 Fax


                                                           *Counsel for Defendants WTTG and WRC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing Motion to Dismiss and

accompanying Memorandum of Points and Authorities were served this 25th day of June, 2007

electronically on the following:

Nathan E. Siegel
Levine Sullivan Koch & Schulz
1050 17th Street, NW
Suite 800
Washington, DC 20036

*Counsel for ABC and CBS*

Daniel E. Farrington
The Farrington Law Firm LLC
4550 Montgomery Avenue
Suite 775 North
Bethesda, MD 20814

*Counsel for RCN Cable*

and by first-class mail, postage prepaid, on the following:

Maurice Ceasar
R09747-007
Canaan United States Penitentiary
C2 - Unit
P.O. Box 300
3057 Easton Turnpike
Waymart, PA 18472

*Pro Se Plaintiff*

_/s/ Charles D. Tobin_____
Charles D. Tobin

# 4618406_v2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MAURICE CEASAR | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.:  1:06-cv-02140-RMC |
| | ) | |
| CBS HEADQUARTERS CO., ET AL. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**[PROPOSED] ORDER GRANTING MOTION TO DISMISS**

Upon consideration of  Defendants "20th Century Fox Headquarters Company" and "NBC Headquarters Company's" Motion to Dismiss Plaintiff's Complaint, and any opposition filed thereto, it is this \_\_\_\_ day of _____, 2007

ORDERED that the Defendants' Motion to Dismiss the Complaint is GRANTED; and it is further

ORDERED that Plaintiff's Complaint is DISMISSED WITH PREJUDICE; or, in the alternative, it is

ORDERED that the Plaintiff shall have 10 days from the date of docketing this order in which to submit a more definite statement; and it is further

ORDERED that in the event Plaintiff fails to file such a statement, the complaint will be DISMISSED WITH PREJUDICE.

.

_____

United States District Judge Rosemary M. Collyer

Copies to:

Charles D. Tobin, Bar No.
Holland & Knight LLP
2099 Pennsylvania Ave., NW
Suite 100
Washington, DC 20006

Nathan E. Siegel
Levine Sullivan Koch & Schulz
1050 17th Street, NW
Suite 800
Washington, DC 20036

Daniel E. Farrington
The Farrington Law Firm LLC
4550 Montgomery Avenue
Suite 775 North
Bethesda, MD 20814

Maurice Ceasar
R09747-007
Canaan United States Penitentiary
C2 - Unit
P.O. Box 300
3057 Easton Turnpike
Waymart, PA 18472

# EXHIBIT A

# D.C. SUPERIOR COURT CRIMINAL CASE NO. 2006 CF3 009216

# SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CRIMINAL DIVISION

### UNITED STATES
-VS-

_Ceasar Maurice_

The event occurred on 5/9/06 at approximately 1430 hrs at 1701 14th Street, NW in Washington DC.

While on routine patrol as TAC 307 during the evening tour in PSA 307, Officers Caron and Carroll were flagged down in reference to a theft that had occurred at the listed location. CW-1 told the officers that she had walked into her office and confronted D-1 who was in her office for an unknown reason. CW-1 stated that she hadn't given permission to be in her office, nor did she know who D-1 was. CW-1 asked D-1 what he was doing in her office and D-1 stated that he was passing out fliers, though he had no fliers in his possession. CW-1 told D-1 to leave, which he did, and CW-1 walked around her desk and found that her wallet had been stolen. CW-1 ran into the hallway to try to stop D-1. As CW-1 came around a corner, looking for D-1, and she saw D-1 exiting the elevator. W-2 walked into the elevator and found CW-1's wallet sitting ontop of a ledge in the elevator. CW-1's wallet was on top of D-1's personal ID card, also on top of the ledge. CW-1 stopped D-1 until MPD arrived on scene.

Additionally, found on the ledge with D-1's identification and CW-1's wallet were a Blockbuster membership card, a Safeway club card, and a CostCo membership card with the name of "Gloria R. Dove". None of these items were identified by D-1 as his. Additionally, D-1 was found in possession of a cellphone that D-1 did not know the phone number and stated that it was a Cingular phone, though it is T-Mobile and D-1 was wearing a gold-colored class ring from Wilde Lake High School with the graduation date of 1991 and the name "M. Owen Donley" engraved on the inside of the ring.

While conducting our interview, D-1's personal information was run through the Third District dispatcher who stated that D-1 was wanted on a Felony arrest warrant for Theft I (Warrant #2006CRW001166). The date of the warrant was 04/24/06, filed by Detective John Turman (D2-12) of the First District.

After a brief investigation, it was determined the gold-colored ring was stolen during a Burglary II (CCN#131424) that occurred at 1300 3rd Street, NW Apartment #604 on 09/24/05. The complainant was contacted and stated that D-1 had no permission to be in possession of the listed item. The cell phone was reported lost/stolen on 05-07-06 from a church at 2201 P Street, NW (CCN#060-031). D-1 was additionally charged with Receiving Stolen Property.

D-1 was identified as Ceasar,Maurice/Black Male/DOB███████/SS███████ by his DC Identification Card and transported to 3D by 307-2 for processing.

---

**SUBSCRIBED AND SWORN BEFORE THIS DAY OF** _5 /10 / 2006_

| _(signature)_ | 3636 | 3D | _Sbw_ |
|---|---|---|---|
| **OFFICER** | **BADGE** | **DISTRICT** | **DEPUTY CLERK** |



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
CRIMINAL DIVISION

Case No.: 2006 CF3 009216                    L-48

United States/District of Columbia                    PDID No : 348504

vs                                                   DCDC:

MAURICE N CEASAR                                      SSN: --

                                                     Date of Birth: 02/08/1960

### COMMITMENT PENDING DISPOSITION
### DC JAIL

TO: SUPERINTENDENT, DISTRICT OF COLUMBIA JAIL:

Pursuant to D.C. Code **CB 23-1321c1BXIII (Cash Bond)** receive into your custody **MAURICE N CEASAR**, who is charged with:

## SECOND DEGREE BURGLARY

Comments:

Separate From:

**BOND SET: 1000.00 ONE THOUSABD DOLLAR CASH BOND**

Defendant is committed into your custody until further order of the Court.

Next scheduled court appearance:

Presentment at 9:00 am on **Thursday May 11, 2006** in Courtroom C-10, 500 Indiana Avenue N.W., WASHINGTON, DC 20001

WITNESS the Honorable Chief Judge of the Superior Court of the District of Columbia, and the seal of said Court on this date May 10, 2006

_Frederick D Dorsey_                     _Graciela Garaycochea_
Judge Honorable FREDERICK D DORSEY         Deputy Clerk

# COMMITMENT

**D. C. PRETRIAL SERVICES AGENCY**
**Pretrial Services Report**
United States vs. MAURICE CEASAR

DOB: 2/8/1960
PDID: 348504

Also known as:  David Hanson
Maurice Dawson

**Lockup #: 002**

**File Date:** 05/10/2006
**Lockup Date:** 5/11/2006
**Date Prepared:** 5/11/2006
**Date Printed:** 5/11/2006

**Docket Number:** 2006-CF3-009216
**PSA Case #:** 06130889

**Charge(s)**
Burglary II



**Comments:** According to the United States Marshal Service, the defendant was brought to the cell block today for arraignment court. PSA called the defendant's name and lock-up number multiple times, however, the defendant failed to answer. As a result, PSA has no personal, address or employment information for the defendant.

**Detention Eligibility and/or Administrative Procedures**

According to information available to the D.C. Pretrial Services Agency, the following applies:

§23-1322(b)(1)(A) – Defendant has been charged with a dangerous crime or a violent crime.

The Agency proposes that a hearing be conducted under DC Code §23-1322(b)(2)(D) to determine if there are any conditions or combination of conditions that would reasonably assure appearance and safety to any other person and the community.

**Recommendations**
No Recommendation Made

**Criminal History**

**Last complete record check conducted on:** 05/11/2006

<hr>

### Prior Conviction(s)

**File Date:** 1/16/2002          **Docket Number:** 2002-FEL-000341

| **Charge Description** | **Sentence Description** | **Disp Date** |
|---|---|---|
| Burglary II | Confinement: 1 Years / VVCCA: $100.00 | 7/19/2002 |

According to the Bureau of Prison Website the defendant was released on 11/10/03.

<hr>

**File Date:** 11/21/1998          **Docket Number:** 1998-FEL-008487

| **Charge Description** | **Sentence Description** | **Disp Date** |
|---|---|---|
| Escape from Institution | Confinement: 5 Months To 15 Months / VVCCA: $500.00 | 4/30/1999 |

DC Jail records does not reflect an exact release date in this matter.   PSA has no additional information regarding this matter.

<hr>

**File Date:** 5/7/1998          **Docket Number:** 1998-CMD-006639

| **Charge Description** | **Sentence Description** | **Disp Date** |
|---|---|---|
| UCSA Possession Marijuana | Time Served / VVCCA: $50.00 | 7/17/1998 |

<hr>

**File Date:** 8/28/1995          **Docket Number:** 1995-CMD-009760

| **Charge Description** | **Sentence Description** | **Disp Date** |
|---|---|---|
| Shoplifting | Time Served | 12/13/1995 |

<hr>

**File Date:** 6/23/1988          **Docket Number:** 1988-CMD-007262

| **Charge Description** | **Sentence Description** | **Disp Date** |
|---|---|---|
| Sexual Solicitation | Probation: 6 Months Unsupervised / Fine: $300.00 , Fine Suspend: $200.00 | 8/11/1988 |

<hr>

**File Date:** 12/31/1981          **Docket Number:** 1981-FEL-007641

| Charge Description | Sentence Description | Disp Date |
|---|---|---|
| Assault With Intent to Rob While Armed | Confinement: 42 Months To 20 Years | 12/18/1986 |
| Assault With Intent to Rob While Armed | Confinement: 42 Months To 20 Years | 12/18/1986 |
| Assault With Intent to Rob While Armed | Confinement: 42 Months To 20 Years | 12/18/1986 |

According to automated probation and parole records the defendant's parole was closed revoked to incarceration on 10/24/04. According to the Bureau of Prison website the defendant was released on 11/11/05. PSA has no additional information regarding this matter.

---

**Pretrial Services has no interview information.**

**Personal Background**

**Community Ties**

Place of Birth:

DC Area resident for:

Total Time in Area:

Marital Status:

Children:   No

Last Updated Date:     05/10/2006

Verified:  No

| Relatives Living With Defendant: | Relatives Not Living With Defendant: |
|---|---|
| None | None |

**Citizenship**

US Citizen:   Yes

Passport:   Defendant reports not having a passport

Last Updated Date:     05/10/2006

Address Information
No address information is available.

Employment Information
No employment information is available.

Education Information
No education information is available.

Health Information
No health information is available.

Substance Abuse Information

Self Reported:
No substance abuse information is available

Drug Test:
Label Printed (temporary)

Prepared By:  Renee Toye                              Prepared Date: 5/11/2006



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CRIMINAL DIVISION

Case No.: **2006 CF3 009216**

United States/District of Columbia

vs

**MAURICE N CEASAR**

PDID No : 348504

DCDC:

SSN: --

Date of Birth: 02/08/1960

### COMMITMENT PENDING DISPOSITION
### DC JAIL

TO: SUPERINTENDENT, DISTRICT OF COLUMBIA JAIL:

Pursuant to D.C. Code **23-1322(b)** receive into your custody **MAURICE N CEASAR**, who is charged with:

## SECOND DEGREE BURGLARY

Comments:

Separate From:

**BOND SET: NO BOND**

Defendant is committed into your custody until further order of the Court.

Next-scheduled court appearance:

Preliminary Hearing at 9:00 am on **Friday May 26, 2006** in Courtroom 111, 500 Indiana Avenue N.W., WASHINGTON, DC 20001

WITNESS, the Honorable Chief Judge of the Superior Court of the District of Columbia, and the seal of said Court on this date May 24, 2006

_____
Judge RONALD GOODEREAD

Brian Wilson
Deputy Clerk

# COMMITMENT

Ccopd.doc

Superior Court of the District of Columbia
Criminal Division

*WANE PAPERS*

*PLG  TO  B-II*
*DISMISS ALL OTHER*
*COUNTS*

United States
~~District of Columbia~~

vs.

*MAURICE CEASAR*

Criminal No. *06-CPJ-9216*

*PSI : 10/20/06*

## WAIVER OF TRIAL BY JURY OR COURT *SENT. 10/2 5 7 0 6*
## UPON ENTRY OF GUILTY PLEA

**YOU ARE NOT REQUIRED TO PLEAD GUILTY.** If you do plead guilty, you will give up important rights, some of which are stated below.

**First,** you give up your constitutional right to a trial by jury or by the court. At a trial the Government would be required to present evidence to prove you are guilty beyond a reasonable doubt. You would have the right to cross-examine the government's witnesses and you could have witnesses come to court and testify for you. You also would have the right to testify if you wanted to; however, if you chose not to present testimony that decision could not be used against you. You could not be convicted at a jury trial unless all 12 jurors agreed that the government had proved your guilt beyond a reasonable doubt. You could not be convicted in a non-jury trial unless the court found that the government had proved your guilt beyond a reasonable doubt.

**Second,** you give up the right to appeal your conviction to the Court of Appeals. This is a right you would have if you were convicted following either a jury or non-jury trial. The right to appeal includes the right to have the Court of Appeals appoint a lawyer for you and pay for the lawyer's services to represent you in the Court of Appeals if you could not afford a lawyer.

**Third,** if you are not a citizen of the United States, your plea of guilty could result in your deportation, exclusion from admission to the United States, or denial of naturalization.

**Your signature on this form means that you wish to plead guilty and give up your right to a trial of any kind, and your right to appeal. When your plea is accepted by the court, you will be convicted and the only matter left in this case will be for the court to sentence you.**

I HAVE REVIEWED THIS FORM WITH MY LAWYER AND HAVE DECIDED TO PLEAD GUILTY IN THIS CASE. I HAVE DECIDED TO GIVE UP MY CONSTITUTIONAL RIGHT TO HAVE A TRIAL AND TO GIVE UP MY RIGHT TO APPEAL.

_____
Defendant

_____
Attorney for Defendant

APPROVED this _____ 30 _____ day of

_____
Assistant U.S. Attorney or
Assistant Corporation Counsel

_____ August _____, _____ 2006 _____
(Date)          (Year)

_____
Judge

White – Court Jacket     Canary – USAO     P_____

Form CD-2073/Mar. 99

*46*
*DC*

# EXHIBIT B

# D.C. SUPERIOR COURT
# CRIMINAL CASE NO.
# 2006 CF3 009217

# Superior Court ot the District of Columbia

### CRIMINAL DIVISION

## AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT

U.S.A. NO.:
01
*2006 CRW 1166*

| DEFENDANT'S NAME: CEASAR, MAURICE | | C C R: 06-049581 | | PDID: 348-504 |
|---|---|---|---|---|
| SEX: MALE | RACE: BLACK | D.O.B.: 02/08/1960 | HEIGHT: 510 | WEIGHT: 160 | EYES: BROWN | HAIR: OTHER | COMPLEXION: MEDIUM |

| DEFENDANT'S HOME ADDRESS: 1301 7TH STREET NW, WASHINGTON, DISTRICT OF COLUMBIA | TELEPHONE NUMBER: |
|---|---|
| DEFENDANT'S BUSINESS ADDRESS: | TELEPHONE NUMBER: |

COMPLAINANT'S NAME:
CALVARY BAPTIST CHURCH

| LOCATION OF OFFENSE: 777 8TH ST NW | DATE OF OFFENSE: 04/17/2006 | TIME OF OFFENSE: 09:00 |
|---|---|---|

GIVE BRIEF DESCRIPTION OF WHAT HAPPENED:

The Reporting Person, a Representative for the Complainant reported to the Metropolitan Police Department, that on April 17th, 2006, at approximately 0900 hours he stopped a Suspect who was suspiciously wandering through the halls of the Complainant's Building carrying a shoulder bag. The Reporting Person inquired if could help or assist the Suspect who replied with several conflicting and suspicious statements about his presence. The Reporting Person inquired if he could look inside of the Suspects shoulder bag and the Suspect complied. Upon doing so the Reporting Person observed an electric drum machine and a video projector inside of his bag. At the time of stop the Reporting Person indicated he did not have any knowledge of the Complainant's Firm owning such property and did not have any reason to take possession of the property. The Reporting Person took a digital photograph of the Suspect and escorted him out of the Complainant's Building where he was last seen.

On the same date, April 17th, 2006, and shortly after the Suspect's departure, the Reporting Person alerted the Complainant's Staff of the aforementioned facts. At this point the Reporting Person learned that a video projector bearing serial number [10115352] and an electric drum machine bearing serial number [D32288720] was missing from an office foot locker. The Reporting Person valued the missing articles at approximately $1,250.00. The Reporting Person also indicated the property the aforementioned Suspect was in possession of matched the description of the property missing from the office foot locker. As a result the Reporting Person posted several posters of the aforementioned Suspect around the Complainant's Building to alert the office staff to call the police if the Suspect is seen again.

