## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
)
**MAURICE CEASAR**,                      )
)
     Plaintiff,                     )
)
v.                                       )    Case No. 06-2140-PLF
)
**CBS HEADQUARTERS COMPANY**,            )
***et al.***,                            )
)
     Defendants.                    )
_____)

## DEFENDANT RCN CORPORATION'S
## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

      Comes now, Defendant RCN Corporation ("RCN"), by and through its undersigned counsel, and moves to dismiss Plaintiff's Complaint for the reasons stated in the accompanying Memorandum of Points and Authorities.

Date:  July 11, 2007               Respectfully Submitted,


                           _____/s/_____
                           Daniel E. Farrington (#471403)
                           The Farrington Law Firm, LLC
                           4550 Montgomery Avenue
                           Suite 775 North
                           Bethesda, MD 20814
                           (301) 951-1538 (Tel.)
                           (301) 951-1544 (Fax)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                              )
**MAURICE CEASAR**,                           )
                                              )
              Plaintiff,                       )
                                              )
v.                                            )        Case No. 06-2140-PLF
                                              )
**CBS HEADQUARTERS COMPANY**,                 )
***et al.***,                                 )
                                              )
              Defendants.                      )
_____)

**MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF DEFENDANT RCN
CORPORATION'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Comes now, Defendant RCN Corporation ("RCN"), by and through its undersigned counsel, and hereby submits this Memorandum of Points and Authorities in Support of its Motion to Dismiss Plaintiff's Complaint.

**I.     INTRODUCTION AND BACKGROUND**

Plaintiff Maurice Ceasar, a *pro se* prisoner, has filed a convoluted and confusing Complaint against a number of media and cable defendants, including RCN.  While the Complaint is difficult to follow and although no cause of action is precisely alleged, Ceasar seems to assert that certain unspecified news broadcasts in April and June of 2006 contained partially false information about his criminal record and ongoing criminal activity.  For the reasons described below, the Complaint fails to state any claim upon which relief can be granted and should be dismissed.

Although Ceasar asserts that "misleading and libelous information" was disseminated (Complaint, p.7, ¶1), the Complaint is completely devoid of any allegations

that RCN made any specific statement at all.  Instead, Ceasar simply asserts that news reports were broadcast regarding his criminal activity that included false information and concludes that there was "defamation" (Complaint, p.9, ¶ 15), and that he was "slandered." (Complaint, p.8, ¶ 10).[1]

The Complaint must be dismissed for several independent reasons. First, the Complaint should be dismissed under Rule 12(b)(5) for improper service of process. Second, the Complaint should be dismissed for failure to state a claim upon which relief can be granted because: (1) Plaintiff cannot maintain an action under 42 U.S.C. § 1983 against RCN because it is a private corporation; (2) even reading the Complaint in the light most favorable to Plaintiff, the Complaint does not set forth allegations that meet the basic elements of a claim for defamation; and (3) even if the Complaint did otherwise state a claim for defamation, RCN's role in publishing the information was privileged because the Company was required by law to transmit the allegedly defamatory statements.

## II.  ARGUMENT

### A.  Plaintiff's Complaint Should Be Dismissed for Improper Service of Process.

Rule 4(m) of the Federal Rules of Civil Procedure provides that a complaint must be served within 120 days from the day it is filed.  Here, Plaintiff filed his Complaint on December 14, 2006.  RCN, however, did not receive the Complaint until May 30, 2007, more than 165 days later.  For no other reason, the Court should dismiss the Complaint for improper service of process pursuant to Fed. R. Civ. P. 12(b)(5).  *See Stinecipher v.*

---

[1]     Although Ceasar asserts these news reports were false, he admits that he was in fact arrested on one charge that may have been described in the news reports.  (*See* Complaint, p.10, ¶ 20.)  It is unclear from the Complaint whether Ceasar's current period of incarceration is related to the this arrest.

*United States*, 239 F.R.D. 282, 283 (D.D.C. 2006) (dismissing complaint for failure to meet requirements of Rule 4).