Shortly after the offense, a Witness, employee of the Complainant's Firm located tax papers bearing the name Ceasar, Maurice with a date of birth of 02/08/1961 and a cell phone lying in a chair. Also shortly after the offense, an unidentified person visiting the Complainant's Firm, viewed the poster of the Suspect and immediately recognized him as, Ceasar, Maurice. A WALES check revealed the Defendant who matched the description of the Suspect listed on the initial police report.

On April 21st, 2006, an array of nine MPDC Photographs was shown to the Reporting Person. Upon completion, the Reporting chose the Defendant's photograph and stated, "Based on the ears, I would say it's this guy"! The Writer compared the photograph of the Suspect taken by the Reporting Person and the Defendant's MPDC Photograph and determined that they are one in the same.

Based on the following facts and circumstances the below signed believes that Probable Cause does exist and respectfully request the issuance of an Arrest Warrant for the Defendant charging him with the below listed offense.

| TO: WARRANT CLERK | AFFIANT'S SIGNATURE: |
|---|---|
| PLEASE ISSUE A WARRANT FOR: CEASAR, MAURICE | X |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS _____ |
| Charge With:    FIRST DEGREE THEFT | 24 DAY OF April 20 06 |
| ASSISTANT UNITED STATES ATTORNEY    4/24/06 | (JUDGE) (DEPUTY CLERK) SUPERIOR COURT |



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CRIMINAL DIVISION

Case No.: **2006 CF3 009217**

L-48

**United States/District of Columbia**

PDID No : 348504

**vs**

DCDC:

**MAURICE N CEASAR**

SSN:

Date of Birth: 02/08/1960

### COMMITMENT PENDING DISPOSITION
### DC JAIL

TO: SUPERINTENDENT, DISTRICT OF COLUMBIA JAIL:

Pursuant to D.C. Code **CB 23-1321c1BXIII (Cash Bond)** receive into your custody **MAURICE N CEASAR**, who is charged with:

## <u>SECOND DEGREE BURGLARY</u>

Comments:

Separate From:

**BOND SET: $1,000 CASH**

Defendant is committed into your custody until further order of the Court.

Next scheduled court appearance:

Presentment at 1:00 pm on **Thursday May 11, 2006** in Courtroom C-10, 500 Indiana Avenue N.W., WASHINGTON, DC 20001

WITNESS the Honorable Chief Judge of the Superior Court of the District of Columbia, and the seal of said Court on this date May 10, 2006

Judge/Honorable FREDERICK D DORSEY

Brian Wilson
Deputy Clerk

# COMMITMENT



Cdcpd.doc

# D. C. PRETRIAL SERVICES AGENCY
## Pretrial Services Report

## United States vs. MAURICE CEASAR

DOB: 2/8/1960

PDID: 348504

Also known as:   David Hanson

Maurice Dawson

**Lockup #:  048**

**File Date:** 05/10/2006

Lockup Date: 5/10/2006

Date Prepared:     5/10/2006

Date Printed:      5/10/2006

**Docket Number:**

PSA Case #: 06130889

**Charge(s)**

Burglary II

Burglary II

**Comments:**   According to the United States Marshal Service, the defendant was brought to the cell block today for arraignment court. PSA called the defendant's name and lock-up number multiple times, however, the defendant failed to answer.  As a result, PSA has no personal, address or employment information for the defendant.

~~Detention Eligibility and/or Administrative Procedures~~

According to information available to the D.C. Pretrial Services Agency, the following applies:

§23-1322(b)(1)(A) – Defendant has been charged with a dangerous crime or a violent crime.

**Recommendations**

PSA General Supervision for Superior Court (SC)

Release Conditions:

1. Report to Pretrial Services Agency (PSA) room C-220 for evaluation and if positive program placement by PSA.

2. Report to Pretrial Services Agency (PSA) weekly Specify if other selected: Report in person.

3. Stay away from and have no contact with: complaining witness.

4. Verify your address with Pretrial Services Agency (PSA) within 24 hours.

Comments:

PSA was unable to conduct a complete background check on this defendant due to the National Crime Information Center system being down.

Based on criminal history the defendant is ineligible for the Superior Court Drug Intervention Program (Drug Court).

## Criminal History

**Last complete record check conducted on:** 06/24/1988

### Prior Conviction(s)

| **File Date:** 1/16/2002 | **Docket Number:** 2002-FEL-000341 | |
|---|---|---|
| **Charge Description** | **Sentence Description** | **Disp Date** |
| Burglary II | Confinement: 1 Years / VVCCA: $100.00 | 7/19/2002 |

According to the Bureau of Prison Website the defendant was released on 11/10/03.

| **File Date:** 11/21/1998 | **Docket Number:** 1998-FEL-008487 | |
|---|---|---|
| **Charge Description** | **Sentence Description** | **Disp Date** |
| Escape from Institution | Confinement: 5 Months To 15 Months / VVCCA: $500.00 | 4/30/1999 |

DC Jail records does not reflect an exact release date in this matter. PSA has no additional information regarding this matter.

| **File Date:** 5/7/1998 | **Docket Number:** 1998-CMD-006639 |
|---|---|

| Charge Description | Sentence Description | Disp Date |
|---|---|---|
| UCSA Possession Marijuana | Time Served  / VVCCA: $50.00 | 7/17/1998 |

**File Date:** 8/28/1995     **Docket Number:** 1995-CMD-009760

| Charge Description | Sentence Description | Disp Date |
|---|---|---|
| Shoplifting | Time Served | 12/13/1995 |

**File Date:** 6/23/1988     **Docket Number:** 1988-CMD-007262

| Charge Description | Sentence Description | Disp Date |
|---|---|---|
| Sexual Solicitation | Probation: 6 Months Unsupervised / Fine: $300.00 , Fine Suspend: $200.00 | 8/11/1988 |

**File Date:** 12/31/1981     **Docket Number:** 1981-FEL-007641

| Charge Description | Sentence Description | Disp Date |
|---|---|---|
| Assault With Intent to Rob While Armed | Confinement: 42 Months To 20 Years | 12/18/1986 |
| Assault With Intent to Rob While Armed | Confinement: 42 Months To 20 Years | 12/18/1986 |
| Assault With Intent to Rob While Armed | Confinement: 42 Months To 20 Years | 12/18/1986 |

According to automated probation and parole records the defendant's parole was closed revoked to incarceration on 10/24/04.  According to the Bureau of Prison website the defendant was released on 11/11/05.  PSA has no additional information regarding this matter.

**Pretrial Services has no interview information.**

Personal Background

**Community Ties**

**Place of Birth:**

**DC Area resident for:**

**Total Time in Area:**

**Marital Status:**

**Children:**    No

**Last Updated Date:**      05/10/2006

**Verified:** No

**Relatives Living With Defendant:**          **Relatives Not Living With Defendant:**

None                                         None

**Citizenship**

**US Citizen:**    Yes

**Passport:**   Defendant reports not having a passport

**Last Updated Date:**      05/10/2006

**Address Information**

**No address information is available.**

**Employment Information**

**No employment information is available.**

**Education Information**

**No education information is available.**

**Health Information**

**No health information is available.**

**Substance Abuse Information**

**Self Reported:**

**No substance abuse information is available**

**Drug Test:**

**Label Printed (temporary)**

Prepared By: Sheena Hungerford                 Prepared Date: 5/10/2006

*If the Defendant PG to Burglary II and Theft II in this case, the government will drop the greater charge of Theft I. Reserve stepback, waive repea paper (applicat + reserve allocut*

~~perior~~ Court of the District of Columl
Criminal Division

United States
~~District of Columbia~~

vs.

MAURICE CENSAR

Criminal No. 06-CF3-9217

WAIVER OF TRIAL BY JURY OR COURT
UPON ENTRY OF GUILTY PLEA

*PSI 10/20/06
SENT 10/25/06*

**YOU ARE NOT REQUIRED TO PLEAD GUILTY.** If you do plead guilty, you will give up
important rights, some of which are stated below.

**First**, you give up your constitutional right to a trial by jury or by the court. At a trial the
Government would be required to present evidence to prove you are guilty beyond a reasonable doubt. You
would have the right to cross-examine the government's witnesses and you could have witnesses come to
court and testify for you. You also would have the right to testify if you wanted to; however, if you chose
not to present testimony that decision could not be used against you. You could not be convicted at a jury
trial unless all 12 jurors agreed that the government had proved your guilt beyond a reasonable doubt. You
could not be convicted in a non-jury trial unless the court found that the government had proved your guilt
beyond a reasonable doubt.

**Second**, you give up the right to appeal your conviction to the Court of Appeals. This is a right you
would have if you were convicted following either a jury or non-jury trial. The right to appeal includes the
right to have the Court of Appeals appoint a lawyer for you and pay for the lawyer's services to represent
you in the Court of Appeals if you could not afford a lawyer.

**Third**, if you are not a citizen of the United States, your plea of guilty could result in your
deportation, exclusion from admission to the United States, or denial of naturalization.

**Your signature on this form means that you wish to plead guilty and give up your right to a
trial of any kind, and your right to appeal. When your plea is accepted by the court, you will be
convicted and the only matter left in this case will be for the court to sentence you.**

I HAVE REVIEWED THIS FORM WITH MY LAWYER AND HAVE DECIDED TO PLEAD GUILTY
IN THIS CASE. I HAVE DECIDED TO GIVE UP MY CONSTITUTIONAL RIGHT TO HAVE A TRIAL AND
TO GIVE UP MY RIGHT TO APPEAL.

_____          _____
Defendant                          Attorney for Defendant

Maurice Ceasar

APPROVED this _____30_____ day of

_____          August , 2006
Assistant U.S. Attorney or              (Date)              (Year)
Assistant Corporation Counsel

_____
Judge

White – Court Jacket    Canary – USAO    Pink –

Form CD-2073/Mar. 99

Case: 2006 CF3 009217

4/6
DC

# EXHIBIT C

# D.C. SUPERIOR COURT
# CASE NO. 2006 CA 008052 B

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

FILED
CIVIL ACTIONS BRANCH
NOV 0 1 2006
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

Maurice Ceasar
1901 E street S.E.
Washington D.C. 20003

Plaintiff

2006 CA 008052-06

CIVIL Action No. [                    ]

vs.

(1) NBC News Station (Executive)
Reporting Person - Source (Producer)
Channel (4) Local News (WRC) Broadcast
4001 Nebraska Ave. N.W.
Washington D.C. 20016    Defendants

(3) Fox (5) News Station Local
(Executive) Reporting Person
Source (Producers) Channel (5)
5151 Wisconsin Ave. N.W.
Washington D.C. 20016

(5) RCN Cable
Station (Executive)
Channel (8) Local
News Station
93/5 Lenp Dr. N

(2) ABC News Station (Executive)
Reporting Person - Source (Producer)
Channel (7) Local News (WJLA)
4040 Chesapeake St. N.W.
Washington D.C. 20016

(4) Local CBS News Station (Executive) Channel (9) 20774
Reporting Person - Source (Producer)
COMPLAINT  4100 Wisconsin Ave. N.W.
Washington D.C. 20016
2001

1.  Jurisdiction of this court is founded on D.C. Code Annotated, 1973 edition, as amended, Sec. 11-921.

Case: 2006 CA 008052 B

Wherefore, Plaintiff demands judgment against Defendant in the sum of $ 25,000 00 each
with interest and costs.

Mr William Micheal  301-248-7559
Phone:

**DISTRICT OF COLUMBIA, SS**

Maurice Ceasar  being first duly sworn on oath deposes and says that the
foregoing is a just and true statement of the amount owing by defendant to the plaintiff, exclusive of all
set-offs and just grounds of defense.

Maurice Ceasar
(Plaintiff)                                    (  Agent)

Subscribed and sworn to before me this  5th  day of  September  2000

Shame'ka C Bivens
(Notary Public/Deputy Clerk)

FORM CV-1013/May 88
a 3201 wd 290

SHAME'KA C. BIVENS
NOTARY PUBLIC DISTRICT OF COLUMBIA
My C...

SHAME'KA C. BIVENS
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires June 30, 2011

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

MAURICE CEASAR
1901 E STREET S.E.
WASHINGTON D.C. 20003

RECEIVED
Civil Clerk's Office
NOV 0 1 2006
Superior Court of the
*Plaintiff* District of Columbia
Washington, D.C.

0008052-06

*vs.*

CIVIL ACTION No. _____

(1)
NBC NEWS Station (EXECUTIVE)
REPORTING PERSON · Sources/Producer
JIMMETT (4) LOCAL NEWS (WRC) Broadcast
4001 NEBRASKA AVE. N.W.
WASHINGTON D.C. 20016

(2)
FOX (5) NEW Station—
(EXECUTIVE)/Producers)
REPORTING PERSON · Sources
2020 — C STREET N.W. or
Capital PLAZA S.W.
WASHINGTON D.C.

(3)
ABC NEWS Station (EXECUTIVE)
REPORTING PERSON · Sources Producer
CHANNEL (7) LOCAL NEWS (WJLA)
1717 DESALES ST. N.W.
WASHINGTON D.C. 20016

*Defendants*

CBS NEWS station (EXECUTIVE)
REPORTING PERSON · Sources/Producer
CHANNEL (9) LOCAL NEWS (WUSA)
2020 M Street N.W.
WASHINGTON D.C. 20016

(4)

(5)
**COMPLAINT**

D.C. CABLE CHANNEL (8) (EXECUTIVE)
REPORTING PERSON · Sources (Producer)
R.C.N — STAR POWER CABLE NETWORK
CAMCAST CABLE INC.
LARGO, MARYLAND — 20785

1.  Jurisdiction of this court is founded on D.C. Code Annotated, 2001 edition, as amended, Sec. 11-921.

    **Wherefore, Plaintiff demands judgment against Defendant in the sum of $ 25,000.00 (Each)** with interest and costs.

MR. THOMAS — 202-628-1700
Mr. William Michael — 301-248-7559 (Leave message)
MS. VANESA C. GAFFETT — Phone: 301-423-1474

**DISTRICT OF COLUMBIA, SS**

Maurice CEASAR _____, being first duly sworn on oath deposes and says that the foregoing is a just and true statement of the amount owing by defendant to the plaintiff, exclusive of all set-off and just grounds of defense.

Maurice Ceaser
(Plaintiff)
Agent)

Subscribed and sworn to before me this ___5th___ day of __September__ 20 86.

Shameka C Bivens
(Notary Public/Deputy Clerk)

SHAME'KA C. BIVENS
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires June 30, 2011

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

Maurice Ceasar
208-880
1901 E St. SE
Washington, DC 20003

CIVIL Action No. 

vs.

NBC—NEWS Station (Executive)
Reporting Person / Source # 202-885-4000
Channel (4) Local News WRC—Broadcast
4001 Nebraska Ave. N.W.    Producers
Washington D.C. 20016

Fox (5) News Station (Executive)
Reporting Person / Source—Broadcast Producers
Channel Fox (5) News Local Station
Address:                    5151 Wisconsin Ave N.W.
                            Washington D.C. 20016

## COMPLAINT

Complaint FOR VIOLATION
OF CIVIL CLAIM RIGHTS ACT
C/O S C R CIV. SEC. 11-921
Claim Related Defendants
C/O Sources, Leaks, And Reporting
Persons — To Whom Reported This
Broadcast To (5) Five Local News
Stations And media Broadcast Services:
All (5) Five News Stations are
Named In this Law Suit Civil Claim —

ABC News Station (Executive) _____ mail Address
Reporting Person/Source * PRODUCERS 202-222-7777 4010 Chesapeke St. N.W
Channel (7) Local News WJLA Broadcast | Washington D.C. 20016
1717 DeSales St N.W. Washington D.C.

Comcast Cable Inc.
Channel (8) News Station (Executive)
Reporting Person/Source-Producers
Channel (8) Cable station Network
Largo-Maryland - 20785

_____ mail - Address
CBS News Station (Excutive) _ 4100 Wisconsin Ave N.W.
Reporting Person/source - Producers + Washington [image] D.C. 20016
Channel (9) WUSA media Local News Station:
2020 M Street N.W. * 202 479-4454
Washington D.C. 20016

⎧ Filing - Law Suit complaint ⎫
⎨ For Violation of Civil Rights ⎬
⎩ SCR-Civ. Civil Right Act ⎭

= Complaint =
In Reference to Discrimination and Dafamation
of Character- By News Media- Local Stations
Including Sources And Reporters-Who televised
Broadcast. Also Deprivation of my Privacy...
=Fact=
Are Due to: False Information sent to New
Medias, Local Sources And Reporters in The

(2)

metropolitian AREAS, without seemingly NO
Conafirmation TO SEE whether INFORMATION SENT
WAS Active OR UNAccountable; Channel④, ⑤, ⑦,.
Channel Eight AND ⑨ New Stations Televised the
mis-INFORMATION – IN which on ⁴⁻¹⁷⁻⁰⁶ ⁴⁻²³⁻⁰⁶ AND AFTER That
DAY ON 4-24-06, I WAS Shown to the public – AND AFTER-
WARDS pulled OFF the AIR – Due TO Sources REAlizing
Reporting INFORMATION WAS WRONG ✱ AND this cause
the Public to PANIC – AND By MAY 9, 2006 I WAS
ARRESTED IN REFERENCES to the Irregularities AND
INConsistancies of this matter of Claim.