> **B.     Plaintiff's Complaint Must Be Dismissed for Failure to State a Claim Upon Which Relief Can Be Granted.**
>
> **1.     Standards for Dismissal Under Rule 12(b)(6).**

The Court should dismiss a complaint for failure to state a claim upon which relief can be granted where the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *See Visintine v. Bureau of Prisons*, 2007 WL 1020817, at *1 (D.D.C. March 31, 2007) (citation omitted). In evaluating the Complaint, the Court must assume the truth of well-pleaded allegations and give Plaintiff the benefit of all inferences that can be derived from the facts alleged. *Id*. Although the Complaint is to be construed liberally in Plaintiff's favor, "the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by the facts alleged in the complaint; nor must the Court accept plaintiff's legal conclusions." *Woodruff v. Peters*, 2007 WL 1378486, at *2 (D.D.C. May 9, 2007) (citing *Kowal v. MCI Commc'n Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). In addition, while courts generally hold *pro se* complaints to an even less stringent standard than complaints drafted by attorneys, "a *pro se* plaintiff's inferences need not be accepted if such inferences are unsupported by the facts set out in the complaint. A *pro se* complaint, like any other, must state a claim upon which relief may be granted by the court." *Id*. (internal quotations and citations omitted); *see also Prunte v. Universal Music Group*, 484 F. Supp. 2d 32, 37 (D.D.C. 2007).

**2.    Any Claim Under Section 1983 Must be Dismissed because RCN is Not a State Actor.**

Plaintiff states that his "federal constitutional rights" have been violated and requests relief under 42 U.S.C. § 1983.[2]  (Complaint, pp. 2-3.)  Section 1983, however, provides a cause of action for individuals whose rights have been violated by a person acting "under color of any statute, ordinance, regulation, or usage, of any State or Territory or the District of Columbia."  42 U.S.C. § 1983.  "An individual alleging a violation of Section 1983 must demonstrate that the alleged deprivation of constitutional rights was committed by a person or entity acting under color of state law."  *Alexander v. Washington Gas Light Co.*, 481 F. Supp. 2d 16, 27 (D.D.C. 2006) (citations omitted).

Plaintiff does not -- and cannot -- allege that RCN is a state actor or that RCN acted under color of state law.  Indeed, the court may take judicial notice of the fact that RCN is a publicly traded private corporation.[3]  Although RCN is subject to certain government regulation, this fact alone insufficient to find that RCN acted under color of state law in the context of this Complaint.  "[A] finding of state action may not be premised on [a cable operator's] creation, funding, licensing, or regulation by the government in the absence of 'a sufficiently close nexus between the State and the challenged action of the [cable operator] so that the action of the latter may be fairly treated as that of the State itself.'"  *Loce v. Time Warner Entm't Advance/Newhouse*

---

[2]    Ceasar also mentions a "Private Rights Act" (Complaint, p.9, ¶ 15), but does not elaborate.  It is not clear whether Ceasar believes the "Private Rights Act" is the same thing as Section 1983 or some other cause of action.  If Ceasar is trying to state a claim under the Privacy Act, such a claim must be dismissed. The Privacy Act permits individuals to request that information in an agency record be corrected, but such claims must be brought against a government agency and not against a private entity.  *See* 5 U.S.C. § 552a(g)(2)(A).  At one point, Ceasar alleges that "news associations failed to confirm [emailed information regarding past history "stricken from the record"] but aired it to the public."  (*See* Complaint, p.7, ¶2.)  To the extent Ceasar is complaining that there was incorrect information in his criminal record and that this violated the "Private Rights Act" (Complaint, p.9, ¶15), he may be attempting to make a claim under the Privacy Act.  Such a claim, however, cannot be made against a private corporation like RCN.

[3]    RCN trades on the Nasdaq under the ticker symbol "RCNI."

*P'ship*, 191 F.3d 256, 266 (2d Cir. 1999) (quoting *Jackson v. Metro Edison Co.*, 419 U.S. 345, 351 (1974)).  The Complaint here does not allege any connection between RCN and any government, much less the type of close association that would be necessary to find that RCN is a state actor.  Therefore, Plaintiff's purported Section 1983 claim must be dismissed.