<center>= Relief =</center>

(Plaintiff)
I, MAURICE CEASAR, IS Filing this Civil complaint
FOR the Defamation AND Discrimination of Character.
AND ASKING to sought the NAMES of the Anonymous officials Who Reveal
ed Mis Info. – Especially – FOR FAlse Advertisement, INFORMATION
sent By all ⑤ Five News Station of Local AREAS – whom
had their Sources AND Reporters televised me wrongful
ly; also other parties who Caused this type OF Feeling.

<center>= RElief Action REQuest =</center>

I, MAURICE CEASAR – (Plaintiff)
(1) IS SEEKING FROM this Honorable Court RElief, to have
AN Appointed Attorney OR Alternative Dispute Resolution
ADR ASSIGNED to OR REPRESENT C/O mediation issues
(OR)
(2) May this HONORABLE Court, BRING THOSE who Reported

(2) the mis Information, or New media's sources Executives who Aired it, And then Pulled it from off the Air. This televised Report on me and Defamation of Character Issue (that) has Caused a panic to Public; And had me wrongfully accused of a string of Robberies and Burglaries and others around the metropolitian Area which was not true...

(3) I, wish to set trial, By Jury and ask this Honorable court to have Each News media Local Station that is Responsible – to Reveal the Names of Each source And Reporter to stand trial for this sought of Discrimination and slander; as well as Degrade Deprivation of my privacy.

(4). May – I ask this Honorable Court – that I Am Requesting Financial Relief in Damages and Injuries – In which this matter Did Not have to go this far for a single warrant that I have Been Arrested on for a 4-17-06 Incident and That Person who is one of the Defendents (Named.) Here In this Complaint used my W2-Form Illegally To have use my Social security number for his or there own purpose to Find out About my past and future life History, as well as to Send Information to MPD – And News Local stations to cause this stirr of panic to have me Arrested. (3)-(3)

I, MAURICE CEASAR, whole life has BEEN Displaced-punitively monetary — Equitable and others IN this multi-defendants Claim, under D.C. Superior court-Civil Rights Act. 42 U.S.C. §1983. And may copies of this Civil Claim Be Sent to the Defendants who ARE NAMED IN this Claim. As you may Be acknowledge that I am not ABLE to paying Filing Fees; So may AN Application To PROCEED-without PREPAYMENT of Fee and AFFIDAVIT Be Accepted And GRANTED.

## I.   SUCCESSIVE CLAIMS

Pursuant to the Prison Litigation Reform Act of 1995, unless a prisoner claims to be in "imminent danger of serious physical injury," he or she may not file a civil action or pursue a civil appeal *in forma pauperis* "if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or they failed to state a claim upon which relief could be granted."

## II.   PREVIOUS LAWSUITS

A.   Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action?   Yes ( )   No (X)

B.   Have you begun other lawsuits in state or federal court relating to your imprisonment?   Yes ( )   No (X)

C.   If your answer to A or B is Yes, describe each lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1.   Parties to this previous lawsuit.

Plaintiffs:_____

Defendants:_____

2.   Court (if federal court, name the district; if state court, name the county)
_____

3.   Docket number_____

4.   Name of judge to whom case was assigned:_____

pending?) _____ ◯ _____
_____

6.   Approximate date of filing lawsuit: _____ ◯ _____
_____

7.   Approximate date of disposition: _____ ◯ _____
_____

III.   **PLACE OF CONFINEMENT**

CCA / C.T.F.    E/2A UNIT
1901 E STREET S.E. - W. D.C. 20003

A.   Is there a prisoner grievance procedure in this institution?  Yes ( )    No (X)
     If your answer is Yes, go to Question III B.  If your answer is No, skip Questions III, B,
     C and D and go to Question III E.

B.   Did you present the facts relating to your complaint in the prisoner grievance procedure?
     Yes ( )    No (X)

C.   If your answer is Yes to Question III B:

     1.   To whom and when did you complain?  This matter occurred
          While I was out in Society - Before arrest.

     2.   Did you complain in writing?  (Furnish copy of the complaint you made, if you
          have one.)    Yes (X)    No (X)

     3.   What, if any, response did you receive?  (Furnish copy of response, if in writing.)
          Officers and staff at D.C. Jail
          came to me Due to News Report.

     4.   What happened as a result of your complaint?  Outside of Jail
          Issue.
          _____

D.   If your answer is No to Question III B, explain why not.  This matter occurred
     While I was out in Society Before I was
     Warrant and arrested Between 4/06 - 5-9-01

E.   If there is no prison grievance procedure in the institution, did you complain to prison
     authorities?    Yes ( )    No (X)

F.   If your answer is Yes to Question III E;

          N/A

     1.   To whom and when did you complain?  When I was out in
          Society to Attorneys, Familys, Friends
          on my Job ...

                                   (5)

1. To whom and when did you complain? WHEN I WAS OUT IN
SOCIETY TO ATTORNEY, FAMILY, FRIENDS, Church.

2. Did you complain in writing? (Furnish copy of the complaint you made, if you
have one.) YES

3. What, if any, response did you receive? (Furnish copy of response if in writing)
Verbal RESPONSE By Phone CALLS, That I Should FILE
LAW Suit.

4. What happened as a result of your complaint? ONLY told to FILE
LAW SUIT IN Civil Court at D.C. Superior
to Bring forward the Sources + Reporters that
Violated my Constitutional - Civil Rights
By Defamation of Character, Deprivation of privacy.

IV.    PARTIES

In item A below, place your name and prison number in the first blank and your present address
in the second blank. Do the same for additional plaintiffs, if any.

A.    Name of Plaintiff: MAURICE CEASAR # 208880
Address: 1901 E Street S.E. — W.D.C. 20003

In item B below, place the full name of the defendant(s) in the first blank, their official position in
the second blank, their place of employment in the third blank and their address in the fourth blank.
Do the same for additional defendants, if any.

B.    Defendant: N B C NEWS Media Station Executives is employed as
Sources and Reporters at Channel (4) WRC Broadcast
Address: 4001 NEBRESKA AVENUE N.W. W.D.C. 20016
202-885-4000        Defendants

Defendant: Fox NEW media Station Executive is employed as
Reporting Person/Source at Channel (5) WTTG Broadcast
Address: 5151 Wisconsin AVE. N.W.
W.D.C. 20016      Defendants

Defendant: ABC NEWS media station Executive is employed as
Reporting Person/Source at Channel (7) WJLA Broadcast
Address: 4010 Chesapeke St. N.W. W.D.C. 20016
202-222-7777      Defendants
(RCN— STAR POWER NETWORK) Comcast INC.
Defendant: CHANNEL (8) media CABLE Station is employed NETWORK
as Reporting Person/Source at Channel 8 Local NEWS Broadcast
Address: Largo Maryland - 20785

(add on
sheet)

(Continues)

IV. Parties (B)
[Defendants]

C B S News Station - Executive
Reporting / Source at Washington D.C.
WUSA Channel (9) media Broadcast
address. 2020 M Street N.W. W.D.C. 20016
[ 4100 Wisconsin (Avenue) N.W. / Washington D.C. 20016

An Additional statement of Claims, as
Grounds are attached To This motion iN Respect
1 - through - 8 Statement of Claims.
Statement Claim (1)
— Invade of Privacy on Untrue Information.
On April week through the 17th (thru) About April (24)
24, 2006.
This Incident and News Reporters showed my
Still picture and my Past History of criminal Charges
and cases to the Public Irrelevantly which was
Bad media Exposure and False pretenses. Not only
that - But was misleading And caused a Defamatory
Issue of character to occur, that has displaced my
life and Privacy.

(7)

## V.     STATEMENT OF CLAIM (1)

State here as briefly as possible the facts of your case.  Describe how each defendant is involved.  Include the names of other persons involved, dates and places.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach extra sheets if necessary.

They Did Not confirm this data that came to them or it would Not had been aired on Nationwide Televised News; Also it was Not checked to see if it was True or Not... Channel (4) -(5) -(7) -(8) -(9) News Stations Reported And televised the misLed - Information Given By the Arresting warrant complainant who had me to be Arrested By Affidavit - who obviously misread my criminal History Data - And Information which He took to get From my — (Next page.)

## VI.     RELIEF

State briefly exactly what you want the Court to do for you.  My life has been displaced By this Issue In this civil claim - I, the Plaintiff wish to ask this Honorable Civil claims court And Judge Assigned - may I have an Attorney appointed From D.C. Superior court (P.D.S.) or George Wash. University Law community clinic, to Represent me on this multi Law suit matter; I asked that the Defendants, In this Law suit be Issued summons to be brong to court in concern of trial Date as I mentioned on Relief - on page (3) of this Phintiff motion. Also that I'll be Financially Awarded For all Injuries And Damages that Estimation For each Defendants Role. And the amount that this court at its Highest can be Requested - Between $25.000.00 under SCR Civil Action Branch For each Defendants who is Named on This Related Comphinto.

Signed this _____ day of September , 2006 .

_____
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

9/ /06
(Date)

_____
(Signature of Plaintiff)

12: (8)

——— From W 1 (Tax Income W2-Firm) Without my

Statement

Fact Claim (1) (Continues)

→ permission and took my social security No.
and Ranned it on the computer to Bureau of Prison
. Com or . Gov . . . That (He) At Church Renovation
Building and 777 8th St . N.W. did this to Ridicule
me. Due to a mis-hap — that he had made and then
accused me the (Plaintiff) in this matter to have
Taken something in which I did not have.
Then the Church Receptionist or office supervisor
Barred me from Renovated property (After) he took
a (Snap shot) Picture of me. I was there for part
time work, to see was work Available on 4-17-06

Fact Statement (2)

This Person then — E-mails News Stations Around
the metropolitan area within, I Believe in mind
to get away with creating such mis-information
on the computer E-mail (that) it caused me to Be
wanted for my own Back Past criminal History Info.
That was from 20 years ago — up to year 2002 and.
They were in Reference to charges that was No-papered
and Dismissed along with my convictions. This Defendant
made it look to the E-mailed News media Stations
As If I was wanted For Just committing All offenses
That was (said) on Bureau of prison . com of my past
History. This was to get Society to come Forward
on me or to I.D. and have me arrested.

Fact Statement (3)

When the media showed my (Stilled) Snap Shop
Barred Picture on Television Between the week
of 4-17-06 -thru- 4-24-06 the on 6-4, 5, 2006,
I Recognized the picture that was takened at
Church Renovated Building That He-The
Defendant At Church Gave to News Stations Reporters
Page (8) part (2)

Fact statement part of (3)

OR SOURCES BY E-mail FAX or text messages?
This person had the (Five) NEWS media stations
NAMED IN this LAWSUIT ... AS Defendants Displayed
Photo of me and the public whom was watching
T.V. NEWS at that time picked up the misled NEWS
coverage and cause people to panic when I was out
IN Society and in my community. Then I was
INFORMED By Friends and Family whom called me By Phone
AND who are witnesses to the panic of the public.

FACT Statement (4)

Family Friends and Employer they all said that I was
on the NEWS, wanted for a string of Robberies and Burglaries
c/o Buildings and Churches and others. However no one
NEVER came FORWARD on any of this Because it NEVER EXIST
c/o of my criminal Endeavors. I was appalled By the Attention
that I have Received. I was Stunged By such Information
that has wronged me to the public. I was Depressed after
It was shown and haven't Been the same after the
viewing of it on channel (4)-(5)-(7)-(8)-(9) NEWS Stations
Breadcast. (However) I hope that I can get my life Back
when this court Bring them FORWARD - to Answer to these
misleading Issues.
The NEWS media was then tipped By Sources to take it
off the air After the City went into A panic, due to
mis-Information that was given to (New media) By there
Source And REPorting Person - That they Themselves
Recognized some thing was wrong with this NEWS Report
picture Coverage !?? I did Not know whats was going on
until while at work and others phoned me about the NEWS.

(Fact Statement (5)). The church Administrator Defendant:
I was Arrested Due to WARRANT Report AFFIDAVIT He gave
to police MPD and due to His taking my W2-tax FoRms
with Information with out My Permission - Identity Theft
AND USED IT BEFORE he gave it to the MPd officer.  (4)

Is. How my Inter Tion Team D.O.P. Tv. was Numerst By (v) the News Stations. His Report on me shows that He is Tied into whats going on with the media

Fact Statement part of (5) of Claims

Defamation and Discrimination of Character Case, in which Im Filing. (He) the church Receptionist or Church Supervisor at 777 8th St N.W. made a Bad Frivolous attack on me, through using the News media (5) Five T.V. Stations and Sources to arrest me on a stilled Photo picture of me In which (He) Took with out permission, in which mis Leading Information mis Led Everyone - The News media - The Public, The Criminal Justice System and me who life has Been displaced By the Rumers and lies.

Fact Statement (6) of Claims

On the Week around 4-17-06 and 4-24-06 Especially June - 4, 5, 2006 - when (they) Channel (4), (5), (7), (8), and (9) News Reporters and Sources (Said) to Public, I was wanted for *10 To *20 - Ten to twenty charges and after or at these Dates, Its Been 70 Days close, I am only arrested for 2 cases as it Stands Today (1) one is For what the News was Warrent By the Church Defendent who Email or Contact News media Stations (again) that Ties this matter and Defendants to this Defamation of Character Issue.

Fact Statement (7) of Claims

This matter was To Be Conflicting - to Incriminate me to the Criminal Justice System - So now they on June 4, 5, 2006 Had Aired again Erroneous News Report on me to get people to Come Forward; Because No-one never came forward the 1st time They Aired it in april-2006. The U.S. Attorney Officer who is the presecutor on my case In Judge Dixon court Room

(10)



## Fact Statement of Part (7) of Claims

Is trying His hard to close cases on illegal News Coverage — That has Been misleading from the start. (He) Jast Been Re-iterating Exposure of the same misleading News Clipping to get the Grand Jury to Indict me. (He) The U.S. Attorney officer / prosecutor showed it to the Public on 6-4-5-06 To have the Public Believe I was Still on the Run in Society — By that old 4-06 News Clipping and I was Right Here in Jail. This was Caused to Be a deception from Criminal Government sources.

## Fact Statement (8) of Claims.

By the (5) Five News media local Stations at Channel (4), (5), (7), (8), and (9) sources / Reporters especially the Church Receptionist or Supervisor at 777 6th St. N.W. (and) Criminal Justice U.S Attorney office prosecutor had all caused me to have my life Displaced By Defamation of Character Discrimination, which has Injured me, mentally Emotionally — Depressed and Stressed me out. This is a fact that the News Coverage of this matter to the public is panicing and I am still Appalled About where my life starts and Ends. I wish in fact To have this Civil claim Complaint Law suit Filed Against all the above parties Involve at this time.