> **3.    Plaintiff Fails to Allege any False or Defamatory Statements by RCN and Fails to State a Claim for Defamation.**

Plaintiff's Complaint is replete with general, conclusory statements, such as "reporters . . . [used] misleading and libelous information about my past history to the public."  (Complaint, p.7, ¶ 1.)  These types of broad-brushed allegations, however, are insufficient to state a claim for defamation under District of Columbia law.  Because the Complaint fails to allege each of the elements of the tort, Plaintiff's claim for defamation should be dismissed.

In order to state a claim for defamation in the District of Columbia, a plaintiff must allege "(1) that the defendant made a false and defamatory statement concerning the plaintiff; (2) that the defendant published the statement without privilege to a third party; (3) that the defendant's fault in publishing the statement amounted to at least negligence; and (4) either that the statement was actionable as a matter of law irrespective of special harm or that its publication caused the plaintiff special harm."  *Prins v. International Tel. and Tel. Corp.*, 757 F. Supp. 87, 90 (D.D.C. 1991) (internal quotations and citations omitted).

A properly plead defamation claim must specifically describe the allegedly defamatory statement, *Caudle v. Thomason*, 942 F. Supp. 635, 638-639 (D.D.C. 1996); *Watwood v. Credit Bureau*, 68 A.2d 905, 906 (D.C. Mun. Ct. App. 1949) (affirming

dismissal of defamation claim alleging only that defendants made "'libelous statements'" since such a statement is only a "bare legal conclusion"), and must "plead the time, place, content, speaker, and listener of the alleged defamatory matter."[4]  *Caudle*, 942 F. Supp. At 639 (citation omitted).

Against such a standard, Plaintiff's Complaint is woefully deficient.  Plaintiff has not identified a single specific statement about which he complains.  Similarly, Plaintiff has not identified any specific speaker who made the allegedly defamatory remarks and he has not identified a time or place with any specificity.  A defamation Complaint that lacks any allegation that RCN made a specific false and defamatory statement cannot survive and should be dismissed.

### 4.    RCN's Alleged Publication of Information About Plaintiff was Privileged.

When reduced to their bare essence, Plaintiff's allegations are that local newscasts disseminated unflattering information about Plaintiff and that RCN, as a cable service provider, carried the local broadcasts. Even if the local broadcasters defamed Ceasar, however, RCN's carrying the broadcast on its cable system was privileged because federal law required RCN to do so.  As a cable operator,[5] RCN is required by federal statute to include local broadcast television stations among its channels.  *See* 47 U.S.C. § 534(a) (providing that "[e]ach cable operator shall carry, on the cable system of that

---

[4]    Such specificity is necessary in order to enable a defendant to respond to a complaint.  For example, Ceasar seems to allege at one point a publication of false information regarding his criminal record.  (*See* Complaint, p.8, ¶ 8.)  If so, it could be that the fair reporting privilege, which protects from liability statements quoting, paraphrasing, or otherwise drawing from reports of official proceedings or actions, applies.  *See OAO Alfa Bank v. Center for Public Integrity*, 387 F. Supp. 2d 20, 40 (D.D.C. 2005).  Without a specific allegation, however, it is impossible to know whether the privilege is implicated.

[5]    Under the Cable Act, "cable operator" means "any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system."  47 U.S.C. § 522(5).

operator, the signals of local commercial television stations"). Thus, RCN is obliged to transmit local news programs to its subscribers, including the local news programs generally described in the Complaint.[6]

RCN, therefore, is protected by privilege against any liability for defamatory content in the programs described in the Complaint.[7] "One who is required by law to publish defamatory matter is absolutely privileged to publish it." Restatement (Second) of Torts § 592A (1977); *see also Klayman v. Judicial Watch, Inc.*, 2007 WL 140978 (D.D.C. Jan. 17, 2007) (dismissing claim for defamation based on finding that absolute privilege applied to allegedly defamatory statement in defendant's Form 990 tax return because defendant was required to file Form 990). Because RCN is protected by privilege, Plaintiff's claim for defamation should be dismissed.