Continues from page (8)        <u>Relief</u> = Request From Court:

I, Maurice Ceasar, The Plaintiff is also Filing For Relief Compensately Due, (1) pruditive and (2) monetary Damages (3) Equitable Relief and Damages, (4) Descrimination And Degree (5) Harrassment conditions and Damages; (6) Criminal & media Defamation of Character Relief (7) Invaded Privacy Act Injuries (8) Damages and Injuries (through) unlaw/leaks against me through Reporters sources — and Church personnel Receptionist Loss of Home and Jobs ... (11)

# EXHIBIT D

# DOCKET FOR
# D.C. SUPERIOR COURT
# CASE NO. 2006 CA 008052 B

---

## 2006 CA 008052 B CEASAR, MAURICE Vs. NBC NEWS STATION

| **File Date** | 11/01/2006 | **Case Status** | Open | **Case Status Date** | 11/01/2006 |
|---|---|---|---|---|---|
| | | **Case Disposition** | Undisposed | **Case Disposition Date** | |

### Party Information

| Party Name | Party Alias(es) | Party Type | Attorney(s) | Attorney Phone |
|---|---|---|---|---|
| CEASAR, MAURICE | | PLAINTIFF | PRO SE | |
| NBC NEWS STATION | | Defendant | TOBIN, Mr CHARLES D | (202)995-3000 |
| | | | BONILLA, JUDITH F | (202)915-3000 |
| FOX (5) LOCAL NEWS STATION | | Defendant | TOBIN, Mr CHARLES D | (202)995-3000 |
| | | | BONILLA, JUDITH F | (202)915-3000 |
| ABC NEWS STATION | | Defendant | TOBIN, Mr CHARLES D | (202)995-3000 |
| | | | BONILLA, JUDITH F | (202)915-3000 |
| CBS NEWS STATION | | Defendant | TOBIN, Mr CHARLES D | (202)995-3000 |
| | | | BONILLA, JUDITH F | (202)915-3000 |
| CHANNEL (8) NEWS STATION | | Defendant | TOBIN, Mr CHARLES D | (202)995-3000 |
| | | | BONILLA, JUDITH F | (202)915-3000 |

### Case Schedule

| Date | Start Time | Event Type | Result |
|---|---|---|---|
| 03/06/2008 | 10:00 AM | Status Hearing | |

### Docket Entries

| Date | Text |
|---|---|
| 05/15/2007 | Praecipe to Change Address of Maurice Ceasar as plaintiff in this case Filed PRO SE (Attorney) on behalf of MAURICE CEASAR (PLAINTIFF) |
| 03/29/2007 | Returned: Status Hearing Issued on: March 12, 2007 Notice Mailed to: ABC News Station Notice Returned to Court on: March 27, 2007 Reason: Return to sender, Unable to forward |
| 03/29/2007 | Returned: Status Hearing Issued on: March 12, 2007 Notice Mailed to: Channel (8) News Station Notice Returned to Court on: March 27, 2007 Reason: Return to sender, Unable to forward |
| 03/23/2007 | Oral Ruling on Written Motion Entered on the Docket. Pltff's motion for default judgment is denied as moot in light of the court's orders at the scheduling conference on March 9, 2007. ehb |

| | |
|---|---|
| 03/14/2007 | Returned Scheduling Conference Hearing notice issued on February 12, 2007 Mailed to ABC News Station Returned to Court on February 21, 2007 Reason: Not deliverable as addressed |
| 03/14/2007 | Returned Scheduling Conference Hearing notice issued on February 12, 2007 Mailed to Channel (8) News Station Returned to Court on February 21, 2007 Reason: Insufficient address |
| 03/09/2007 | Stay Entered is entered until Plaintiff is released from jail per oral ruling by Judge Beck on 03/09/07. mr |
| 03/09/2007 | Praecipe to Enter Appearance Filed Entering the Appearance of Judith F. Bonilla, Esq. on behalf of the Defendants. 03/09/07 mr |
| 03/09/2007 | Event Scheduled Event: Status Hearing Date: 03/06/2008 Time: 10:00 am Judge: BECK, RONNA L Location: Courtroom 518 |
| 03/09/2007 | Notice of Hearing Mailed Next Business Day Notice Of Hearing Sent on: 03/09/2007 17:09:48 |
| 03/09/2007 | Event Resulted: The following event: Status Hearing scheduled for 03/07/2008 at 10:30 am has been resulted as follows: Result: Event Scheduled in Error Judge: BECK, RONNA L Location: Courtroom 518 |
| 03/09/2007 | Event Scheduled Event: Status Hearing Date: 03/07/2008 Time: 10:30 am Judge: BECK, RONNA L Location: Courtroom 518 Result: Event Scheduled in Error |
| 03/09/2007 | Notice of Hearing Mailed Next Business Day Notice Of Hearing Sent on: 03/09/2007 17:07:14 |
| 03/09/2007 | Event Resulted: The following event: Scheduling Conference Hearing scheduled for 03/09/2007 at 9:30 am has been resulted as follows: Result: Scheduling Conference Hearing Not Held (COURTROOM 518 - CourtSmart) Atty Bonilla present for defendants. Pltf is incarcerated and participated by telephone. Status Hearing held. Atty Bonilla will accept service on behalf on all defendants. The Court will stay this case until pltf is released. Further Status Hearing is scheduled for March 6, 2008 at 10:00 a.m. The court will address defts filing an answer at that hearing. The appearance of Judith F. Bonilla, Esq. and Charles D. Tobin, Esq. is entered on behalf of the defendants. Praecipe filed. JUDGE BECK / mr Judge: BECK, RONNA L Location: Courtroom 518 |
| 03/06/2007 | Motion for Approval of Service in Reference to Default of Judgment Attorney: PRO SE (999999) |
| 02/20/2007 | Denial of Default Pursuant to Rule 55 (a). Notice Denying Req for Deflt Judgt (No Resp Date) Sent on: 02/20/2007 15:56:51 |
| 02/12/2007 | Event Scheduled Event: Scheduling Conference Hearing Date: 03/09/2007 Time: 9:30 am Judge: BECK, RONNA L Location: Courtroom 518 |
| 02/12/2007 | Notice of Hearing Mailed Next Business Day Notice Of Hearing Sent on: 02/12/2007 15:14:27 |
| 02/12/2007 | Request: For Default Judgment Praecipe Notice to be Entered by Clerk of Court Against the Defendants Named in the Civil Complaint Affidavit/Motion SCR-CIV. 55B1 Ruling Filed Attorney: PRO SE (999999) MAURICE CEASAR (PLAINTIFF); |
| 02/09/2007 | Event Resulted: The following event: Initial Scheduling Conference-60 scheduled for 02/09/2007 at 9:30 am has been resulted as follows: Result: Scheduling Conference Hearing Not Held (COURTROOM 518 - CourtSmart) Atty Mark Miller stood in on behalf of the defendants. Pro se plaintiff participated by telephone. (Pltf is incarcerated). Scheduling Conference reset for March 9, 2007 at 9:30 a.m. JUDGE BECK / mr Judge: BECK, RONNA L Location: Courtroom 518 |
| 01/23/2007 | Proof of Service to Order Denying Plaintiff's Request for An Order Preventing the Bureau of Prisons from Moving Him From The Facility Where He is Incarcerated submitted 01/23/2007 14:28. dcm. signed by J/Beck on 1/22/07. |
| 01/23/2007 | Order Denying Plaintiff's Request for An Order Preventing the Bureau of Prisons from Moving Him From The Facility Where He is Incarcerated submitted 01/23/2007 14:28. dcm. signed by J/Beck on 1/22/07. |
| 01/23/2007 | Order Sua Sponte Denying Plaintiff's Request, which the court treated as motion, for the court to issue an order preventing the Bureau of Prisons from moving him from the facility where he is incarcerated so that he would be available to prosecute his civil case. Signed by Judge Beck on 1/22/07; efiled, docketed and copies mailed from chambers on 1/23/07. sbg |

| | |
|---|---|
| 01/18/2007 | Letter of Concern/Request PRO SE (Attorney) on behalf of MAURICE CEASAR (PLAINTIFF) |
| 01/18/2007 | Proof of Service Method : Service Issued Issued : 11/13/2006 Service : Summons Issued Served : 01/09/2007 Return : 01/18/2007 On : CBS NEWS STATION Signed By : Reason : Proof of Service Comment : Tracking #: 5000024133 |
| 01/18/2007 | Affidavit of Service of Summons & Complaint by mail on CBS NEWS STATION (Defendant); |
| 01/18/2007 | Proof of Service Method : Service Issued Issued : 11/13/2006 Service : Summons Issued Served : 01/08/2007 Return : 01/18/2007 On : NBC NEWS STATION Signed By : Reason : Proof of Service Comment : Tracking #: 5000024130 |
| 01/18/2007 | Affidavit of Service of Summons & Complaint by mail on NBC NEWS STATION (Defendant); |
| 01/11/2007 | Affidavit of Service of Summons & Complaint by Certifed Mail on FOX (5) LOCAL NEWS STATION (Defendant); |
| 01/11/2007 | Affidavit of Service of Summons & Complaint by Certified Mail on ABC NEWS STATION (Defendant); |
| 01/11/2007 | Affidavit of Service of Summons & Complaint by Certifed Mail on CHANNEL (8) NEWS STATION (Defendant); |
| 01/09/2007 | Denial of Default Pursuant to Rule 55 (a). Notice Mailed No Proof of service in court file. Notice Denying Request for Default Judgment Sent on: 01/09/2007 12:15:21 MAURICE CEASAR (PLAINTIFF); |
| 01/03/2007 | Order Denying pro se Plaintiff's Motion - Request to Have an Attorney Appointed on this Civil Case Docket signed by Judge Canan 1/3/07. Entered on Docket 1/3/07. Mailed 1/4/07. mcd |
| 12/29/2006 | Event Scheduled Event: Initial Scheduling Conference-60 Date: 02/09/2007 Time: 9:30 am Judge: BECK, RONNA L Location: Courtroom 518 |
| 12/29/2006 | Judge Caseload Transfer The judge was changed from CIVIL CAL 8, JUDGE BECK to BECK, RONNA . |
| 12/27/2006 | Denial of Default Pursuant to Rule 55 (a). Notice Mailed Notice Denying Request for Default Judgment Sent on: 12/27/2006 07:51:54 |
| 12/26/2006 | Event Scheduled Event: Initial Scheduling Conference-60 Date: 02/09/2007 Time: 9:30 am Judge: CIVIL CAL 8, JUDGE BECK Location: Courtroom 518 |
| 12/26/2006 | Judge Caseload Transfer The judge was changed from CANAN, RUSSELL F to CIVIL CAL 8, JUDGE BECK . |
| 12/26/2006 | Complaint Summons and I.O. with Acknowledgment mailed to Deft(s) by the Clerk Pursuant to SCR 54-II this date: ABC Local News WJLA Channel (7) Executive/ Producer PRO SE (Attorney) on behalf of MAURICE CEASAR (PLAINTIFF) |
| 12/26/2006 | Complaint Summons and I.O. with Acknowledgment mailed to Deft(s) by the Clerk Pursuant to SCR 54-II this date: Channel (8) News Stations Producer, Sources, and Executive PRO SE (Attorney) on behalf of MAURICE CEASAR (PLAINTIFF) |
| 12/26/2006 | ENTERED IN ERROR (wrong code) jew |
| 12/26/2006 | Summons Filed On Channel (8) News Station Exceutives, Sources, and Producers MAURICE CEASAR (PLAINTIFF); |
| 12/26/2006 | Summons Filed On ABC Local News/ WJLA Channel (7) Executives/Producer and Sources Attorney: PRO SE (999999) |
| 12/21/2006 | Praecipe Requesting for Default Judgment to Be Entered By Clerk of Court Against the Defendants Named in the Civil Complaint Affidavit/Motion SCR-CIV.55B1 Ruling Filed Attorney: PRO SE (999999) NBC NEWS STATION (Defendant); FOX (5) LOCAL NEWS STATION (Defendant); ABC NEWS STATION (Defendant); CBS NEWS STATION (Defendant); CHANNEL (8) NEWS STATION (Defendant); |
| 12/13/2006 | Praecipe Requesting to Enter a Default Filed Attorney: PRO SE (999999) NBC NEWS STATION (Defendant); FOX (5) LOCAL NEWS STATION (Defendant); CBS NEWS STATION (Defendant); |
| 11/24/2006 | Notice entered on: Mailed to: Channel 8 Local News Returned to Court on: 11-24-06 Reason: Return To Sender |
| 11/21/2006 | Notice entered on: Mailed to: ABC Local News Station Returned to Court on: 11-21-06 Reason: Return To Sender |
| 11/13/2006 | Issue Date: 11/13/2006 Service: Summons Issued Method: Service Issued Cost Per: $ |

|  | NBC NEWS STATION 4001 Nebraska Avenue, NW WASHINGTON, DC 20016 Tracking No: 5000024130 FOX (5) LOCAL NEWS STATION 5151 Wisconsin Avenue, NW WASHINGTON, DC 20016 Tracking No: 5000024131 ABC NEWS STATION 4010 Chesapeke Street, NW WASHINGTON, DC 20016 Tracking No: 5000024132 CBS NEWS STATION 4100 Wisconsin Avenue, NW WASHINGTON, DC 20016 Tracking No: 5000024133 CHANNEL (8) NEWS STATION 9315 Largo Drive Largo, MD 20774 Tracking No: 5000024134 |
| 11/08/2006 | Complaint Summons and I.O. with Acknowledgment Form mailed to Defendant NBC Local News Station by the Clerk Pursuant to SCR 54-II on November 8, 2006. MAURICE CEASAR (PLAINTIFF); |
| 11/08/2006 | Complaint Summons and I.O. with Acknowledgment Form mailed to Defendant ABC Local News Station by the Clerk Pursuant to SCR 54-II on November 8, 2006. MAURICE CEASAR (PLAINTIFF); |
| 11/08/2006 | Complaint Summons and I.O. with Acknowledgment Form mailed to Defendant CBS Local News Station by the Clerk Pursuant to SCR 54-II on November 8, 2006. MAURICE CEASAR (PLAINTIFF); |
| 11/08/2006 | Complaint Summons and I.O. with Acknowledgment Form mailed to Defendant Fox (5) Local News Station by the Clerk Pursuant to SCR 54-II on November 8, 2006. MAURICE CEASAR (PLAINTIFF); |
| 11/08/2006 | Complaint Summons and I.O. with Acknowledgment Form mailed to Defendant Channel (8) News Station by the Clerk Pursuant to SCR 54-II on November 8, 2006. MAURICE CEASAR (PLAINTIFF); |
| 11/02/2006 | Order Granting Motion to Proceed In Forma Pauperis Signed by Judge Greene on October 31, 2006 Entered on the Docket on November 2, 2006 |
| 11/02/2006 | Event Scheduled Event: Initial Scheduling Conference-60 Date: 02/09/2007 Time: 9:30 am Judge: CANAN, RUSSELL F Location: Courtroom 518 |
| 11/01/2006 | Motion to Proceed In Forma Pauperis Filed Attorney: PRO SE (999999) MAURICE CEASAR (PLAINTIFF); |
| 11/01/2006 | Complaint for False Accusation Filed |

# EXHIBIT E

# D.C. SUPERIOR COURT
# CASE NO. 2007 CA 00171-07

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

Maurice Ceasar
D.C. #208-880-CCA/C.T.F.
1901 E Street S.E.
Washington D.C. 20003
*Plaintiff*

RECEIVED
Civil Clerk's Office
JAN 0 5 2007
Superior Court of the
District of Columbia
Washington, D.C.

RECEIVED
Civil Clerk's Office
NOV 2 9 2006
Superior Court of the
District of Columbia
Washington, D.C.

0000171-07

(VS)

received the No.
Civil Clerks Office on this date

RELATED

Associated Press Association
Journalists-Publishers-Sources
450 West 33rd Street
NY. NY. 10001
*Defendants*

(2) Washington Post Assoc.
1150 15th St. N.W.
Washington D.C. 20071

(4) Express Washington Newspaper Assoc
1150 15th St. N.W.
Washington D.C. 20071

U.S. Today's News Papers Assoc.
7950 Jones Branch Drive
McLean Virginia 22108-0605    COMPLAINT

(5) Paul Rosstead Administrator
For Calvery Baptist Church
777 8th St. N.W. W. D.C. 20001

1. Jurisdiction of this court is founded on D.C. Code Annotated, 1973 edition, as amended, Sec. 11-921.

Wherefore, Plaintiff demands judgment against Defendant in the sum of $ 25.000.00 to 75.000.00 with interest and costs.

Mr. William Micheals
Phone: 301-248-7559 (Leave message)

DISTRICT OF COLUMBIA,

being first duly sworn on oath deposes and says that the foregoing is a just and true statement of the amount owing by defendant to the plaintiff, exclusive of all set-offs and just grounds of defense.

Maurice Ceas
**(Plaintiff**                                    **Agent)**

Subscribed and sworn to before me this 13th day of November 2006

Trinita J. Davis
**(Notary Public/Deputy Clerk)**

TRINITA J. DAVIS
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires June 30, 2011

SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA

SCR-CIV-Civil Division

MAURICE CEASAR                                      November, 2006
D.C.# 208-880-CCA/C.T.F.
1901 E Street S.E.                                   Case No.
Washington, DC 20003                                **0000171-07**

(VS)

(1) Associated Press
    450 West 33rd Street
    N.Y., N.Y. 10001

(2) Washington Express Newspaper Association
    1150 15th Street, N.W.
    Washington, DC 20071

(3) U.S. Today's Newspaper Association
    7950 Jones Branch Drive
    McLean, VA 22108-0605

(4) Washington Post Newspaper Association
    1150 15th Street, N.W.
    Washington, D.C. 20071

(5) Paul Rosstead, (Administrator) Complainant
    For Calvary Baptist Church
    777 8th Street, N.W.
    Washington, D.C. 20001

Filing Lawsuit Complaint for Violation of Civil Rights /Civil Rights Act SCR-CIV. Sec 11-
921

## COMPLAINT
## SCR-CIVIL

In reference to Defamation and Discrimination of Character by news media, local
station's sources and reporters who televised and printed in newspaper columns.