### 5.    RCN Cannot be Liable Because it Was a "Mere Distributor" of Allegedly Defamatory Material.

As a cable operator, RCN has no ability to alter, edit, or otherwise change the content of the broadcast programs it carries. Rather, RCN is simply a conduit for the dissemination of broadcast information. Plaintiff has not alleged, nor could he allege, that RCN created, produced, contributed to, edited, or otherwise provided any input for any of the news programs discussed in the Complaint. Indeed, Plaintiff does not allege that RCN even had knowledge of the statements being made by the broadcast stations. Just as a television station is not ordinarily liable for material contained in a contemporaneous network feed, *see, e.g., Medical Lab. Consultants v. American*

---

[6]     The Cable Act requires that cable operators carry the "entirety" of the program schedule, including video, audio, and closed caption transmissions of local television stations. *See* 47 U.S.C. § 534(b)(3).

[7]     Affirmative defenses, such as privilege, may be raised on a motion made pursuant to Federal Rule of Civil Procedure 12(b) where, as hence, "the facts that give rise to the defense are clear from the face of the complaint." *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 578 (D.C. Cir.1998).

*Broadcasting Cos., Inc.*, 931 F. Supp. 1487, 1491-92 (D. Ariz. 1996), RCN cannot be held liable for transmitting over its cable network allegedly defamatory material contained in a contemporaneous local television broadcast.

In *Medical Laboratory Consultants*, the district court dismissed a defamation claim against a local television station after finding that the "wire service defense," which protects newspapers that serve as conduits for national wire service reports, applied to shield a local television network affiliate from liability for allegedly defamatory statements contained in a national television program broadcast by the network.[8] The court recognized that the local television station had not participated in the creation of the program at issue but had served only as a conduit for its distribution. *Id.* at 1492; *see also Auvil v. CBS "60 Minutes*," 800 F. Supp. 928 (E.D. Wash. 1992). Indeed, permitting liability for one who transmits allegedly defamatory material but who is not aware of the contents of the material would be permitting liability for defamation without fault, which is contrary to law. *See Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 347 (1974). Here, RCN was a mere conduit for the allegedly defamatory statements and was not aware of the content of the news programs at issue. Therefore, it cannot be held liable for any defamatory statements made on the broadcasts at issue and Plaintiff's claim for defamation should be dismissed.

---

[8]     The wire service defense has been recognized in the District of Columbia. *See Winn v. United Press Int'l*, 938 F. Supp. 39 (D.D.C. 1996).

III.    **CONCLUSION**

For the foregoing reasons, RCN respectfully requests that the Court grant its Motion to Dismiss Plaintiff's Complaint.

Date:  July 11, 2007                                    Respectfully Submitted,


                                        _____/s/_____
                                        Daniel E. Farrington (#471403)
                                        The Farrington Law Firm, LLC
                                        4550 Montgomery Avenue
                                        Suite 775 North
                                        Bethesda, MD 20814
                                        (301) 951-1538 (Tel.)
                                        (301) 951-1544 (Fax)


<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 11th day of July, 2007, a true and correct copy of the foregoing Motion to Dismiss Plaintiff's Complaint, Memorandum of Law in Support Thereof and Proposed Order were served upon the following person by United States mail, postage prepaid:

                        Maurice Ceasar (R09747-007)
                        Canaan United States Penitentiary
                        C2-Unit
                        P.O. Box 300
                        3057 Easton Turnkpike
                        Waymart, PA 18472


                                        _____/s/_____
                                        Daniel E. Farrington

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                        )
**MAURICE CEASAR**,                     )
                                        )
                Plaintiff,              )
                                        )
v.                                      )          Case No. 06-2140-PLF
                                        )
**CBS HEADQUARTERS COMPANY**,           )
***et al.***,                           )
                                        )
                Defendants.             )
_____)

## [PROPOSED] ORDER

Upon consideration of RCN Corporation's Motion to Dismiss, it is on this _____

day of _____, 2007, ORDERED that:

    1.    The Motion is GRANTED; and

    2.    The Complaint is DISMISSED with prejudice.


                                        _____
                                        United States District Judge