## FACTS

Due to: Falsely incriminating me as well as providing false information sent to news
medias and associated press for Metropolitan area, which includes the local sources and
Reporters. This was sent without confirmation of the story to see whether information
sent by both Police Officer and Renovation Church Administrator, Paul Rosstead, to
Washington Express, Associated Press, Today's Newspaper Association and Washington
Post Newspaper Association who printed the story with misleading information given to
cause harm and was recklessly disregarded of the truth, that when published caused a
panic to the public interest wrongfully and misleading. I was displaced by all of this,
which sources and reporting persons did not confirm thoroughly but thought they had a
story to publish as a high profile case.
I was later arrested in reference to the irregularities and inconsistencies of this matter of
claim and not for a string of robberies and burglaries as they reported.

RELIEF

(Plaintiff)

I, Maurice Ceasar, am filing this civil complaint for the invasion of my rights of having a private and normal life without someone using my Federal W-2 Forms and Social Security Number to go online on personal computers to shop around on my name to defame me and discriminate against my character recklessly.
I am filing for false information sent to the six defendants named in this matter which sources and reporters published and printed against me wrongfully and other parties who caused the type of dilemma, which I named in this Civil Complaint.

(Relief Action)

REQUEST

I, Maurice Ceasar, (Plaintiff),

(1) Seek from this Honorable Court relief to have a court appointed attorney Pro Bono to represent me.
(2) May this Honorable Court bring those who reported the misinformation or the newspaper publishers and executive's sources who printed these allegations of deception and defamation of character falsely stating a string of charges and felonies to cause panic to the public.
(3) I wish to set a trial by jury and ask this Honorable Court to have each newspaper media organization that is responsible to reveal the names of each source and reporter so they can stand trial for this type of non-confirmed issue, slander and discrimination as well as degrading me to the public resulting in my incarceration.
(4) May this Honorable Court know that I am asking financial relief in damages and injuries in which I, Maurice Ceasar, whose whole life was dishonored and displaced punitively, monetarily, economically, emotionally and equitably. I am asking in finding by this court an amount of $25,000 from each of these multi defendants named in this claim (under Civil Rights Act SRC-Civ. Sec. 11-921

| | |
|---|---|
| _11-13-06_ | _Maurice Ceasar_ 2006 |
| Date | Signed |
| _11 2 06_ | _Trinita J. Davis_ |
| Date | Notary |

TRINITA J. DAVIS
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires June 30, 2011
Signed

I.    SUCCESSIVE CLAIMS

Pursuant to the Prison Litigation Reform Act of 1995, unless a prisoner claims to be in "imminent danger of serious physical injury," he or she may not file a civil action or pursue a civil appeal *in forma pauperis* "if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or they failed to state a claim upon which relief could be granted."

II.    PREVIOUS LAWSUITS

A.    Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action?        Yes ( )        No (X)

B.    Have you begun other lawsuits in state or federal court relating to your imprisonment?        Yes ( )        No (X)

C.    If your answers to A or B is Yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

    1.    Parties to this previous lawsuit.

        Plaintiffs: _____0_____

        Defendants: _____0_____

    2.    Court (If federal court, please name the district; if state court name the county.)
        _____0_____

    3.    Docket number: _____0_____

    4.    Name of judge to whom case was assigned: _____0_____

    5.    Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?)
        _____0_____

    6.    Approximate date of filing lawsuit: _____0_____

    7.    Approximate date of disposition: _____0_____

III.    PLACE OF CONFINEMENT
        CCA/C.T.F.    E/2A  Unit _____

        1901 E Street S.E., Washington, D.C. 20003 _____

A.    Is there a prisoner grievance procedure in this institution?  Yes ( )        No (X)
      If your answer is Yes, go to Question III B. If your answer is No, skip Questions,
      C and D and go to Question III E.

B.    Did you present the facts relating to your complaint in the prisoner grievance
      procedure?            Yes ( )       No (X)

C.    If your answer is Yes to Question III B:

      1.    To Whom and when did you complain? This matter occurred while I was
            out in society before arrest.

      2.    Did you complain in writing? (Furnish copy of the complaint you made, if
            you have one.)      Yes (X)       No (X)

      3.    What, if any, response did you receive? (Furnish copy of response, if in
            writing.) Officers  and staff at D.C. Jail came to me due to news report

      4.    What happened as a result of your complaint? Outside of jail issue

D.    If your answer is No to Question III B, explain why not. This matter occurred
      while I was out in society before I was warranted and arrested between April 2006
      and May 9 2006.

E.    If there is no prison grievance procedure in the institution, did you complain to
      prison authorities?           Yes ( )       No (X)

F.    If your answer is Yes to Question III E;

      1.    To whom and when did you complain? When I was out in society, to
            attorneys, family, friends on my job.

      2.    Did you complain in writing? (Furnish copy of the complaint you made, if
            you have one.)      Yes (X)       No ( )

      3.    What if any response did you receive? (Furnish copy of response, if in
      writing.)
            Verbal response by phone calls that I should file a lawsuit.

4.  What happened as a result of your complaint? I was only told to file a lawsuit in D.C. District Court to bring forward the sources and reporters that violated my constitutional/civil rights by defamation of character.

### IV    PARTIES

In item below, place your name and prison number in the first blank and your present address in the second blank. Do the same for additional plaintiffs, if any.

A.    Name of Plaintiff: Maurice Ceasar # 208-880
       Address: 1901 E Street S.E. Washington, D.C. 20003

In item B below, place the full name of the defendant(s) in the first blank, their official position in the second blank, their place of employment in the third blank, and their address in the fourth blank. Do the same for additional defendants, if any.

B.    Defendant: Washington Express, Sources and Reporters (newspaper) Publisher and executives who printed misinformation
       Address: 1150 15th Street N.W., Washington, DC 20071
       12240 Indian Creek Court # 100, Beltville, MD 20705

       Defendant: Washington Post Associates, Sources and Reporters, Publisher and Executives
       Address: 1150 15th Street N.W., Washington, DC 20071

       Defendant: U.S. Today's Newspaper Assoc.
       Address: 7950 Jones Branch Drive, McLean, VA 22108-0605

       Defendant: Associated Press Inc.
       Address: 450 West 33rd Street, New York, NY

       Defendant: Paul Rosstead, Work Administrator for renovation of Calvary Baptist Church
       Address: 777 8th Street, N.W., Washington, DC 20001

### V.    STATEMENT OF CLAIM

(1) During the period from April 17, 2006 through April 24, 2006, the news reporters showed my picture to the public and proceeded to use misleading and libelous information about my past history to the public. This was bad media exposure, which was not honest or correct and resulted in a defamation of character problem that has now displaced my life. Television stations (4), (5), (7), (8), and (9) reported and televised the misinformation given by the complainant who requested a warrant by affidavit for my arrest at the church building renovation project. He obviously misread my past history information that he took from my personal papers including my income tax W-2 forms without my permission. He took my social security number and ran it through a computer to the Bureau of Prisons web site. He did this to ridicule me due to a mistake he had made and then accused me of taking something which I did not take or have. This happened at the church renovation building at 777 8th Street, NW. The church receptionist then barred me from the renovation property after they took my photograph. I had come into the building on April 17, 2006 looking for part time work and to see if work was available.

(2) This person then e-mailed misleading information to news stations around the Metropolitan area with the intention, I believe, to create misinformation on the computer internet which caused me to be wanted for my own past criminal history information. That record was from 20 years ago up to the year 2002 and was in reference to charges that were dismissed along with my convictions. This defendant made it look to the E-Mailed news media stations that I was wanted for committing the offenses that was on the Bureau of Prisons web site of the past history, which had been stricken from the record but not yet removed from the web site. This was to get society to come forward against me or to identify me and have me arrested.

(3) When the media showed the snapshot picture of me on television between April 17 and 24, 2006 and then again on June 4 and 5, 2006. I recognized the picture that was taken at the Calvary Church building renovation that the defendant gave to the news stations reporters or sources by e-mail, Fax or text messages. This person had the five news media stations and five newspapers, named as defendants in this lawsuit display the photo of me when the public was watching the TV news coverage and reading the newspapers. This caused people to panic when I was seen out in society and in my community. I was then informed, by my friends and family, who called me by phone and who are witnesses to the panic of the public.

(4) My family, friends and employer told me that I was in the news and was wanted for a string of robberies at buildings, churches and others. I was appalled by the attention that I had received. I was stunned by such information that wronged me in the eyes of the public and in the newspapers. I was depressed after it was shown on the 6 pm and 11pm news on all five news channels and shown in the newspapers. However, after the next day, through a legal source, I heard they
pulled it off the air due to misinformation that was given to the news agencies by

their source. They recognized that something was wrong with this news report picture coverage. I did not know that all of this was occurring until others phoned me while I was working.

(5) I was arrested due to the warrant report affidavit the church defendant, administrator, Paul Rosstead, gave to the police. That is how I came into the prison system this time. His report on me indicates that he is tied into the news media sources of the defamation and discrimination of character case, which I am filing. He made a bad frivolous attack on me by using the news media, ten TV stations and newspaper sources to arrest me on the basis of a still photograph of me, which he took without my permission. He also provided incorrect information, misleading everyone, the news media, the public and the criminal justice system. This all has disrupted my life, put me in prison and caused me untold suffering due to these rumors and lies.

(6) When the five TV stations first reported the untrue statements in April and again in June, 2006, they told the public that I was wanted for 10 to 20 charges but after some 70 days this was reduced to two charges. One of these charges was due to the warrant by the church defendant who again sent e-mails to the stations tying this matter and defendants to the defamation of character issue.

(7) This matter was intended to be conflicting to incriminate me in the Criminal Justice System. The airing on June 4 and 5, 2006 of the erroneous news was to get people to come forward since they had no response from the previous airing in April. The U.S. attorney officer who is the prosecutor on my case in Judge Dixon's court is trying to close cases on illegal news coverage that has been misleading from the start. She has been reiterating exposure of the same misleading news clippings to get the Grand Jury to indict me. The prosecutor showed it to the public on June 4 and 5, 2006 to have the public believe that I was still on the run in society but I was right here in jail. This was the cause of a deception from criminal government sources.

(8) The five news media stations, (channels 4, 5, 7, 8, and 9), their sources and reporters and four newspaper associations for the DC Metropolitan area especially the church Janitor and supervisor at 777 8th Street N.W. and the Criminal Justice U.S. attorney office prosecutor had all caused me to have my life displaced by defamation of character and discrimination which has injured me mentally and emotionally leading to depression and utmost debilitating stress. It is a fact that the news coverage of this matter to the public has caused panic among my friends and family. I am still appalled about where my life starts and ends. I wish to have this civil claim complaint law suit filed against all the above parties.

(9) These Defendants violated my Private Rights Act to liberty simply because I had a criminal history past. This has undone my reputation with public freedom, speech, work and housing. This is more than defamation however, more than publishing false charges and malicious comments. This was done with over reacting and with conscious deception.

(10) Paul Rosstead was being vary slanderous because of hate or anger without any cause by me. One slander tactic employed was for the source or government to use my past history case which had been dismissed and charges cleared. They intended to create a series of untrue cases to charge against me. This took away the liberty and freedom that I had before my arrest. Untrue statements were made on the news media and in an affidavit. The Defendant or source misled the public by stating that I was wanted for a string of charges. That statement was intended to be created or concocted thru announcement of false charges on the news broadcasts. When it wasn't confirmed, it was printed by the newspaper publishers/executives.

(11)In this matter, somehow by internet or by an officer, one of the workers who is not an MPD officer or in the law enforcement or security field stated that he had a mug shot picture of me from 1988. He used that picture and said that he had it in his work file at the Calvary Baptist Church Renovation Building. I do not know for what reason he had that picture or where he got it.. I never had any affiliation with him at any time in 1988. I was working for a law firm at Neal Gross, Inc. court reporting service at 1326 Rhode Island Ave. N.W., then at Capitol Hill Reporter once at 1825 K Street N.W. under Mr. Herb and Mary Kroll.
I do remember an arrest, but was fined for charge. Wherever this worker as Mr. Rosstead said he had received the mug shot of me and my social security number is very vague and has no reason to be in the hands of a janitor or office file in 1988.

(12)I also wish to let this honorable court know that I was incarcerated in 1998 to 2001. This defendant administrator at Calvary Baptist Church Renovation building stated that he saw me at that facility in the mid 1990s and in between 2000 and 2001. At that time I was incarcerated in Lorton, VA, then at Youngstown, Ohio and in 2002 to 2003 at Rivers, North Carolina (Waukenhut Institution). The identity of who they had in mind was not me.
This concocted story that they created in a case I was forced to plea in order to avoid the hearsay of my being confronted about a church issue that happened in this recent event was also acted out when the administrator would not return my W-2 forms that I was to file later that day. Because of his state of mind at the time he took my folder with all my legal tax paper data, W-2 federal tax forms and my social security number and used the data on line through a computer. He did this with intent to expose my information and he posted my still photograph which he took without my permission around the church areas and other locations in other metropolitan areas.
This had obviously caused a panic to the public on the day they aired news on the local broadcast news stations to defame me without proof that I committed the large string of felony cases at particular properties and buildings. The newspaper publishers, reporters and sources printed this false information that wronged me as a high profile criminal.

(13)He, (this defendant) also slandered me maliciously stating that I was a thief and burglar
which, I believe, he created around my past legal history and the data he received off the government information web sites to concoct his report. The administrator took my true

past history and used it illegally and maliciously to invent this type of exposure. He then gave this misleading data to the MPD officers and to the news media. Some source or a connection with the church administrator or information provided by an officer of the MPD was thus provided the opportunity to televise his concocted story about my being a person wanted for a string of robberies and burglaries from properties and buildings in certain areas which was totally untrue.

(14)All of my legal information was in a yellow brown type closed folder that was taken when I went into the church renovation building. How was it that my information was exposed even in an affidavit and the person using my personal information had stated my name, social security number and birth date? I truly believe Mr. Rosstead and employees used my W-2 form information to go online and that on that recorded date or dates their computer or web sites will prove that they used my W-2 form which is a federal violation without my permission. They also used my social security number to get more information about my private and personal life. This data was sent to the local news agencies who did not confirm the date given by sources or Mr. Paul Rosstead as being true or concocted. This was apparently the result of his bitterness and attack toward me. That he used his anger as well as deception intended information to invent this data is presented to this court c/o civil complaint.

(15)There was never any string of felony cases committed by me. There was never any charges of robberies or burglaries of properties and buildings, not even any complaints when I was warranted for my present arrest. The two theft charges that I am being forced to accept in a plea bargain was established by the prosecutor and then changed to burglary II, once again by the prosecutor.
I have several witnesses who have seen these local news broadcasts and newspaper articles which slandered me and has displaced my privacy, job expectations and housing. If I was to ever be in the public where my liberty is degraded and my character defamed due to what has occurred as multi-misleading by everyone who knows my identity in society as not what the newspaper associations and television stations broadcasted and printed.

# EXHIBIT F

# DOCKET FOR
# D.C. SUPERIOR COURT
# CASE NO. 2007 CA 002362 B

## 2007 CA 002362 B CEASAR, MAURICE Vs. WASHINGTON TIMES NEWSPAPER

| File Date | 03/29/2007 | Case Status | Closed | Case Status Date | 03/29/2007 |
|-----------|------------|-------------|--------|------------------|------------|
| | | Case Disposition | Order Granting Motion to Dismiss Entered on Dkt | Case Disposition Date | 05/21/2007 |

### Party Information

| Party Name | Party Alias(es) | Party Type | Attorney(s) | Attorney Phone |
|------------|-----------------|------------|-------------|----------------|
| CEASAR, MAURICE | | PLAINTIFF | PRO SE | |
| WASHINGTON TIMES NEWSPAPER | | Defendant | FARBER, Mr ALLEN V | (202)230-5300 |

### Financial Entries

| Receipt # | Date | Received From | | Amount Paid |
|-----------|------|---------------|---|-------------|
| 71466 | 05/03/2007 | FARBER, Mr ALLEN V | | 20.00 |
| | Payment | | Fee | |
| | Receipt Depositor | 20.00 | Cost | 20.00 |

### Docket Entries

| Date | Text |
|------|------|
| 05/21/2007 | Proof of Service To Order Granting Defendant's Motion to Dismiss Complaint with Prejudice signed by Judge Anderson on May 18, 2007. Submitted 05/21/2007 15:46. sams. Attorney: ANDERSON, JENNIFER M (393920) |
| 05/21/2007 | Order Granting Defendant's Motion to Dismiss Complaint with Prejudice signed by Judge Anderson on May 18, 2007. Submitted 05/21/2007 15:46. sams. Attorney: ANDERSON, JENNIFER M (393920) |
| 05/21/2007 | Event Resulted: The following event: Initial Scheduling Conference-60 scheduled for 07/06/2007 at 9:30 am has been resulted as follows: Result: Event Cancelled Judge: ANDERSON, JENNIFER M Location: Courtroom A-50 |
| 05/21/2007 | Order Granting Defendant's Motion to Dismiss Complaint Entered on the Docket 5/21/07. Signed by Judge Anderson 5/18/07. Copies efiled 5/21/07.dsd |
| 05/15/2007 | Praecipe to Change Address of Plaintiff Maurice Ceasar Filed PRO SE (Attorney) on behalf of MAURICE CEASAR (PLAINTIFF) |
| 04/27/2007 | Motion to Dismiss Complaint With Prejudice Filed. Submitted 04/27/2007 17:01. sams. Attorney: FARBER, Mr ALLEN V (912916) WASHINGTON TIMES NEWSPAPER (Defendant); Receipt: 71466 Date: 05/03/2007 |
| 04/25/2007 | Proof of Service Method : Service Issued Issued : 04/02/2007 Service : Summons Issued Return : 04/17/2007 Return : 04/25/2007 On : WASHINGTON TIMES NEWSPAPER Signed By : Imhotep Kyumba Reason : Proof of Service Comment : Tracking #: 5000030095 |
| 04/25/2007 | Affidavit of Service of Summons & Complaint by Mail on WASHINGTON TIMES NEWSPAPER (Defendant); |
| 04/02/2007 | Issue Date: 04/02/2007 Service: Summons Issued Method: Service Issued Cost Per: $ WASHINGTON TIMES NEWSPAPER 3600 NEW YORK AVENUE NE WASHINGTON, DC 20002 Tracking No: 5000030095 |
| 03/30/2007 | Complaint Summons and I.O. with Acknowledgment Form mailed to Defendant Washington Times Newspaper by the Clerk Pursuant to SCR 54-II this date: March 30, |

| | |
|---|---|
| | 2007 MAURICE CEASAR (PLAINTIFF); |
| 03/30/2007 | Order Granting Motion to Proceed In Forma Pauperis Signed by Judge Wertheim on March 28, 2007 and Entered on the Docket on March 30, 2007 |
| 03/30/2007 | Event Scheduled Event: Initial Scheduling Conference-60 Date: 07/06/2007 Time: 9:30 am Judge: ANDERSON, JENNIFER M Location: Courtroom A-50 |
| 03/29/2007 | Motion to Proceed In Forma Pauperis Filed Attorney: PRO SE (999999) MAURICE CEASAR (PLAINTIFF); |
| 03/29/2007 | Complaint for False Accusation Filed |

# EXHIBIT G

# DOCKET AND DISMISSAL
# ORDER FOR D.C. SUPERIOR COURT
# CASE NO. 2007 CA 000171 B

## 2007 CA 000171 B CEASAR, MAURICE Vs. ASSOCIATED PRESS

| File Date | 01/05/2007 | Case Status | Closed | Case Status Date | 01/05/2007 |
|---|---|---|---|---|---|
| | | Case Disposition | Order Granting Motion to Dismiss Entered on Dkt | Case Disposition Date | 05/17/2007 |

### Party Information

| Party Name | Party Alias(es) | Party Type | Attorney(s) | Attorney Phone |
|---|---|---|---|---|
| CEASAR, MAURICE | | PLAINTIFF | PRO SE | |
| ASSOCIATED PRESS | | Defendant | TOBIN, Mr CHARLES D | (202)995-3000 |
| U.S. TODAY'S NEWS PAPER ASSOCIATION | | Defendant | TOBIN, Mr CHARLES D | (202)995-3000 |
| WASHINGTON POST NEWSPAPER ASSOCIATION | | Defendant | SHANAHAN, RACHEL | (202)434-5952 |
| WASHINGTON EXPRESS NEWSPAPER ASSOCIATION | | Defendant | SHANAHAN, RACHEL | (202)434-5952 |
| ROSSTEAD, PAUL | | Defendant | CAFRITZ, Mr BRIAN A | (804)320-6312 |

### Financial Entries

| Receipt # | Date | Received From | | Amount Paid |
|---|---|---|---|---|
| 71665 | 05/04/2007 | Tobin, Charles | | 20.00 |
| | **Payment** | | **Fee** | |
| | Receipt Depositor | 20.00 | Cost | 20.00 |
| 70909 | 04/27/2007 | SHANAHAN, RACHEL | | 20.00 |
| | **Payment** | | **Fee** | |
| | Receipt Depositor | 20.00 | Cost | 20.00 |
| 70877 | 04/26/2007 | Charles Tobin | | 20.00 |
| | **Payment** | | **Fee** | |
| | Receipt Depositor | 20.00 | Cost | 20.00 |
| 70287 | 04/23/2007 | BEALL, JUSTIN M | | 20.00 |
| | **Payment** | | **Fee** | |

| | | | | | |
|---|---|---|---|---|---|
| | Receipt Depositor | 20.00 | Cost | | 20.00 |

| Receipt # | Date | Received From | | Amount Paid | |
|---|---|---|---|---|---|
| 63518 | 01/30/2007 | PRO SE | | 20.00 | |
| | **Payment** | | **Fee** | | |
| | Check | 20.00 | Cost | | 20.00 |

## Docket Entries

| Date | Text |
|---|---|
| 05/17/2007 | Proof of Service to Order Granting Motion to Dismiss Submitted on 05/17/2007 11:44. jmv. Signed by Judge Morin on 5/16/07. |
| 05/17/2007 | Order Granting Motion to Dismiss Submitted on 05/17/2007 11:44. jmv. Signed by Judge Morin on 5/16/07. |
| 05/17/2007 | Order Granting Motion to Dismiss Entered on the Docket on 05/17/07; Order Signed by Judge Morin 5/16/17; Order E-filed 5/17/07; Copies served electronically on counsel through eFiling for Courts and a copy was mailed on 5/17/07 to pro se party(s) as follows: Maurice Cesar, DC #208-880-CCA/CTF, 1901 E. Street, SE, Washington, DC 20003. |
| 05/01/2007 | (ENTRY CREATED FOR IMAGE PURPOSES ONLY).dcm. Defendant The Associated Press Motion to Dismiss Filed. submitted 05/01/2007 14:59. ksc Attorney: TOBIN, Mr CHARLES D (455593) ASSOCIATED PRESS (Defendant); Receipt: 71665 Date: 05/04/2007 |
| 05/01/2007 | Defendant The Associated Press Motion to Dismiss Filed. submitted 05/01/2007 14:59. ksc Attorney: TOBIN, Mr CHARLES D (455593) ASSOCIATED PRESS (Defendant); Receipt: 71665 Date: 05/04/2007 |
| 04/27/2007 | Event Resulted: The following event: Scheduling Conference Hearing scheduled for 04/27/2007 at 9:30 am has been resulted as follows: Result: Scheduling Conference Hearing Not Held Defendant's Counsel Present Only. Defendants Paul Rosstead, USA Today's, The Washington Post and Express Motion to Dismiss, Granted. Judge: MORIN, ROBERT E Location: Courtroom 517 |
| 04/27/2007 | Oral Ruling on Written Motion By The Washington Post and Express to Dismiss, Granted and Entered on the Docket |
| 04/27/2007 | Oral Ruling on Written Motion by USA Today's Motion to Dismiss, Granted and Entered on the Docket |
| 04/27/2007 | Oral Ruling on Written Motion, Paul Rossted Renewed Motion to Dismiss, Granted and Entered on the Docket |
| 04/20/2007 | Line Entering Appearance Filed. Submitted 04/20/2007 16:06. sams. Attorney: TOBIN, Mr CHARLES D (455593) ASSOCIATED PRESS (Defendant); U.S. TODAY'S NEWS PAPER ASSOCIATION (Defendant); |
| 04/20/2007 | Motion of The Washington Post and Express to Dismiss The Complaint Filed. Submitted 04/20/2007 15:41. sams. Attorney: SHANAHAN, RACHEL (493445) WASHINGTON POST NEWSPAPER ASSOCIATION (Defendant); WASHINGTON EXPRESS NEWSPAPER ASSOCIATION (Defendant); Receipt: 70909 Date: 04/27/2007 |
| 04/20/2007 | Additional eFiling Document to Defendant's USA Today's Motion to Dismiss Filed. Submitted 4/20/2007 16:36. ts. Attorney: TOBIN, Mr CHARLES D (455593) |
| 04/20/2007 | Defendant's USA Today's Motion to Dismiss Filed. Submitted 4/20/2007 16:36. ts. Attorney: TOBIN, Mr CHARLES D (455593) Receipt: 70877 Date: 04/26/2007 |
| 04/17/2007 | Motion to exclude Mr. Paul Rosstead from this Civil Complaint in order to draft a more definitive Civil Claim Statement once I can get a legal attorney to represent me Filed: Attorney: PRO SE (999999) MAURICE CEASAR (PLAINTIFF); |
| 04/09/2007 | Letter entered on: Mailed to: DC Superior Court Returned to Court on: 4-9-07 Reason: Return To Sender |
| 04/06/2007 | Paul Rosstead's Renewed Motion to Dismiss Filed. Submitted 04/06/2007 14:02. ajm Attorney: BEALL, JUSTIN M (502394) PAUL ROSSTEAD (Defendant); |

| | |
|---|---|
| 04/04/2007 | Proof of Service to Order Sua Sponte to/for: Rescheduling Initial Scheduling Conference to 4/27/07 due to Judge not being available Entered on Docket Submitted on 04/04/2007 17:49. jmv. Signed by Judge Morin on 4/3/07. |
| 04/04/2007 | Order Sua Sponte to/for: Rescheduling Initial Scheduling Conference to 4/27/07 due to Judge not being available Entered on Docket Submitted on 04/04/2007 17:49. jmv. Signed by Judge Morin on 4/3/07. |
| 04/04/2007 | Order Sua Sponte Entered on Docket on 04/04/07; Order SIGNED by Judge Morin on 04/03/07 and E-Filed on 04/04/07. Copies served electronically on counsel through eFiling for Courts. The Initial Scheduling Conference is rescheduled from 4/13/07 to 4/27/07 due to judge unavailable. (lyg) Also a copy was mailed from chambers on 4/5/07 to pro se party(s) as follows: Maurice Ceasar # 208880 C.C.A/C.T.F./D4-B Cell 23 1901 E Street, NE Washington, DC 20003 Plaintiff, Pro se Associated Press 450 West 33rd Street New York, NY 10001 U.S. Today Newspaper Association 7950 Jones Branch Drive McLean, VA 22108-0605 Washington Post Express Newspaper Association 1150 15th Street, NW Washington, DC 20071 Washington Post Newspaper Association 1150 15th Street, NW Washington, DC 20071 |
| 04/03/2007 | Event Scheduled Event: Scheduling Conference Hearing Date: 04/27/2007 Time: 9:30 am Judge: MORIN, ROBERT E Location: Courtroom 517 |
| 04/03/2007 | Notice of Hearing Mailed Next Business Day Notice Of Hearing Sent on: 04/03/2007 12:24:39 |
| 04/03/2007 | Event Resulted: The following event: Initial Scheduling Conference-60 scheduled for 04/13/2007 at 9:30 am has been resulted as follows: Result: Scheduling Conf Hrg Cont'd - Judge Not Available - in L&T court. Judge: MORIN, ROBERT E Location: Courtroom 517 |
| 03/07/2007 | Proof of Service Method : Service Issued Issued : 01/12/2007 Service : Summons Issued Served : 02/01/2007 Return : 03/07/2007 On : ROSSTEAD, PAUL Signed By : Reason : Proof of Service Comment : Tracking #: 5000025849 |
| 03/07/2007 | Affidavit of Service of Summons & Complaint by mail on PAUL ROSSTEAD (Defendant); |
| 03/07/2007 | Proof of Service Method : Service Issued Issued : 01/12/2007 Service : Summons Issued Served : 02/01/2007 Return : 03/07/2007 On : WASHINGTON POST NEWSPAPER ASSOCIATION Signed By : Reason : Proof of Service Comment : Tracking #: 5000025847 |
| 03/07/2007 | Affidavit of Service of Summons & Complaint by mail on WASHINGTON POST NEWSPAPER ASSOCIATION (Defendant); |
| 03/07/2007 | Proof of Service Method : Service Issued Issued : 01/12/2007 Service : Summons Issued Served : 02/01/2007 Return : 03/07/2007 On : WASHINGTON EXPRESS NEWSPAPER ASSOCIATION Signed By : Reason : Proof of Service Comment : Tracking #: 5000025848 |
| 03/07/2007 | Affidavit of Service of Summons & Complaint by mail on WASHINGTON EXPRESS NEWSPAPER ASSOCIATION (Defendant); |
| 03/07/2007 | Proof of Service Method : Service Issued Issued : 01/12/2007 Service : Summons Issued Served : 02/02/2007 Return : 03/07/2007 On : U.S. TODAY'S NEWS PAPER ASSOCIATION Signed By : Reason : Proof of Service Comment : Tracking #: 5000025846 |
| 03/07/2007 | Affidavit of Service of Summons & Complaint by mail on U.S. TODAY'S NEWS PAPER ASSOCIATION (Defendant); |
| 03/02/2007 | Proof of Service To Order Granting and Denying In Part Defendant Paul Rosstead Motion To Dismiss submitted 03/02/2007 10:49. ksc. Signed By J/Morin on 3/2/07 |
| 03/02/2007 | Order Granting and Denying In Part Defendant Paul Rosstead Motion To Dismiss submitted 03/02/2007 10:49. ksc. Signed By J/Morin on 3/2/07 |
| 03/02/2007 | Order Granting in Part Paul Rosstead's Motion to Dismiss, and, in the Alternative, Motion for a More Definite Statement Entered on the Docket on 3/2/07. Order Signed on 3/2/07 by Judge Morin. Order eFiled on 3/2/07. Copy served on counsel, and by mail on pro se Plaintiff Maurice Ceasar on 3/2/07. Ordered that Plaintiff shall have 21 days from the docketing of this order in which to submit a more definite statement. (lyg) |
| 01/30/2007 | Paul Rosstead's Motion To Dismiss And, In The Alternative Motion For A More Definitive Statement Filed: Attorney: WORST, Mr ROBERT E (469849) PAUL ROSSTEAD (Defendant); Receipt: 63518 Date: 01/30/2007 |

| 01/12/2007 | Issue Date: 01/12/2007 Service: Summons Issued Method: Service Issued Cost Per: $ ASSOCIATED PRESS 450 West 33rd Street NEW YORK, NY 10001 Tracking No: 5000025845 U.S. TODAY'S NEWS PAPER ASSOCIATION 7950 Jones Branch Drive MC LEAN, VA 22108 Tracking No: 5000025846 WASHINGTON POST NEWSPAPER ASSOCIATION 1150 15th Street, NW WASHINGTON, DC 20071 Tracking No: 5000025847 WASHINGTON EXPRESS NEWSPAPER ASSOCIATION 1150 15th Street, NW WASHINGTON, DC 20071 Tracking No: 5000025848 ROSSTEAD, PAUL 777 8th Street, NW WASHINGTON, DC 20001 Tracking No: 5000025849 |
|---|---|
| 01/11/2007 | Complaint Summons and I.O. with Acknowledgment Form mailed to Defendant Washington Express Newspaper Association by the Clerk Pursuant to SCR 54-II this date January 11, 2007. MAURICE CEASAR (PLAINTIFF); |
| 01/11/2007 | Complaint Summons and I.O. with Acknowledgment Form mailed to Defendant Washington Post Newspaper Association by the Clerk Pursuant to SCR 54-II this date January 11, 2007. MAURICE CEASAR (PLAINTIFF); |
| 01/11/2007 | Complaint Summons and I.O. with Acknowledgment Form mailed to Defendant Paul Rosstead by the Clerk Pursuant to SCR 54-II this date January 11, 2007. MAURICE CEASAR (PLAINTIFF); |
| 01/11/2007 | Complaint Summons and I.O. with Acknowledgment Form mailed to Defendant Associated Press by the Clerk Pursuant to SCR 54-II this date January 11, 2007. MAURICE CEASAR (PLAINTIFF); |
| 01/11/2007 | Complaint Summons and I.O. with Acknowledgment Form mailed to Defendant U.S. Today's Newspaper Association by the Clerk Pursuant to SCR 54-II this date January 11, 2007. MAURICE CEASAR (PLAINTIFF); |
| 01/11/2007 | Event Scheduled Event: Initial Scheduling Conference-60 Date: 04/13/2007 Time: 9:30 am Judge: MORIN, ROBERT E Location: Courtroom 517 |
| 01/05/2007 | Order Granting Motion to Proceed In Forma Pauperis Signed by Judge Beaudin on November 29, 2006. Case received in the Civil Clerk's Office on January 5, 2007 and Entered on the Docket on January 11, 2006. |
| 01/05/2007 | Motion to Proceed In Forma Pauperis Filed Attorney: PRO SE (999999) MAURICE CEASAR (PLAINTIFF); |
| 01/05/2007 | Complaint for Conversion Filed |

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| MAURICE CEASAR | ) | |
| | ) | Case No.:  2007 CA 000171 B |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Robert E. Morin |
| | ) | |
| ASSOCIATED PRESS, et al. | ) | |
| | ) | Initial Conference:  April 27, 2007 |
| Defendants. | ) | |

**ORDER**

Upon consideration of Defendant the Associated Press' Motion to Dismiss it is this **16th**

**day of May 2007**, by the Superior Court for the District of Columbia:

**ORDERED**, that the motion is **GRANTED**, as was decided in open court on April 27,

2007; and it is

**FURTHER ORDERED**, that Plaintiff's Complaint is **DISMISSED WITH**

**PREJUDICE** for failure to state a claim upon which relief may be granted.

_____
Judge Robert E. Morin

Copies to:

1

Maurice Ceasar
D.C. # 208-880-CCA/CTF
1901 E. Street, S.E.
Washington, D.C. 20003
*Plaintiff, Pro se*

Charles D. Tobin
Judith F. Bonilla
2099 Pennsylvania Ave. N.W., #100
Washington, D.C. 20006
*Counsel for Defendants* USA TODAY *and
the Associated Press*

Kevin Hardy
Williams & Connolly LLP
725 Twelfth St., N.W.
Washington, D.C. 20005
*Counsel for Washington Post and
Washington Express*

2

# EXHIBIT H

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
# CASE NO. 1:06-CV-01404-UNA

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

AUG - 8 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Maurice Ceasar
D.C. D.C. #208-880                    July 12, 2006
CCA / C.J.F.
1901 E Street S.E.
Washington D.C. 20003
          vs.

To whom Reported (This Broadcast) C/o (This Civil claim):
Related Claims C/o Sources, Leaks, Reporters:
(Five) News Local Stations
And media Broadcasting services
Services which Are Named Here In: As Defendants:

     Sources And Reporters
(1) Local - N B C - News station
     W R C Broadcast channel (4) Service
4001 Nebraska Ave. N.W.
W. D. C.                    CASE NUMBER: 1:06CV01404

(2) Sources And Reporters         JUDGE: Unassigned
Local - Fox - News Station Channel   DECK TYPE: Personal Injury/Malpractic
W+tG (5) media Broadcast
Service.                           DATE STAMP: 08/08/2006
Capital Plaza SW. / 2201 C St. N.W.
W. D. C.   20024

(3) Sources And Reporters
Local - A B C - News Station
Channel WJLA (7) media
Broadcast service
1717 Desales Street N.W.
W. D. C.

(4) Sources And Reporters
Local - Channel 8 News
media Broadcast Service( 8 )(t) W.D.C.

RECEIVED
JUL 1 9 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Pg.
(2) of page (1)
                VS.

(5) Sources and Reporters
   Local CBS - Channel (9)
   WUSA - media Broadcast
   2020 M  St. N.W.
   W-D-C.

(6)  Judiciary center Government
    U.S. Attorney office
    555  4th street N.W.
    Washington D.C. 20001

(7)        Church Renovation Building
     Complainant for my arrest, Affidavit
     Report at: 777 8th street N.W.
     Washington D.C. 20001

        Filing Lawsuit Complaint For Violation
        of Civil Rights / Civil Rights Act 42 U.S.C. § 1983
              = Complaint =
      In Reference to Defamation - Discrimination
      of Character, By News media - Local Station's
      Sources  and Reporters, who Televised Broadcast.
              = Facts =
    Due To: False Information sent to News medias
    Local Sources and Reporters in metropolitan
    Area. without Confirmation to see whether Info-
    rmation sent was active or in-active, Channel (4),
    channel (5), channel (7), channel (8), and channel (9)
    Local News stations Televised the mis-information
    In which on 4-23-06 and after that Day on 4-24-06
    I was shown to public - However pulled off the air
    Due To: sources Realizing Reporting Information
    was wrong * However, This has cause the Public to Panic
    and By may 9, 2006 I maurice ceasar was arrested

IN REFERENCE TO the IRREGULARITIES AND INCONSIST-
ENCIES of this matter of Claim.

= Relief =

(PLAINTIFF)

I, MAURICE CEASAR, IS Filing this Civil Complaint
for the Defamation and Discrimination of Character.

Especially For False Information sent to the
(5) Five NEWS LOCAL STATIONS whom sources
and Reporters Televised me WRONGFULLY. Also
other Parties who Caused this type of Delima...
In which I have NAME in this Civil Complaint.

(Relief action)

= REQUEST =

I, MAURICE CEASAR, (Plaintiff)...

(1) SEEK From the Court Relief, TO have AN Court
appointed Attorney Assigned to Represent me.

(2) May this Honorable Court, Bring those who Reported
The mis-INformation, or NEWS MEDIA'S sources
Executives who pulled the Televised Report off
The air, After Defamation of Character issue
has cause a Panic To Public.

(3) I wish to set a TRIAL By Jury and Ask this
Honorable Court To Have EACH NEWS Station that
is Responsible to REVEAL the Names of EACH
Source and Reporter To stand trial for this
Discrimination and Slander; As well As Degrade
of my PRIVacy.

(4) May I ASK This Honorable Court— That I AM REQUEST-
ing FINANCIAL Relief in Damages and INJuries, IN which

(Relief)
(Action)

I, MAURICE CEASAR, whole life has Been displaced punitively - monetary - equitable and others and I Request For (3)⁶ Three million Dollars ℃ In this multi-defendants claim; under civil Rights act. 42 U.S.C. § 1983.

## I.    SUCCESSIVE CLAIMS

Pursuant to the Prison Litigation Reform Act of 1995, unless a prisoner claims to be in "imminent danger of serious physical injury," he or she may not file a civil action or pursue a civil appeal *in forma pauperis* "if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or they failed to state a claim upon which relief could be granted."

## II.    PREVIOUS LAWSUITS

A.    Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action?    Yes (  )    No (✗)

B.    Have you begun other lawsuits in state or federal court relating to your imprisonment? Yes (  )    No (✗)

C.    If your answers to A or B is Yes, describe each lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

    1.    Parties to this previous lawsuit.

        Plaintiffs: _____

        Defendants: _____

    2.    Court (If federal court, please name the district; if state court name the county.)
        _____

    3.    Docket number: _____

    4.    Name of judge to whom case was assigned: _____

    5.    Disposition (for example: Was the case dismissed?  Was it appealed?  Is it still

pending?) _____ O _____

_____

6.    Approximate date of filing lawsuit: _____ O _____

_____

7.    Approximate date of disposition: _____ O _____

_____

## III.    PLACE OF CONFINEMENT

CCA / C.T.F.  E/2A Unit
1901 E Street S.E. - W.D.C. 20003

A.    Is there a prisoner grievance procedure in this institution? Yes ( )    No (X)
If your answer is Yes, go to Question III B. If your answer is No, skip Questions III, B,
C and D and go to Question III E.

B.    Did you present the facts relating to your complaint in the prisoner grievance procedure?
Yes ( )    No (X)

C.    If your answer is Yes to Question III B:

1.    To whom and when did you complain? This matter occurred
while I was out in society-Before Arrest.

2.    Did you complain in writing? (Furnish copy of the complaint you made, if you
have one.)    Yes (X)    No (X)

3.    What, if any, response did you receive? (Furnish copy of response, if in writing.)
Officers and staff at D.C. Jail
came to me due to News Report.

4.    What happened as a result of your complaint? Outside of Jail
Issue.

_____

D.    If your answer is No to Question III B, explain why not. This matter occurred
while I was out in society Before I was
warrant said arrested between 4/06 - 9-06

E.    If there is no prison grievance procedure in the institution, did you complain to prison
authorities?    Yes ( )    No (X)

F.    If your answer is Yes to Question III E;

N/A

1.    To whom and when did you complain? When I was out in
society to Attorneys, Familys, Friends
on my Job ...

_____

(5)

2.  Did you complain in writing? (Furnish copy of the complaint you made, if you have one.)    Yes (✗)    No (  )

3.  What, if any response did you receive? (Furnish copy of response, if in writing.)
*Verbal Response By Phone Calls, That I Should File Law Suit*

4.  What happened as a result of your complaint? *Only Told to File. Law Suit in D.C. District Court To Bring Forward the Sources & Reporters that Violated my constitution / civil Rights By Defamation of Character.*

**IV.  PARTIES**

In item A below, place your name and prison number in the first blank and your present address in the second blank. Do the same for additional plaintiffs, if any.

A.  Name of Plaintiff: *MAURICE CEASAR # 208-880*
    Address: *1901 E Street S.E. - W.D.C. 20003*

In item B below, place the full name of the defendant(s) in the first blank, their official position in the second blank, their place of employment in the third blank, and their address in the fourth blank. Do the same for additional defendants, if any.

B.  Defendant: *Sources And Reporters - Defendants Local - NBC - News Station / WRC Broadcast*
    Address: *Channel (4) News*

Defendant: *Sources And Reporters - Defendants Local - FOX - News Station / WTTG Broadcast*

Address: *Channel (5) News*

Defendant: *Sources And Reporters - Defendants Local - ABC - News Station / WMLA-WJLA*

Address: *Channel (7) Broadcast*

Defendant: *Sources And Reporters - Defendants Local Channel (8) News media Broadcast*

Address: *Channel 8*

*( Add on page (7) )*
*( c/o Parties )*

**V.  STATEMENT OF CLAIM**

State here briefly as possible the facts of your case. Describe how each defendant is involved.

(6)

continuous

|| Add on Sheet ||

IV. Parties (B.)

Defendants

Defendants: Sources and Reporters
Local CBS - New Station / WUSA Media Broadcast

Address: Channel (9) News
W. D.C.

Defendants: Judiciary Center Government
U.S. Attorney office
Address: 555 4th street N.W.
Washington D.C. 20001

Defendants:
Supervisor / Receptionist

Address: Church Renovation Building
777 8th street N.W. / W. D.C. 20001

**V.**  **Statement of Claim:**

Include the names of other persons involved, dates, and places. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra sheets, if necessary.

(1) ON April - week through the 17 - thru about 24, 2006 This is when the incident and News Reporters showed my 1st still picture and my past History of Criminal cases to the Public - which was Bad media Exposure which was misLEADing and caused a Defamation of Character problem that has now Displaced my life. Channel (5), (4), (7), (8), and (9) Reported and Televised the mis-Information Given By the Complainant who warrent me By Affidavit to Be Arrested at the Church Renovation Building who obviously mis Read my Criminal History Information that He illegally took my (TAX INCOME W-2 Forms) without my

**VI.    RELIEF**                    Facts - (Statement Claim/Add ON FromPage 8 - xep to page 11 )

State briefly exactly what you want the Court to do for you.

(1) I, the Plaintiff wish to ask the Honorable Court and Judge - may (He) Appoint an Attorney from District Court or Federal Public Defender Service to Represent me on this on going Law suit matter.

(2) I ask that the Defendants in this Law suit Be Being to Court in concern of Trial Date as I mention on Relief (page three) of this Complaint and motion. Also that I Be Financial Rewarded for all Injuries and Damages that estimate up to $3 - million Dollars ee As my life has Been shattered and Displaced By multi Bad Exposure of News Televised mis-Information - in which caused An Defamation of Character and Discrimination Delima. May this Court Grant me An Attorney to further issues

Signed this __12__ day of __July__, __2006__.

                                    _Maurice Ceasar_
                                    (Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

__7/12/06__
(Date)                              _Maurice Ceasar_
                                    (Signature of Plaintiff)

n:\Forms\42 USC 1983



V.

Statement of
Fact Claims(1)    (Continues)

permission and took my social security No.
And ranned it on the computer To Bureau of Prison
. Com or . Gov . . . That (He) at Church Renovation
Building and 777 8th st. N.W. did this to Ridicule
me. Due to a mis-hap - that he had made and then
accused me the (Plaintiff) in this matter to have
Taken something in which I did not have.
Then the Church Reception'ist or office supervisor
Barred me from Renovated property (After) He took
a (Snap shot) Picture of me. I was there for part
work, To see was work available on 4-17-06

Fact Statement (2) of Claims

This Person then - E-mails News Stations Around
the metropolitian Area - within, I Believe, In mind
to get away with creating such mis-information
on the computer E-mail (that) it caused me to be
wanted for my own Back Past Criminal History Info.
That was from 20 years ago - up to year 2002 and
They were In Reference To Charges that was No-papered
And Dismissed along with my convictions. This Defendant
made it look to the E-mailed News media Stations
As If I was wanted for Just Committing all offenses
That was (Said) on Bureau of prison . Com of my Past
History. This was to get Society to come Forward
on me or to I.D. and have me arrested.

Fact Statement (3) of Claims

When the media showed my (Stilled) Snap shop
Barred Picture on Television Between the week
of 4-17-06 - thru - 4-24-06 the on 6-4, 5, 2006,
I Recognized the Picture that was takened at
      Church Renovated Building . that He - The
Defendant at Church Gave to News Stations Reporters



Ⓥ

## Fact Statement part of (3) of Claims

OR SOURCES BY E-mail / FAX / OR textmessages ??
This PERSON had the Five NEWS media Stations
NAMED IN this Lawsuit... As Defendants DISPLAY
Photo of me — And the Public whom was watching
T.V. NEWS At that time, picked up the mis-Led NEWS
COVERAGE And cause PEOPLE to panic when I was
out in Society and in my community. THEN I
was INFORMED By FRIENDS And family whom
called me By Phone and who Are witnesses to
the panic of the public.

## Fact Statement ④ of Claims

Family — Friends and Employer they All said that
I was on the NEWS, wanted for A String of Robberies
And Burglaries % Buildings And Churches And others.
I was Appalled By the Attention that I have Received
I was stunned By such Information that wronged
me to the public. I was Depressed After It was
Showned on 6 pm and 11 pm NEWS of All ⑤ Five
Channel (4), Channel (5), Channel (7) Channel 8
And 9 NEWS Breadcast. (HOWEVER)...
After the NEXT Day; Through A Legal source, I heard
they pulled it off the Air — due to mis-Information
that was given to (NEWSmedia) By their Sources.
    That they RECOGNIZED themselves, Something was
wrong with this News Report picture coverage ? ?
I did not know All of this was occurring until while I was
working and others phoned me — About the NEWS.

## Fact Statement (5) of Claims
                The Church Defendant Receptionist:
    I was Arrested Due to the WARRENT REPORT Affidavit
He Gave to police MPD — And thats How I came into the
the prison System this time... His Report on me Shows
that He is Tied into whats going on with the media,

                        (9)

(V.)

Fact
Statement  part of (5) of Claims

Defamation and Discrimination of Character
Case, in which I'm Filing. (He) the church Receptionist
or church supervisor at 777 8th St. N.W. made a Bad
Frivolous attack on me, through using the news media
(5) Five T.V. Stations and Sources to arrest me on
a stilled Photo picture of me in which (He) took with
out permission, in which mis leading information
mis-led Everyone. The Newsmedia - The Public, the
Criminal Justice System. and me who life has Be
dis placed by the Rumers and lies.


Fact Statement (6) of Claims

on the week around  4-17-06 and  4-24-06
Especially June - 4, 5, 2006 - when (they)
Channel (4), (5), (7), (8), and (9) News Reporters
And Sources (said) to Public, I was wanted for
#10 to #20 - Ten to twenty charges and after
or at these Dates, Its Been 70 Days close, I am
only arrested For 2 Cases as it Stands to day
(1) one, is For what the News was Warrent By the
church Defendent who Email or contact News
media Stations (again) that Ties this matter
And Defendants to this Defamation of Character
issue.


Fact Statement (7) of Claims

This matter was to Be-CONFlicting - to Incriminate
me to the Criminal Justice System - So now they on
June 4, 5, 2006 Had Aired again Erroneous News
Report on me to get people to Come Forward; Because
No-ONE Never came forward the 1st time they Aired it
in April-2006. The U.S. Attorney Officer who is
the prosecutor on my Case In Judge Dixon Court Room
(10)

(V.)

## Fact Statement of part (1) of Claims

Is trying His hand to close cases on Illegal News Coverage — That has Been misleading from the start. (He) Just Been Re-iterating Exposure of the same misleading news clipping to get the Grand jury to Indict me. (He) The U.S. Attorney officer/prosecuter showed it to the Public on 6-4-5-06 — To have the Public Believe I was still on the Run in Society — By that old 4-06 News Clipping And I was Right here in Jail. This was caused to Be a deception from criminal Government sources.

## Fact Statement (B) of Claims

By the (5) Five News media local Stations At Channel (4), (5), (7), (8), And (9) Sources / Reporters especiall the Church Receptionist or Supervisor at 777 8th St. N.W. (And) Criminal Justice U.S Attorney office prosecuter — had All caused me to have my life Displaced By Defamation of Character Discrimination — which has Injured me, mentally Emotionally — Depressed and Stressed me out. This is A fact, that the News Coverage of this matter, to the public is panicing — And I am still Appalled About where my life starts And Ends. I wish in fact To have this — Civil Claim Complaint Law suit Filed Against All the Above parties Involve at this time,

Continues ———————— Relief I Request From Court:
From Page (8)

I, Maurice Ceasar, The Plaintiff is Also Filing For Relief Compensately Due, (1) Prunitive and (2) monetary Damages, (3) Equitable Relief and Damages; (4) Descrimination And Degree (5) Harrassment conditions And Damages, (6) Criminal + media Defamation of Character Relief; (7) Invaded Privacy Act Injuries (8) Damages And Injuries (through) Unlaw/Leaks Against me — through Reporters Sources — and Church personnel Receptionist Loss of Home And Jobs ··· (11)

## REPORT OF INJURY OR ILLNESS OF ARRESTEE:

Nature of or cause of arrestee's injury or illness: _Def stated that he's having trouble breathing and has a head ache._

I certify that the above Injury/Illness was received in the manner described above:

_M Chol_

(Signature of Reporting Member)    (Printed Name)              (Signature of Arrestee)    ☐ (Signature Refused)

### SUPERVISORY OFFICIAL'S REPORT:

**Preliminary Investigation:**                              **Preliminary Determination:**

Interviewed the Arrestee?    Yes   No         Referral to CCRB?                    Yes  No
Interviewed the Member?     Yes   No         *Use of Force Report Required?    Yes  No
Further Investigation Required?  Yes  No      *Complaint System Number _____

*Use additional space provided below for explanation of the responses above, or for a brief statement of facts surrounding any injury to persons while in police custody.*

I have reviewed the documentation related to this incident in order to ensure the completeness and accuracy of this report. I certify that the information provided in the preliminary investigation/determination and narrative portions, is a true and accurate reflection of events, to the best of my knowledge:                    Did you witness the incident?    ☐ Yes  ☐ No

_Def stated he's having trouble breathing and is complaining of a head ache. Def was taken to George Washington Hospital for his head injury on 5/10/06. Non MPDC involvement._

**FILED**

AUG - 8 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

06 1404

_R. Michael_                    S 551        5/10/06

(Signature of Supervisory Official)    (Printed Name)        (Badge)        (Date)


(Signature of Watch Commander)    (Printed Name)        (Badge)        (Date)

**FILED**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

AUG - 8 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MAURICE CEASAR,               )
                              )
        Plaintiff,            )
                              )
    v.                        )        Civil Action No.    06 1404
                              )
LOCAL NBC NEWS STATION, et al., )
                              )
        Defendants.           )
_____)

### MEMORANDUM

This matter comes before the Court upon review of Plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The application will be granted but the complaint will be dismissed because it fails to state a basis for federal court jurisdiction.

Plaintiff, a resident of the District of Columbia, brings this action against the a number of television stations, the United States Attorney's Office for the District of Columbia, and Church Renovation Building. He alleges that the defendants has published false and defamatory statements about him, broadcasted a photograph of him, and mentioned his prior criminal history.

Even when read with the liberal interpretation given to *pro se* complaints, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint does not allege any violation of federal law. A federal district court does not have federal question jurisdiction over a state law tort. *Singh v. Georgetown Univ.*, 368 F. Supp. 2d 58, 72 (D.D.C. 2005). Defamation is a cause of action arising under state law. *Jin v. Ministry of State Security*, 254 F. Supp. 2d 61, 68 (D.D.C. 2003); *see also White v. Fraternal Order of Police*, 909 F.2d 512, 515 (D.C. Cir. 1990)(defamation case governed by District of Columbia law). As such, an action for defamation cannot rely on federal question

*3*

jurisdiction. *Mays v. Meeks*, 2006 WL 890671, at *3 (D.D.C. April 5, 2006).

Because plaintiff's claim is not grounded in federal law, the only basis for this Court's jurisdiction would be diversity of citizenship, 28 U.S.C. § 1332(a). Plaintiff does not allege that he is a citizen of another state from that of all defendants. In fact, on the face of the complaint all the parties are listed as residents of the District of Columbia. Accordingly, this Court lacks subject matter jurisdiction over plaintiff's complaint and it will be dismissed. An appropriate order accompanies this Memorandum.

DATE: 4|28|06

United States District Judge

**FILED**

AUG - 8 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MAURICE CEASAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.    06 1404 |
| | ) | |
| LOCAL NBC NEWS STATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

For the reasons stated in the accompanying Memorandum, it is

**ORDERED** that the application to proceed *in forma pauperis* is **GRANTED**; and it is

**FURTHER ORDERED** that this case is **DISMISSED without prejudice** for lack of

subject matter jurisdiction.

_____
United States District Judge

DATE: H 2F ot

# EXHIBIT I

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA CASE NO. 1:06-CV-01506-UNA

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**FILED**

AUG 2 8 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MAURICE CEASAR
R.C. D.C. #208-880
CCA/CTF
1901 E. Street S.E.
Washington D.C. 20003
        vs.

CASE NUMBER  1:06CV01506

JUDGE: Unassigned

DECK TYPE: Pro se General Civil

DATE STAMP: 08/28/2006

To whom Reported (This Broadcast) c/o(This Civil claim):
Related Claims c/o Sources, Leaks, Reporters:
(Five) News Local Stations
And media Broadcasting services
Services which Are Named Here In: As Defendants :

Sources And Reporters
(1) Local - N B C - News station
    W R C Broadcast channel (4) service

(2) Sources And Reporters
Local - Fox - News Station Channel
W t t G (5) media Broadcast
service.

(3) Sources And Reporters
Local - A B C - News Station
Channel WJLA (7) media
Broadcast service.

(4) Sources And Reporters
Local - Channel 9 News
media Broadcast service

**RECEIVED**

AUG 1 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

(1)

Pg.
(2) of page (1)
            VS.

(5) Sources and Reporters
   Local CBS - Channel (9)
   WUSA - Media Broadcast


(6)   Judiciary Center Government
     U.S. Attorney Office
     555  4th  Street N.W.
     Washington D.C. 20001


(7)       Church Renovation Building
     Complainant for my Arrest, affidavit
     Report at: 777  8th  Street N.W.
     Washington D.C. 20001


        Filing Lawsuit Complaint for Violation
        of Civil Rights / Civil Rights Act 42 U.S.C. § 1983
                    = Complaint =
     In Reference to Defamation - Discrimination
     of Character, by News Media - Local Station's
     Sources - and Reporters, who Televised Broadcast.
                    = Facts =
     Due To: False Information sent to News Medias
     Local Sources and Reporters in metropolitian
     Area. without Confirmation to see whether Info-
     rmation sent was active or In-active, Channel (4),
     Channel (5), Channel (7), Channel (8), and Channel (9)
     Local News Stations Televised the mis. Information
     In which on 4-23-06 and After that Day on 4-24-0
     I was shown to Public - However pulled of the air
     Due To: Sources Realizing Reporting Information
     Was wrong * However, This has cause the Public to Panic
     and By May 9, 2006, I MAURICE CEASAR was arrested
                        (2)

IN REFERENCE To the Irregularities and INCONSIST-
ENCIES of this matter of Claim.

= Relief =

(Plaintiff)

I, MAURICE CEASAR, IS Filing this Civil Complaint
For the Defamation and Discrimination of Character.

Especially For False Information sent to the
(5) Five News Local Stations —whom sources
and Reporters Televised me wrongfully. Also
other Parties who caused this type of Delima.
In which I have Name in this civil complaint.

(Relief action)

= REQUEST =

I, MAURICE CEASAR, (Plaintiff) . . .

(1) SEEK From the Court Relief, To have AN court
appointed Attorney Assigned to Represent me.

(2) may this Honorable Court, Bring those who Reported
The mis-Information, or News media's sources
executives who pulled the Televised Report off
the Air, After Defamation of Character issue
has cause a Panic to Public.

(3) I wish to set a trial By Jury and ask this
Honorable Court To Have EACH News Station that
is Responsible to Reveal the Names of EACH
SOURCE and Reporter to stand trial For this
Discrimination and Slander; As well As Degrade
of my Privacy.

(4) may I ask This Honorable Court— That I AM Request-
ing Financial Relief in Damages and Injuries, In which

(3)

2. Did you complain in writing?  (Furnish copy of the complaint you made, if you have one.)    Yes (✗)    No ( )

3. What, if any response did you receive?  (Furnish copy of response, if in writing.)
Verbal Response By Phone ctlls, thtt I should File Lan Suit

4. What happened as a result of your complaint? only told to file. Lan suit in D.C. District Court To Bring Ferwared the Sources + Reporters thtt Violated my Constitution / Civil Rights By Defamation of Character.

## IV.    PARTIES

In item A below, place your name and prison number in the first blank and your present address in the second blank.  Do the same for additional plaintiffs, if any.

A.    Name of Plaintiff: MAURICE CEASAR ✳ 208-880
Address: 1901  E  Street  S.E.  –W.D.C.  2000 3

In item B below, place the full name of the defendant(s) in the first blank, their official position in the second blank, their place of employment in the third blank, and their address in the fourth blank.  Do the same for additional defendants, if any.

B.    Defendant: Sources And Reporters – Defendants Local – NBC – News Station / WRC Broadcast
Address: Channel (4) News 400 Nebraska Ave, Nw Washington, DC

Defendant: Sources And Reporters – Defendants Local – FOX – News Station / WTTG Broadcast
Address: Channel (5) News , 2201 C st. NW Washington, DC

Defendant: Sources And Reporters – Defendants Local – ABC – News Station / WJLA – WJLA
Address: Channel (7) Broadcast  1717 DeSales st. NW Washington, DC

Defendant: Sources And Reporters – Defendants Local Channel (8) News media Broadcast
Address: Channel 8

## V.    STATEMENT OF CLAIM

State here briefly as possible the facts of your case.  Describe how each defendant is involved.

continuous                                    // Add on //
                                                 SHEET //

IV. Parties (B.)
[Defendants]
         ↓

Defendants: Sources and Reporters
Local C B S - New Station / WUSA Media Broadcast

Address: Channel (9) News. 2020 M St. NW Washington, DC
                    W. D. C.


Defendants: Judiciary Center Government
               U.S. Attorney Office
Address: 555 4th Street N.W.
              Washington D.C. 20001


Defendants:
    Supervisor / Receptionist

Address:          Church Renovation Building
    777 8th Street N.W. /W. D. C. 20001

**V.** Statement of Claim:

Include the names of other persons involved, dates, and places. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra sheets, if necessary.

(1) On April - week through the 17 - thru About 24, 2006 This is when the Incident and News Reporters showed my Still picture And my Past History of Criminal cases to the Public - which was Bad media Exposure which was misLEADing And caused A Defamation of Character problem that has Now Displaced my life. Channel (6), (4), (7), (8), And (9) Reported and televised the mis-Information given By the Complainant who warrent me By Affidavit to Be Arrested at the Church Renovation Building, who obviously mis Read - my Criminal History Information that He Illegally took my (TAX INCOME W-2 forms) without my

**VI.    RELIEF**

Facts - ( Statement Claim Add ON From page 8 - xup to page 11 )

State briefly exactly what you want the Court to do for you.

(1) I, the Plaintiff wish to Ask the Honorable Court and Judge - may (He) Appoint AN Attorney From District Court or Federal Public Defendor Service to Reppesent ME ON this ON going Law suit matter.

(2) I Ask that the Defendants in this Law suit Be Bring to Court in concern of trial Date As I mention on Relief (page three) of this Complaint and motion. Also that I Be Financial Rewarded For all Injuries And Damages that estimate up To $3-million Dollars as my life has Been shattered and Displaced By multi Bad Exposure of News Televised mis-Information - in which caused An Defamation of Character and Discrimination Delima. may this Court Grant me an Attorney to Further issues

Signed this _____ day of _____, 2006.

_Mauree Ceasa_
(Signature of Plaintiff)
2006

I declare under penalty of perjury that the foregoing is true and correct.

___/06___
(Date)

_Mauree Ceasa_
(Signature of Plaintiff)
2006

n:\Forms\42 USC 1983

Page (8) part (1)

Statement
Fact Claim (1). (Continues.)

permission and took my social security No:
and ranned it on the computer To Bureau of Prison
. Com or . Gov . . . That (He) At Church Renovation
Building and 777 8th st. N.W. did this to Ridicule
me. Due to a mis-hap - That he had made and then
accused me the (Plaintiff) in this matter to have
Taken something in which I did not have.
Then the Church Receptionist or office Supervisor
Barred me from Renovated property (After) He took
A (Snap shot) Picture of me . I was there for part
work, To see was work Available on 4-17-06

Fact Statement (2)

This Person then E-mails News Stations Around
the metropolitian Area within, I Believe, in mind
to get A way with Creating such mis-information
on the computer E-mail (that) it caused me To Be
wanted For my own Back Past Criminal History INFG.
That was from 20 years Ago - up To Year 2002 And
They were in Reference To Charges that was No-papered
and Dismissed along with my convictions . This Defendant
made it look to the E-mailed News media Stations
As If I was wanted For Just Committing All offenses
That was (Said) on Bureau of prison . Com of my Past
History . This was to get Society to Come Forward
on me or to I.D. and have me Arrested .

Fact Statement (3)

when the media showed my (Stilled) Snap Shot
Barred Picture on Television Between the week
of 4-17-06 - thru - 4-24-06 then/on 6-4, 5, 2006,
I Recognized the Picture that was takened At
Calvary Church Renovated Building .that He-The
Defendant At Church Gave to News Stations Reporters
Page (8) part (2)



(V.)

## Fact statement of Part (7) of Claims

Is trying His hand to Close cases on illegal
NEWS Coverage — That has Been misleading from
the start. (He) Just Been Re-iterating Exposure
of the same misleading news clipping to get the
Grand jury to indict me. (He) The U.S. Attorney
officer/prosecuter showed it to the Public on
6-4-5-06 — To have the Public Believe I was still
on the Run in Society — By that old 4-06 News Clipping
And I was Right here in Jail. This was caused to
Be a deception from Criminal Government Sources.

## Fact Statement (8) of Claims

By the (5) Five NEWS media local Stations at
Channel (4), (5), (7), (8), And (9) Sources / Reporters
especially the Church Receptionist or Supervisor at
777 8th St. N.W. (and) Criminal Justice
U.S Attorney office prosecutor had all caused
me to have my life Displaced By Defamation of Character
Discrimination which has Injured me, mentally
Emotionally — Depressed and stressed me out. This
is a fact, that the NEWS Coverage of this matter to
the public is panicing and I am still Appalled about
where my life starts and Ends. I wish in fact
To have this Civil Claim Complaint Law suit filed
against all the Above parties Involved, at this time.

Continues _____ Relief _ I Request From Court:
From Page (8)

I, Maurice Ceasar, The Plaintiff is Also Filing For Relief
Compensately Due, (1) Prunitive and (2) Monetary Damages,
(3) Equitable Relief and Damages, (4) Descrimination and Degrad
(5) Harrassment conditions And Damages, (6) Criminal & media
Defamation of Character Relief (7) Invaded Privacy Act Injuries
(8) Damages and Injuries (through) unlaw/Leaks against me
through Reporters Sources — and Church personnel Receptionist
Loss of Home and Jobs ... (11)

**FILED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

OCT 3 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Maurice Ceasar,                          )
                                         )
            Plaintiff,                   )
                                         )
      v.                                 )        Civil Action No. 06-1506
                                         )
Local-NBC-News Station *et al.*,         )
                                         )
            Defendants.                  )

## MEMORANDUM

This matter is before the Court on its initial review of plaintiff's *pro se* complaint, which is accompanied with an application for leave to proceed *in forma pauperis*. The Court will grant the application to proceed *in forma pauperis* and will dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal when it appears "that the court lacks jurisdiction of the subject matter").

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts which bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a)

Plaintiff, an inmate at the Correctional Treatment Facility in the District of Columbia, sues local broadcasting stations and reporters for defamation. Jurisdiction is wanting under § 1331 because defamation is not a cognizable claim under the Constitution or federal law. *See Siegert v. Gilley*, 500 U.S. 226, 233 (1991) ("Defamation, by itself, is a tort actionable under the

6

laws of most States, but not a constitutional deprivation."); accord *Mosrie v. Barry*, 718 F.2d

1151, 1159 (D.C. Cir. 1983). Jurisdiction is wanting under § 1332 because plaintiff and the

defendants are listed as residing or working in the District of Columbia and therefore are not of

diverse citizenship. Presumably, plaintiff may seek redress in the Superior Court of the District

of Columbia. A separate Order of dismissal accompanies this Memorandum.

United States District Judge

Date: 10/10/06

- 2 -

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

OCT 3 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Maurice Ceasar,                              )
                                             )
            Plaintiff,                       )
                                             )
    v.                                       )    Civil Action No.  06-1506
                                             )
Local-NBC-News Station *et al.*,             )
                                             )
            Defendants.                      )

### ORDER

For the reasons stated in the accompanying Memorandum, it is this _10th_ day of October 2006,

ORDERED that plaintiff's application to proceed *in forma pauperis* [# 2] is GRANTED; and it is

FURTHER ORDERED that this case is DISMISSED without prejudice.  This is a final appealable Order.

Rosemary M Coly
United States District Judge