**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MAURICE CEASAR,** | |
| **Plaintiff,** | |
| **vs.** | **Case No. 1:06-CV-02140 (PLF)** |
| **CBS HEADQUARTERS COMPANY, et al.,** | |
| **Defendants.** | |

**DEFENDANTS ABC AND CBS'S MOTION TO DISMISS
OR FOR SUMMARY JUDGMENT**

Defendants American Broadcasting Companies, Inc. ("ABC"), named improperly as "ABC Headquarters Company," and CBS Broadcasting Inc. ("CBS"), named improperly as "CBS Headquarters Company," respectfully move this Court pursuant to Federal Rules of Civil Procedure 12(b)(5), 12(b)(6), and 56 to dismiss the complaint filed by Plaintiff Maurice Ceasar or to enter summary judgment for ABC and CBS.  As set forth more fully in the accompanying memorandum, this motion should be granted and the Complaint dismissed or summary judgment entered for the following reasons:

1.    Neither ABC nor CBS produced or broadcast any reports concerning the plaintiff.

2.    Plaintiff's apparent defamation claim fails to specify any particular statements that are false and defamatory.

3.    Plaintiff's apparent claim under 42 U.S.C. § 1983 fails to allege facts that could transform ABC and CBS – private media entities – into state actors, and even allegedly defamatory news broadcasts could not give rise to any violations of plaintiff's civil rights.

4.    Plaintiff failed to properly serve ABC and CBS.

WHEREFORE, ABC and CBS respectfully request that their motion be granted and the

Complaint be dismissed or summary judgment be entered for ABC and CBS.

Dated:  July 12, 2007                          Respectfully submitted,


                                               LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.

                                               By: /s/ Nathan Siegel
                                                   Nathan Siegel (D.C. Bar. No. 446253)
                                                   Adam J. Rappaport (D.C. Bar No. 479866)
                                               1050 Seventeenth Street, N.W.
                                               Suite 800
                                               Washington, DC 20036
                                               (202) 508-1100

                                               *Counsel for Defendants American Broadcasting
                                               Companies, Inc. and CBS Broadcasting Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**MAURICE CEASAR,**

             **Plaintiff,**

  **vs.**

                                   **Case No. 1:06-CV-02140 (PLF)**

**CBS HEADQUARTERS COMPANY,**
     **et al.,**

             **Defendants.**

**MEMORANDUM IN SUPPORT OF DEFENDANTS ABC AND CBS'S**
**MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

      Defendants American Broadcasting Companies, Inc. ("ABC"), named improperly as "ABC Headquarters Company," and CBS Broadcasting Inc. ("CBS"), named improperly as "CBS Headquarters Company," respectfully submit this memorandum in support of their motion pursuant to Federal Rules of Civil Procedure 12(b)(5), 12(b)(6), and 56 to dismiss the complaint filed by Plaintiff Maurice Ceasar or to enter summary judgment for ABC and CBS.

## INTRODUCTION

      This lawsuit is the latest in a series brought *pro se* by an imprisoned felon against various news organizations and others complaining about the same alleged series of news reports. The Complaint in this case is difficult to decipher, but under a liberal reading it appears to attempt to assert causes of action for defamation and violation of his rights under 42 U.S.C. § 1983 arising from news reports allegedly broadcast by local television stations in the Washington, D.C. area concerning thefts from area churches.

      The purported claims against ABC and CBS must be dismissed, or summary judgment entered for them, for the simple reason that neither of these defendants broadcast any reports

concerning the plaintiff. ABC and CBS are national television networks that produce and distribute programs, including *national* news programs, to local broadcast television stations affiliated with them. Those local stations then broadcast the programs to the viewing public. Neither ABC nor CBS, however, produced or distributed any news reports about the plaintiff or the thefts.

ABC and CBS also cannot be liable for any local news report broadcast by these stations concerning the plaintiff, if there are any, because ABC and CBS do not own, operate or control these stations. Rather, these stations are owned by independent media companies and merely contract with ABC and CBS to receive certain programs that are broadcast nationally, including national news programs. The local news program of the ABC affiliate, for example, is produced and broadcast by that station, and ABC is not involved in its local news reports. The Complaint must be dismissed as to ABC and CBS, or summary judgment entered in their favor, on this ground alone.

Even if ABC or CBS had broadcast any reports concerning the plaintiff, which they did not, his apparent defamation claim would have to be dismissed in any case because the Complaint fails to specify any particular statements that are false and defamatory. Complaints for defamation must allege the substance of a defamatory statement with enough specificity for the defendant to be able to form a response. The vague and often incomprehensible Complaint in this case falls far short of this requirement.

Plaintiff's section 1983 claim must also be dismissed since ABC and CBS did not broadcast any statements about plaintiff. In any event, the Complaint fails to allege facts that could transform these private media entities into state actors for purposes of federal civil rights

claims.  Furthermore, even allegedly defamatory news broadcasts could not give rise to any

violations of plaintiff's civil rights.

Finally, the Complaint must be dismissed because plaintiff has failed to properly serve

ABC and CBS.  Plaintiff attempted to effect service by having the summons and complaint

mailed to "ABC Headquarters Company" and "CBS Headquarters Company."  Mailing is not a

proper method of service under the federal rules, and service by mail on a corporation is valid

under District of Columbia and applicable state law only if an officer or authorized agent of the

corporation is served.  Plaintiff further failed to serve the summons and complaint within 120

days of filing it, as required by the federal rules.

## BACKGROUND

### A.    Parties

Plaintiff is currently incarcerated at Canaan United States Penitentiary in Waymart,

Pennsylvania.  He has a substantial record of felony convictions.  *See Ceasar v. United States*,

Civ. No. 05-0065 (RCL) (D.D.C. May 31, 2005) (listing plaintiff's various convictions)

(attached hereto as Exhibit A).  Most recently, plaintiff pleaded guilty to charges of Second

Degree Burglary and Second Degree Theft in connection with thefts in Washington, D.C.,

including from a church.  *See* Entry of Guilty Plea in *United States v. Ceasar*, Cr. No. 2006 CF3

009216 (D.C. Super. Ct. Aug. 30, 2006) and *United States v. Ceasar*, Cr. No. 2006 CF3 009217

(D.C. Super. Ct. Aug. 30, 2006) (attached hereto as Exhibit B).

Defendant ABC is an indirect, wholly-owned subsidiary of The Walt Disney Company.

*See* Declaration of Griffith W. Foxley ("Foxley Decl.") ¶ 2.  Through its divisions and

subsidiaries, ABC produces and distributes various national television programs, including

national news programs.  *See id.* ¶ 3.  ABC News is a division of ABC that produces national

news programs such as *World News with Charles Gibson* and *Good Morning America*.  *See id.* ¶ 4.  ABC distributes ABC News programs to local television stations affiliated with ABC, which in turn broadcast them to the viewing public.  *See id.* ¶ 5.  ABC News maintains an archive of all of its news programs from the relevant time period and has searched its news archives for any reports that could be related to plaintiff.  *See* Declaration of Joel E. Kanoff ("Kanoff Decl.") ¶ 3.  ABC News never produced or distributed any news reports that mention plaintiff or the alleged church thefts.  *See id.*

ABC or one of its parents also directly or indirectly own and operate a number of local television stations throughout the country.  *See* Foxley Decl. ¶ 6.  Most local television stations, however, are "affiliates," meaning they are owned and operated by entities other than ABC and contractually agree to broadcast national television programs distributed by ABC.  *See id.* ¶ 7.  Approximately 220 local broadcast stations currently are affiliated with ABC.  *See id.*  While ABC distributes various national news programs to its affiliates, local news programs are produced and broadcast by the local broadcast stations themselves.  *See id.* ¶ 8.  ABC does not operate, control, or produce local news programs of stations not owned and operated by ABC or one of its parents.  *See id.*

WJLA-TV (also known as "ABC 7") is ABC's affiliate in the Washington, D.C. market.  *See id.* ¶ 9.  WJLA-TV is an affiliate, and is not owned, operated, or controlled by ABC.  *See id.*  ABC does not operate, control, or produce WJLA-TV's local news programs, including *ABC 7 News*.  *See id.* ¶ 10.  WJLA-TV also is associated with News Channel 8, a regional cable television network.  *See id.* ¶ 11.  ABC does not operate, control, or produce News Channel 8's local news programs.  *See id.*

Defendant CBS is an indirect, wholly-owned subsidary of CBS Corporation. *See* Declaration of Anthony M. Bongiorno ("Bongiorno Decl.") ¶ 2. Like ABC, through its divisions and subsidiaries, CBS produces and distributes various national television programs, including national news programs. *See id.* ¶ 3. CBS News is a division of CBS that produces national news programs such as *CBS Evening News with Katie Couric* and *The Early Show. See id.* ¶ 4. CBS distributes CBS News programs to local television stations affiliated with CBS, which in turn broadcast them to the viewing public. *See id.* ¶ 5. CBS News maintains an archive of all of its news programs from the relevant time period and has searched its news archives for any reports that could be related to plaintiff. *See* Declaration of Roy Carubia ("Carubia Decl.") ¶ 3. CBS News never produced or distributed any news reports that mention plaintiff or the alleged church thefts. *See id.*

Like ABC, CBS or one of its parents also directly or indirectly own and operate a number of local television stations throughout the country. *See* Bongiorno Decl. ¶ 6. Most local television stations, however, are "affiliates," meaning they are owned and operated by entities other than CBS and contractually agree to broadcast national television programs distributed by CBS. *See id.* ¶ 7. Approximately 200 local broadcast stations currently are affiliated with CBS. *See id.* WUSA-TV is CBS's affiliate in the Washington, D.C. market. *See id.* ¶ 8. WUSA-TV is an affiliate, and is not owned, operated, or controlled by CBS. *See id.*

**B.    Plaintiff's Previous Lawsuits Against the News Media**

Before filing the Complaint in this case, the plaintiff filed several similar complaints both in this Court and in the District of Columbia Superior Court. Plaintiff first filed a complaint on August 8, 2006 in this Court against five local television stations, including "Local ABC News Station," "Local Channel 8 News," and "Local CBS-Channel 9." *See* docket and Order in

*Ceaser v. Local NBC News Station, et al.*, No. 06-cv-01404 (attached hereto as Exhibit C).  The

Court immediately dismissed the complaint without prejudice for lack of subject matter

jurisdiction, noting that plaintiff had not asserted a federal question and that there was no

diversity of citizenship.  *See id.*  Plaintiff filed a new complaint on August 28, 2006, this time

against four local television stations, including "Local-ABC-News Station Channel WJLA (7)

Media Broadcast Service" and "Local-Channel 8 News Media Broadcast Service."  *See* docket

and Order in *Ceaser v. Local-NBC-News Station, et al.*, No. 06-cv-01506 (attached hereto as

Exhibit D).  Judge Collyer dismissed this complaint without prejudice on October 31, 2006,

again because the claims asserted were not grounded in federal law and there was no diversity.

*See id.*  The next day, plaintiff filed a complaint in the District of Columbia Superior Court,

again naming five local stations as defendants, including "ABC-News Station . . . Channel (7)

Local News (WJLA)" and "Channel (8) News Station."  *See* docket in *Ceasar v. NBC News*

*Station, et al.*, No. 2006 CA 008052 B (attached hereto as Exhibit E).  That court stayed the case

until March 6, 2008, based on plaintiff's representations about the date he expects to be released

from prison.  *See id.*[1]

C.    **The Complaint**

        Plaintiff filed the Complaint in this case on December 14, 2006.  Perhaps attempting to

create complete diversity, the Complaint names six defendants with addresses outside of the

District of Columbia.  *See* Compl. at 1 (purporting to be a "Diverse-Citizenship Civil

---

        [1] Plaintiff subsequently filed two more complaints in the District of Columbia Superior
Court, one against several newspapers and other news organizations, and another against the
Washington Times newspaper.  *See* dockets in *Ceasar v. Associated Press, et al.*, No. 2007 CA
00171 B (filed Jan. 5, 2007) and *Ceasar v. Washington Times Newspaper*, No. 2007 CA 002362
B (filed Mar. 29, 2007) (attached hereto as Exhibit F).  Both of those cases have been dismissed
with prejudice.

Complaint").  Among these defendants are "ABC Headquarters Company" and "CBS Headquarters Company."  *See id.*

Plaintiff appears to broadly allege that in April 2006 "[t]elevision stations (4), (5), (7), (8), and (9) reported and televised . . . misinformation" about him.  *See* Prisoner Litigation Reform Act form attached to Complaint ("PLRA form") ¶ V(1).  He asserts that he was told that he "was on the news and was wanted for a string of robberies at buildings, churches, and others," and that this information "was shown on the 6 pm and 11 pm news on all five news channels."  *Id.* ¶ V(3).  Plaintiff appears to contend that "[t]he news media, CBS, ABC, NBC, FOX, RCN Cable and Comcast" showed his photograph in connection with alleged crimes.  *Id.* ¶ V(5).[2] Plaintiff apparently alleges that television stations broadcast information provided by a police officer and a church administrator, Paul Rosstead, "without confirmation of the story."  Compl. at 1.  He further appears to claim that in June 2006 these stations again reported "untrue statements" about him.  PLRA form ¶ V(12); *see also id.* ¶ V(5).

Plaintiff appears to allege that his "federal constitutional rights have been violated by unconfirmed reports by the news stations . . . named in this lawsuit," Compl. at 1, and that he is bringing a claim under 42 U.S.C. § 1983, *see id.* at 2.  He also appears to attempt to assert a defamation claim based on the broadcasts.  *See id.*; PLRA form ¶¶ V(1), (10), (15).

While plaintiff filed the Complaint in December 2006, he made no effort to serve it until May 2007, after his Superior Court case against the local television stations was stayed.  *See* May 29, 2007 docket entry (summons issued to all defendants).  At that time, plaintiff attempted to serve ABC by sending by certified mail a copy of the Complaint and the Notice and Acknowledgment to "ABC Headquarters Company" at the address of The Walt Disney

---

[2] Plaintiff also vaguely asserts that "[t]he news associations displayed this report 3 times during the news daily broadcast, even in Baltimore, Maryland."  PLRA form ¶ V(6).

7

Company in Burbank, California.  Plaintiff similarly attempted to serve CBS by sending by

certified mail a copy of the Complaint to "CBS Headquarters Company" at CBS's address in

New York, along with a Notice and Acknowledgment.

## ARGUMENT

Pursuant to Rule 12(b)(6), a motion to dismiss for failure to state a claim should be

granted if it is clear that no relief could be granted under any set of facts consistent with the

allegations.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) (quoting *Hishon v. King*

*& Spalding,* 467 U.S. 69, 73 (1984)).  In considering a motion to dismiss, the Court should draw

all reasonable factual inferences in favor of the plaintiff, but it need not accept factual inferences

unsupported by the facts set out in the complaint or any legal conclusions cast as factual

allegations.  *See, e.g.*, *Islamic Am. Relief Agency v. Gonzales*, 477 F.3d 728, 732 (D.C. Cir.

2007); *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).  *Pro se* complaints

are held to a "less stringent standard" than complaints drafted by attorneys, *Gray v. Poole*, 275

F.3d 1113, 1115 (D.C. Cir. 2002), but "a *pro se* plaintiff's inferences need not be accepted if

such inferences are unsupported by the facts set out in the complaint."  *Woodruff v. Peters*, 2007

WL 1378486, at *2 (D.D.C. May 9, 2007) (internal quotations and citation omitted); *see also*

*Henthorn v. Dep't of Navy*, 29 F.3d 682, 684 (D.C. Cir. 1994).  "[A] *pro se* complaint, like any

other, must present a claim upon which relief can be granted by the court."  *Id.* (internal

quotations and citation omitted); *see also Caldwell v. District of Columbia*, 901 F. Supp. 7, 10

(D.D.C. 1995).

Summary judgment should be granted if "the pleadings, depositions, answers to

interrogatories and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

of law." Fed. R. Civ. P. 56(c).  In opposing a motion for summary judgment, the non-moving

party's opposition must consist of more than mere unsupported allegations or denials, and must

be supported by affidavits or other competent evidence "setting forth specific facts showing that

there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Celotex Corp. v. Catrett*, 477

U.S. 317, 324 (1986).  The non-moving party is "required to provide evidence that would permit

a reasonable jury to find" in his favor.  *Laningham v. U.S. Navy*, 813 F.2d 1236, 1242 (D.C. Cir.

1987).  If the non-movant's evidence is "merely colorable" or "not significantly probative,"

summary judgment may be granted.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50

(1986).  To defeat a motion for summary judgment, "a plaintiff must have more than a scintilla

of evidence to support his claims."  *Freedman v. MCI Telecomm. Corp.*, 255 F.3d 840, 845 (D.C.

Cir. 2001).

**A.   The Defamation Claim Should Be Dismissed or, in the Alternative,
       <u>Summary Judgment Should be Entered for ABC and CBS</u>**

Plaintiff's apparent defamation claim – or any other claim premised on the Complaint's

allegations about news broadcasts – should be dismissed or, in the alternative, summary

judgment should be entered for ABC and CBS, because neither network published any

statements about him at all, let alone any that are false and defamatory.  To state a claim for

defamation, a plaintiff must allege:

> (1) that the defendant made a false and defamatory statement concerning
> the plaintiff; (2) that the defendant published the statement without
> privilege to a third party; (3) that the defendant's fault in publishing the
> statement amounted to at least negligence; and (4) either that the statement
> was actionable as a matter of law irrespective of special harm or that its
> publication caused the plaintiff special harm.

*Beeton v. District of Columbia*, 779 A.2d 918, 923 (D.C. 2001) (internal quotations

and citation omitted); *see also Bannum, Inc. v. Citizens for a Safe Ward Five, Inc.*,

383 F. Supp. 2d 32, 40 (D.D.C. 2005).

The Complaint first should be dismissed because it does not specify any particular false

and defamatory statements broadcast by ABC or CBS about the plaintiff.  Where a Complaint

does not allege a particular false and defamatory statement, it cannot serve as the basis for a

defamation claim because it does not permit the opposing party to form responsive pleadings.

*See Klayman v. Judicial Watch, Inc.*, 2007 WL 140978, at *19 n.12 (D.D.C. Jan. 17, 2007),

*vacated in part on other grounds*, 2007 WL 1034936 (D.D.C. Apr. 13, 2007); *see also, e.g.*,

*Crowley v. North Am. Telecomm. Ass'n.*, 691 A.2d 1169, 1172 (D.C. 1997).  Conclusory

allegations that a defendant made defamatory statements are not sufficient to withstand a motion

to dismiss.  *See Watwood v. Credit Bureau, Inc.*, 68 A.2d 905, 906 (D.C. 1949).  Here, the

plaintiff broadly alleges that five television stations broadcast defamatory statements about him,

but he does not identify a single statement made by any of them.  The Complaint should be

dismissed for this reason alone.

Even if the Complaint did allege particular false and defamatory statements broadcast by

someone, it fails to satisfy the elements of a defamation claim as a matter of law because neither

ABC nor CBS broadcast any statement about him.[3]  ABC and CBS are national television

networks.  Through their respective divisions and subsidiaries, they produce and distribute

programs to stations affiliated with them.  For example, ABC News produces *World News with*

*Charles Gibson*, which ABC distributes to local stations that broadcast it to the public.  CBS

---

[3] To the extent that the Court relies on the attached declarations, it may treat the motion as one for summary judgment.  *See* Fed. R. Civ. P. 12(c); *see also, e.g.*, *Currier v. Postmaster Gen.*, 304 F.3d 87, 88 (D.C. Cir. 2002); *Evans v. District of Columbia*, 391 F. Supp. 2d 160, 164 (D.D.C. 2005).

does the same with the *CBS Evening News with Katie Couric*.  After receiving the Complaint, ABC and CBS searched their news archives for any reports that could be related to plaintiff.  *See* Kanoff Decl. ¶ 3; Carubia Decl. ¶ 3.  Neither ABC News nor CBS News, however, produced or distributed any news reports that mention plaintiff or the alleged church thefts.  *See* Kanoff Decl. ¶ 3; Carubia Decl. ¶ 3.

Nor did any local television station controlled by ABC or CBS broadcast any report concerning the plaintiff.  Plaintiff's Complaint appears to allege that defamatory news reports about him were broadcast on five local television stations, including on channels 7, 8, and 9.  *See* PLRA form ¶ V(1).   These correspond, respectively, to WJLA-TV, News Channel 8, and WUSA-TV.

WJLA-TV is the station affiliated with ABC in the Washington, D.C. market, and News Channel 8 is a regional cable television network associated with WJLA-TV.  ABC does not own, operate or control WJLA-TV or News Channel 8.  These stations are owned a separate company unrelated to ABC, which is responsible for their local news programming.  As a result, ABC cannot be held liable for any local news report allegedly broadcast by these stations concerning the plaintiff.

Similarly, WUSA-TV is the station in the Washington, D.C. market affiliated with CBS.  CBS does not own, operate or control this station and its relationship to that station is in all respects material to this case the same as ABC's relationship to WJLA-TV – it is owned by a separate company unrelated to CBS.  Thus, CBS cannot be held liable for any local news report allegedly broadcast by WUSA-TV concerning the plaintiff.[4]

---

[4] To the extent that plaintiff vaguely alleges that a news report was broadcast in Baltimore, neither ABC nor CBS broadcast any news reports about him there, either.  The station affiliated with ABC in Baltimore, WMAR-TV, is an affiliate and is not owned, operated, or

Indeed, plaintiff appears to be aware that ABC and CBS are not responsible for any alleged broadcasts. Plaintiff has filed three duplicative lawsuits that are substantially similar to this one – two in this Court and one in the District of Columbia Superior Court. In all three, he named local television stations, including WJLA-TV, News Channel 8, and WUSA-TV, as defendants. Only when these cases were dismissed for lack of subject matter jurisdiction and stayed by the Superior Court did he bring this claim against ABC and CBS. Apparently, plaintiff is trying to revive his lawsuit in this Court by suing entities from outside the District of Columbia in an effort to establish complete diversity of parties. This is comparable to the fraudulent joinder of a party to defeat diversity, and plaintiff's naming of parties wholly unrelated to his Complaint similarly should not be permitted. Accordingly, the defamation claim, and any other claims the Complaint might be construed to allege, should be dismissed or, in the alternative, summary judgment should be entered for ABC and CBS.

**B.**     <u>**The Section 1983 Claim Should Be Dismissed**</u>

Plaintiff also fails to state a claim under 42 U.S.C. § 1983 against ABC and CBS. The Complaint is largely unintelligible in this regard, but it appears to allege that his constitutional rights were violated by the broadcast of "unconfirmed reports" about him. Compl. at 1. "To prevail in a civil rights action under 42 U.S.C. § 1983, a plaintiff must plead and prove that the defendants, acting under color of state or D.C. law, deprived the plaintiff of a right secured by the Constitution and laws of the United States." *Edwards v. Okie Dokie, Inc.*, 473 F. Supp. 2d 31, 40 (D.D.C. 2007) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). This claims first fails as a matter of law for the same reasons that plaintiff's defamation claim did. Because ABC and CBS

---

controlled by ABC. *See* Foxley Decl. ¶ 12. While WJZ-TV in Baltimore is owned and operated by CBS, that station's news archives were searched and it also did not broadcast any local news reports concerning plaintiff or the church thefts. *See* Declaration of Portia Gray ¶ 2.

did not broadcast any news reports about him, they took no action that could have deprived him of the rights he alleges were violated.

Even if ABC or CBS had broadcast news reports about the plaintiff, the section 1983 also must be dismissed because plaintiff has not alleged that the networks engaged in any "state action" sufficient to impose constitutional obligations upon them.  A private party may be considered a state actor only if it is a "'willful participant in joint activity with the State or its agent,'" or if "'there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself.'"  *Williams v. United States*, 396 F.3d 412, 414 (D.C. Cir. 2005) (quoting *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295-96 (2001)).  The Complaint, at most, alleges that the defendants broadcast news reports about him, but entirely fails to allege any nexus or joint activity with any public officials.

Moreover, courts have regularly rejected the suggestion that publishing news reports, even those based on information from government officials, is "state action."  A claim asserting that a newspaper published defamatory news reports about anti-nuclear demonstrators was dismissed by this Court, for example, because it "alleges no acts taken by the [media] defendants 'under color of' any state or District of Columbia law."  *Thomas v. News World Commc'ns*, 681 F. Supp. 55, 66 (D.D.C. 1988); *see also, e.g.*, *Phelps v. Wichita Eagle-Beacon*, 886 F.2d 1262, 1271 (10th Cir. 1989) (private newspaper does not engage in state action by publishing article "based upon information obtained from government officials"); *Brown v. Rehnquist*, 2002 WL 32394848, at *5 (E.D.N.Y. May 1, 2002) (reporters "do not act under color of state law merely because they obtained the information for their articles from the police"); *Skinner v. Dwyer*, 1992

13

WL 265995, at *2 (N.D.N.Y. Sept. 9, 1992) (newspaper not state actor "when it publishes news received from police or other state officials").

The Complaint also fails to allege that plaintiff has been deprived of any right secured by the Constitution or laws. "Neither the Constitution nor any laws contemplated under § 1983 establishes a 'right' or 'privilege' to be free from libel or assault *qua* assault. . . . Consequently, no action under § 1983 may lie for plaintiffs' assault, defamation, and libel claims." *Thomas*, 681 F. Supp. at 66. Accordingly, any section 1983 claim should be dismissed.

## C.    <u>Plaintiff Failed to Properly Serve ABC and CBS</u>

The Complaint also should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5) because plaintiff failed to properly serve ABC and CBS. Under Rule 12(b)(5), "[t]he party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law." *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987) (internal quotations and citation omitted). Plaintiff has failed to properly serve ABC and CBS with the summons and Complaint pursuant to Rules 4(e) and 4(h).

Here, the summons and complaint were sent by certified mail to the "ABC Headquarters Company" in Burbank, California and the "CBS Headquarters Company" in New York. Rule 4(h) provides that service on a corporation may be made by delivering a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized to receive service. Service by mail is not a valid method of service under Rule 4(h). *See Cambridge Holdings Group, Inc. v. Fed. Ins. Co.*, -- F.3d --, 2007 WL 1745315, at *5 (D.C. Cir. June 19, 2007). Plainly, plaintiff's attempt at service is not proper under this rule.

14

Rule 4(h) also provides for service under Rule 4(e)(1), which permits service "pursuant to the law of the state or territory in which the district court is located, or in which service is effected." District of Columbia law permits service by certified mail, return receipt requested, on a corporation if the complaint and summons are served on an officer, a managing or general agent, or any other agent of the corporation authorized to receive service. *See* D.C. Super. Ct. R. Civ. P. 4(c)(3), 4(h)(1). Service under this provision is not valid unless the person who signed the receipt is one of the individuals authorized to do so under Superior Court Rule 4(h)(1). *See Lennon v. McClory*, 3 F. Supp. 2d 1461, 1463 (D.D.C. 1998); *see also Kopff v. World Research Group, LLC*, 298 F. Supp. 2d 50, 59 (D.D.C. 2003). New York and California rules have similar requirements for service by mail. *See* N.Y. C.P.L.R. § 311, 312-a; Cal. C.C.P. §§ 415.30, 416.10. Plaintiff has not provided any proof that the individuals who signed the return receipts are authorized to accept service on behalf of ABC or CBS respectively under the applicable District of Columbia and state rules, and therefore has failed to effect service on these defendants.

Even if service on ABC and CBS was proper, the Complaint still should be dismissed because service would have been untimely. Rule 4(m) requires that service be made within 120 days after a complaint is filed. Here, plaintiff filed his Complaint on December 14, 2007, but the summon and complaint were not delivered to CBS until June 1, 2007, 169 days later, and to ABC until June 6, 2007, 174 days after the Complaint was filed.

## CONCLUSION

For all of these reasons, the Court should dismiss the Complaint or, in the alternative,

enter summary judgment for ABC and CBS.


Dated:   July 12, 2007                              Respectfully submitted,


                                                    LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.

                                                    By: /s/ Nathan Siegel
                                                        Nathan Siegel (D.C. Bar. No. 446253)
                                                        Adam J. Rappaport (D.C. Bar No. 479866)
                                                    1050 Seventeenth Street, N.W.
                                                    Suite 800
                                                    Washington, DC 20036
                                                    (202) 508-1100

                                                    *Counsel for Defendants American Broadcasting*
                                                    *Companies, Inc. and CBS Broadcasting Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MAURICE CEASAR,** | |
| **Plaintiff,** | |
| **vs.** | **Case No. 1:06-CV-02140 (PLF)** |
| **CBS HEADQUARTERS COMPANY, et al.,** | |
| **Defendants.** | |

## STATEMENT OF MATERIAL FACTS

Pursuant to Local Civil Rule 7(h), there is no genuine dispute as to following material facts:

1.      Defendant American Broadcasting Companies, Inc. ("ABC"), through its divisions and subsidiaries, produces and distributes various national television programs. Declaration of Griffith W. Foxley ("Foxley Decl.") ¶ 3.

2.      ABC News is a division of ABC.  It produces national news programs such as *World News with Charles Gibson* and *Good Morning America*. *Id.* ¶ 4.

3.       ABC distributes ABC News programs to local television stations affiliated with ABC, which in turn broadcast them to the viewing public.  *Id.* ¶ 5.

4.      ABC News did not broadcast any news story related to Maurice Ceasar, Paul Rosstead, or the Calvary Baptist Church in Washington, D.C..  Declaration of Joel E. Kanoff ¶ 3.

5.      ABC or one of its parents directly or indirectly own and operate a number of local television stations.  Foxley Decl. ¶ 6.

6.      ABC maintains a contractual relationship with approximately 220 local television stations that are "affiliates" of ABC.  Affiliates are owned and operated by entities other than ABC, who contractually agree to broadcast national television programs distributed by ABC.  *Id.* ¶ 7.

7.      While ABC distributes various national news programs to its affiliates, local news programs are produced and broadcast entirely by the local broadcast stations themselves.  Thus, ABC does not operate, control, or produce local news programs of stations that are not owned and operated by ABC or any of its parents.  *Id.* ¶ 8.

8.      WJLA-TV (also known as "ABC 7") is ABC's affiliate in the Washington, D.C. market.  *Id.* ¶ 9.

9.      WJLA-TV is an affiliate and is not owned, operated, or controlled by ABC.  *Id.*

10.      ABC does not operate, control, or produce WJLA-TV's local news programs, including *ABC 7 News*.  *Id.* ¶ 10.

11.      WJLA-TV is associated with News Channel 8, a regional cable television network.  *Id.* ¶ 11.

12.      ABC does not operate, control, or produce any of News Channel 8's local news programs.  *Id.*

13.      WMAR-TV is ABC's affiliate in the Baltimore, Maryland market.  *Id.* ¶ 12.

14.      WMAR-TV is an affiliate and is not owned, operated, or controlled by ABC.  *Id.*

15.      ABC does not operate, control, or produce WMAR-TV's local news programs. *Id.*

16.     Defendant CBS Broadcasting Inc. ("CBS"), through its divisions and subsidiaries, produces and distributes various national television programs.  Declaration of Anthony M. Bongiorno ("Bongiorno Decl.") ¶ 3.

17.     CBS News is a division of CBS.  It produces national news programs such as *CBS Evening News with Katie Couric* and *The Early Show.  Id.* ¶ 4.

18.     CBS distributes CBS News programs to local television stations affiliated with CBS, which in turn broadcast them to the viewing public.  *Id.* ¶ 5.

19.     CBS News did not broadcast any news story related to Maurice Ceasar, Paul Rosstead, or the Calvary Baptist Church in Washington, D.C.  Declaration of Roy Carubia ¶ 3.

20.     CBS or one of its parents directly or indirectly own and operate a number of local television stations affiliated with CBS.  Bongiorno Decl. ¶ 6.

21.     WJZ-TV in Baltimore, Maryland is owned and operated by CBS or one of its parents.  *Id.*

22.     According to a search of the WJZ-TV's archives for the period April 1, 2006 through June 30, 2006, WJZ-TV did not broadcast any news story related to Maurice Ceasar, Paul Rosstead, or the Calvary Baptist Church in Washington, D.C.  Declaration of Portia Gray ¶ 2.

23.     CBS maintains a contractual relationship with approximately 200 local television stations that are affiliates of CBS.  Bongiorno Decl. ¶ 7.

24.     WUSA-TV is CBS's affiliate in the Washington, D.C. market.  *Id.* ¶ 8.

25.     WUSA-TV is an affiliate and is not owned, operated, or controlled by CBS.  *Id.*

Dated:  July 12, 2007                          Respectfully submitted,


                                               LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.

                                               By: /s/ Nathan Siegel
                                                   Nathan Siegel (D.C. Bar. No. 446253)
                                                   Adam J. Rappaport (D.C. Bar No. 479866)
                                               1050 Seventeenth Street, N.W.
                                               Suite 800
                                               Washington, DC 20036
                                               (202) 508-1100

                                               *Counsel for Defendants American Broadcasting
                                               Companies, Inc. and CBS Broadcasting Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 12, 2007, I caused an electronic copy of Defendants ABC and CBS's Motion to Dismiss or for Summary Judgment, the Memorandum in Support, the Statement of Material Facts, the Declarations of Griffith W. Foxley, Joel E. Kanoff, Anthony M. Bongiorno, Roy Carubia, and Portia Gray, and a proposed order, to be served by the Court's Electronic Case Filing System upon all parties scheduled for electronic notice, and on plaintiff *pro se* by first-class mail, postage prepaid, at the following address:

> Maurice Ceasar (R09747-007)
> Canaan United States Penitentiary
> C2-Unit
> P.O. Box 300
> 3057 Easton Turnpike
> Waymart, PA 18472

> /s/ Adam J. Rappaport
> Adam J. Rappaport

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAURICE CEASAR,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CBS HEADQUARTERS COMPANY,<br>et al.,<br><br>　　　　Defendants. | Case No. 1:06-CV-02140 (RMC) |

## DECLARATION OF GRIFFITH W. FOXLEY

Pursuant to 28 U.S.C. § 1746, I, Griffith W. Foxley, hereby declare:

1.　　I am a Vice President of defendant American Broadcasting Companies, Inc. ("ABC"), incorrectly named in this action as "ABC Headquarters Company," and an attorney duly admitted to practice law in the State of New York. I submit this declaration in support of ABC's motion to dismiss and/or for summary judgment. I make this declaration upon my personal knowledge.

2.　　ABC is an indirect, wholly-owned subsidiary of The Walt Disney Company.

3.　　ABC, through its divisions and subsidiaries, produces and distributes various national television programs.

4.　　ABC News is a division of ABC. It produces national news programs such as *World News with Charles Gibson* and *Good Morning America*.

5.　　ABC distributes ABC News programs to local television stations affiliated with ABC, which in turn broadcast them to the viewing public.

6.     ABC or one of its parents also directly or indirectly own and operate a number of local television stations. For example, WABC-TV in New York and KABC-TV in Los Angeles are owned and operated by ABC or its parent.

7.     Otherwise, ABC maintains a contractual relationship with approximately 220 local television stations that are "affiliates" of ABC. Affiliates are owned and operated by entities other than ABC, who contractually agree to broadcast national television programs distributed by ABC.

8.     While ABC distributes various national news programs to its affiliates, local news programs are produced entirely by the local broadcast stations themselves. Thus, ABC does not operate, control or produce local news programs of stations that are not owned and operated by ABC or any of its parents.

9.     WJLA-TV (also known as "ABC 7") is ABC's affiliate in the Washington, D.C. market. WJLA-TV is an affiliate and is not owned, operated, or controlled by ABC.

10.     ABC thus does not operate, control or produce any of WJLA-TV's local news programs, including *ABC 7 News*.

11.     WJLA-TV also is associated with News Channel 8, a regional cable television network. ABC does not operate, control, or produce any of News Channel 8's local news programs.

12.     WMAR-TV is ABC's affiliate in the Baltimore, Maryland market. WMAR-TV is an affiliate and is not owned, operated, or controlled by ABC.

13.     ABC thus does not operate, control, or produce any of WMAR-TV's local news programs.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed:     New York, New York
              July 10 , 2007

_____
Griffith W. Foxley

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAURICE CEASAR,

               Plaintiff,

    vs.

CBS HEADQUARTERS COMPANY,
    et al.,

               Defendants.

Case No. 1:06-CV-02140 (RMC)

## DECLARATION OF JOEL E. KANOFF

Pursuant to 28 U.S.C. § 1746, I, Joel E. Kanoff, hereby declare:

1.     I am employed as Director of Video Resources and Digital Archives for ABC News, which is owned by American Broadcasting Companies, Inc. ("ABC"). I submit this declaration in support of ABC's motion to dismiss and/or for summary judgment. I make this declaration upon my personal knowledge.

2.     In my capacity as Director of Video Resources and Digital Archives, I serve as the custodian of records for ABC News broadcasts.

3.     According to a search of the ABC News archives for the period April 1, 2006 through June 30, 2006, ABC News did not broadcast any news story related to Maurice Ceasar, Paul Rosstead, or the Calvary Baptist Church in Washington, D.C.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed:    New York, New York
             July 11 , 2007

Joel E. Kanoff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAURICE CEASAR,

                    Plaintiff,

    vs.                                              Case No. 1:06-CV-02140 (RMC)

CBS HEADQUARTERS COMPANY,
    et al.,

                    Defendants.

## DECLARATION OF ANTHONY M. BONGIORNO

Pursuant to 28 U.S.C. § 1746, I, Anthony M. Bongiorno, hereby declare:

1.      I am an Assistant Secretary for defendant CBS Broadcasting Inc. ("CBS"),

incorrectly named in this action as "CBS Headquarters Company," and an attorney duly admitted

to practice law in the State of New York.  I respectfully submit this declaration in support of

CBS's motion to dismiss or for summary judgment.  I make this declaration upon my personal

knowledge.

2.      CBS is an indirect, wholly-owned subsidiary of CBS Corporation.

3.      CBS, through its divisions and subsidiaries, produces and distributes various

national television programs.

4.      CBS News is a division of CBS.  It produces national news programs such as *CBS

Evening News with Katie Couric* and *The Early Show*.

5.      CBS also distributes CBS News programs to local television stations affiliated

with CBS, which in turn broadcast them to the viewing public.

6.    CBS or one of its parents also directly or indirectly own and operate a number of local television stations affiliated with CBS.  For example, WJZ-TV in Baltimore, Maryland is owned and operated by CBS or one of its parents.

7.    Otherwise, CBS maintains a contractual relationship with approximately 200 local television stations that are "affiliates" of CBS.  Affiliates are owned and operated by entities other than CBS, who contractually agree to broadcast national television programs distributed by CBS.

8.    WUSA-TV is CBS's affiliate in the Washington, D.C. market.  WUSA-TV is an affiliate and is not owned, operated, or controlled by CBS.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed:    New York, New York
             July 10, 2007

_____
Anthony M. Bongiorno

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAURICE CEASAR,

Plaintiff,

vs.

CBS HEADQUARTERS COMPANY,
et al.,

Defendants.

Case No. 1:06-CV-02140 (RMC)

## DECLARATION OF ROY CARUBIA

Pursuant to 28 U.S.C. § 1746, I, Roy Carubia, hereby declare:

1.    I am employed as the Manager of the CBS News Archives, which is part of CBS Broadcasting Inc. ("CBS"). I submit this declaration in support of CBS's motion to dismiss or for summary judgment. I make this declaration upon my personal knowledge.

2.    In my capacity as Manager of the CBS News Archives, I serve as the custodian of records for CBS News broadcasts.

3.    According to a search of the CBS News archives for the period April 1, 2006 through June 30, 2006, CBS News did not broadcast any news story related to Maurice Ceasar, Paul Rosstead, or the Calvary Baptist Church in Washington, D.C.

I declare under penalty of perjury under the laws of the United States that the foregoing is

true and correct.

Executed:     New York, New York
                July 10, 2007

Roy Carubia

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAURICE CEASAR,

           **Plaintiff,**

    vs.

CBS HEADQUARTERS COMPANY,
    et al.,

           **Defendants.**

Case No. 1:06-CV-02140 (RMC)

## DECLARATION OF PORTIA GRAY

Pursuant to 28 U.S.C. § 1746, I, Portia Gray, hereby declare:

1.    I am employed as the On Air Coordinator for WLZ-TV in Baltimore, Maryland. I submit this declaration in support of CBS Broadcasting Inc.'s motion to dismiss or for summary judgment. I make this declaration upon my personal knowledge.

2.    According to a search of the WJZ-TV's archives for the period April 1, 2006 through June 30, 2006, WJZ-TV did not broadcast any news story related to Maurice Ceasar, Paul Rosstead, or the Calvary Baptist Church in Washington, D.C.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed:    Baltimore, Maryland
           July _11_, 2007

                                    Portia Gray

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

MAURICE CEASAR, )
)
    Petitioner, )
)
        v. )    Civil Action No. 05-0065 (RCL)
)
UNITED STATES, *et al.*, )
)
    Respondents. )

# FILED

## MAY 3 1 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM OPINION

    This matter is before the Court on consideration of petitioner's petition for a writ of habeas corpus.[1] Having considered the petition, the respondents' response to the Court's Order to Show Cause, and the entire record of the case, the Court will deny the petition.

## I.  BACKGROUND

    On August 15, 1983, petitioner was sentenced in the Superior Court of the District of Columbia to three concurrent terms of four to 20 years' imprisonment. Pet., Ex. (Judgment and Commitment Order, F-7641-81 dated August 13, 1983); Resp't Resp., Ex. A (same).[2] Petitioner was released on parole in 1987. *See* Resp't Resp., Ex. C (Excerpt from presentence

---

    [1]    At the time he filed this petition, petitioner was detained at the D.C. Jail. Although he since has been transferred to the Federal Correctional Institution in Estill, South Carolina, this Court retains jurisdiction. *See Rumsfeld v. Padilla*, ___ U.S. ___, 124 S.Ct. 2711, 2720 (2004); *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 806 n.2 (D.C. Cir. 1988).

    [2]    The court reduced petitioner's minimum sentence to 42 months' imprisonment. *See* Pet., Ex. (Amended Judgment and Commitment Order, F-7641-81 dated December 18, 1986).

investigation report). In 1993 and 1994, petitioner was sentenced to terms of probation, only to have probation terminated and prison sentences imposed upon conviction of additional criminal offenses. *See id.* In subsequent years, petitioner was released on parole at least three times, only to return to custody to serve terms of imprisonment for additional offenses or upon revocation of parole. *See id.* & Ex. D (Inmate Record) at 9, Ex. F (Judgment and Commitment Order, Criminal No. F-341-02), Ex. G (Notice of Action dated April 17, 2003), & Ex. M (Notice of Action dated October 26, 2004). Petitioner's presumptive reparole date most recently was set for December 9, 2005, and his full term date is September 13, 2014. *Id.*, Ex. M & Ex. P (Sentence Monitoring Computation Data sheet as of April 4, 2005).

## II. DISCUSSION

Petitioner contends that the sentence imposed in Criminal No. F-7641-81 has expired. He alleges, generally, that respondents have calculated his full term date incorrectly, such that he remains incarcerated and subject to parole supervision long after having served this prison sentence. In addition, he challenges the forfeiture of credit for time spent on parole ("street time") prior to revocation. Apparently, petitioner misunderstands the impact of the intervening criminal convictions on service of the sentence imposed in Criminal No. F-7641-81.

Petitioner receives credit towards service of the sentence imposed in Criminal No. F-7641-81 only for the days spent in custody for service of that sentence. The days he spent in custody for service of sentences imposed in the intervening criminal cases are not credited toward service of the sentence imposed in Criminal No. F-7641-81.

Under District of Columbia law, petitioner forfeits all credit for street time. "The time a prisoner was on parole shall not be taken into account to diminish the time for which he was

2

sentenced." D.C. Code § 24-406(a); *United States Parole Comm'n v. Noble*, 711 A.2d 85 (D.C. 1998) (concluding that time offender spends on parole before revocation cannot be credited toward service of sentence). Such forfeiture does not violate the United States Constitution. *See Davis v. Moore*, 772 A.2d 204 (D.C. 2001) (en banc) (holding that retroactive application of *Noble* does not violate due process and *ex post facto* clauses).

Respondent demonstrates that petitioner has received all the credit he is due. As of August 10, 2004, the date on which petitioner last was taken into custody, he owes 3,688 days on the sentence imposed in Criminal No. F-7641-81. Because that time has not expired, petitioner's current custody is lawful.

### III. CONCLUSION

A writ of habeas corpus shall not extend to a District of Columbia prisoner unless he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §2241(c)(3). Petitioner has made no such showing, and, therefore the Court must deny his petition. An Order consistent with this Memorandum Opinion will be issued this same day.

ROYCE C. LAMBERTH
United States District Judge

Date: 5/27/05

3

# EXHIBIT B

Superior ~~rt~~ of the District of Columbia
Criminal Division

*PLd  Jo B-II*
*Dismiss all other*
*counts*

~~District of Columbia~~
United States

*WAIVE PAPERS*

vs.

Criminal No. *06-CF3-92/6*

*MAURICE CEASAR*

*PSI : 10/20/06*

## WAIVER OF TRIAL BY JURY OR COURT *Sent. 10/2 57 06*
## UPON ENTRY OF GUILTY PLEA

**YOU ARE NOT REQUIRED TO PLEAD GUILTY.** If you do plead guilty, you will give up important rights, some of which are stated below.

**First,** you give up your constitutional right to a trial by jury or by the court. At a trial the Government would be required to present evidence to prove you are guilty beyond a reasonable doubt. You would have the right to cross-examine the government's witnesses and you could have witnesses come to court and testify for you. You also would have the right to testify if you wanted to; however, if you chose not to present testimony that decision could not be used against you. You could not be convicted at a jury trial unless all 12 jurors agreed that the government had proved your guilt beyond a reasonable doubt. You could not be convicted in a non-jury trial unless the court found that the government had proved your guilt beyond a reasonable doubt.

**Second,** you give up the right to appeal your conviction to the Court of Appeals. This is a right you would have if you were convicted following either a jury or non-jury trial. The right to appeal includes the right to have the Court of Appeals appoint a lawyer for you and pay for the lawyer's services to represent you in the Court of Appeals if you could not afford a lawyer.

**Third,** if you are not a citizen of the United States, your plea of guilty could result in your deportation, exclusion from admission to the United States, or denial of naturalization.

Your **signature on this form** means that you wish to plead guilty and give up your right to a trial of any kind, and your right to appeal. When your plea is accepted by the court, you will be convicted and the only matter left in this case will be for the court to sentence you.

I HAVE REVIEWED THIS FORM WITH MY LAWYER AND HAVE DECIDED TO PLEAD GUILTY IN THIS CASE. I HAVE DECIDED TO GIVE UP MY CONSTITUTIONAL RIGHT TO HAVE A TRIAL AND TO GIVE UP MY RIGHT TO APPEAL.

_____
Defendant

_____
Attorney for Defendant

_____
Assistant U.S. Attorney or
Assistant Corporation Counsel

APPROVED this ___*30*___ day of
___*August*___, ___*2006*___
(Date)                     (Year)

_____
Judge

White – Court Jacket      Canary – USAO      P

*46*
*DC*

*If the Defendant PG to Burglary IB and Theft II in this case, the government will drop the greater charge of Theft I. Reserve depback, wave repea paper (applica + reserve allocut*

~~perior~~ Court of the District of Colum~~b~~
Criminal Division

United States
~~District of Columbia~~

vs.

MAVRICE CENSAR

Criminal No. 06-CF3-9217

## WAIVER OF TRIAL BY JURY OR COURT
## UPON ENTRY OF GUILTY PLEA

*PSI 10/20/06*
*SENT 10/25/06*

**YOU ARE NOT REQUIRED TO PLEAD GUILTY.** If you do plead guilty, you will give up important rights, some of which are stated below.

First, you give up your constitutional right to a trial by jury or by the court. At a trial the Government would be required to present evidence to prove you are guilty beyond a reasonable doubt. You would have the right to cross-examine the government's witnesses and you could have witnesses come to court and testify for you. You also would have the right to testify if you wanted to; however, if you chose not to present testimony that decision could not be used against you. You could not be convicted at a jury trial unless all 12 jurors agreed that the government had proved your guilt beyond a reasonable doubt. You could not be convicted in a non-jury trial unless the court found that the government had proved your guilt beyond a reasonable doubt.

Second, you give up the right to appeal your conviction to the Court of Appeals. This is a right you would have if you were convicted following either a jury or non-jury trial. The right to appeal includes the right to have the Court of Appeals appoint a lawyer for you and pay for the lawyer's services to represent you in the Court of Appeals if you could not afford a lawyer.

Third, if you are not a citizen of the United States, your plea of guilty could result in your deportation, exclusion from admission to the United States, or denial of naturalization.

**Your signature on this form means that you wish to plead guilty and give up your right to a trial of any kind, and your right to appeal. When your plea is accepted by the court, you will be convicted and the only matter left in this case will be for the court to sentence you.**

I HAVE REVIEWED THIS FORM WITH MY LAWYER AND HAVE DECIDED TO PLEAD GUILTY IN THIS CASE. I HAVE DECIDED TO GIVE UP MY CONSTITUTIONAL RIGHT TO HAVE A TRIAL AND TO GIVE UP MY RIGHT TO APPEAL.

_____
Defendant

_____
Attorney for Defendant

_____
Assistant U.S. Attorney or
Assistant Corporation Counsel

APPROVED this _____30_____ day of
___August_____, ___200(___
            (Date)            (Year)

_____
Judge

White – Court Jacket    Canary – USAO    Pink – 

Form CD-2073/Mar. 99

Case: 2006 CF3 009217
2082599940

# EXHIBIT C

CLOSED, JURY, PROSE-PR, TYPE-F

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:06-cv-01404-UNA

CEASAR v. LOCAL NBC NEWS STATION et al
Assigned to: Unassigned
Demand: $-1,294,967,296
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 08/08/2006
Date Terminated: 08/08/2006
Jury Demand: Plaintiff
Nature of Suit: 550 Prisoner: Civil
Rights
Jurisdiction: Federal Question

**Plaintiff**

**MAURICE CEASAR**

represented by **MAURICE CEASAR**
R09747-007
CANAAN UNITED STATES
PENITENTIARY
C - Unit
P.O. Box 300
3057 Easton Turnpike
Waymart, PA 18472
PRO SE

V.

**Defendant**

**LOCAL NBC NEWS STATION**

**Defendant**

**LOCAL FOX NEWS STATION**

**Defendant**

**LOCAL ABC NEWS STATION**

**Defendant**

**LOCAL CHANNEL 8 NEWS**

**Defendant**

**LOCAL CBS-CHANNEL 9**

**Defendant**

**JUDICIARY CENTER
GOVERNMENT**
*Us Attorney Office*

**Defendant**

**CHURCH RENOVATION BUILDING**

*Complaintant for my arrest, affidavit*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/08/2006 | 1 | COMPLAINT against LOCAL NBC NEWS STATION, LOCAL FOX NEWS STATION, LOCAL ABC NEWS STATION, LOCAL CHANNEL 8 NEWS, LOCAL CBS-CHANNEL 9, JUDICIARY CENTER GOVERNMENT, CHURCH RENOVATION BUILDING filed by MAURICE CEASAR.(ls, ). (Entered: 08/08/2006) |
| 08/08/2006 | | SUMMONS Not Issued as to LOCAL NBC NEWS STATION, LOCAL FOX NEWS STATION, LOCAL ABC NEWS STATION, LOCAL CHANNEL 8 NEWS, LOCAL CBS-CHANNEL 9, JUDICIARY CENTER GOVERNMENT, CHURCH RENOVATION BUILDING (ls, ) . (Entered: 08/08/2006) |
| 08/08/2006 | 2 | MOTION for Leave to Proceed in forma pauperis by MAURICE CEASAR. (ls, ) (Entered: 08/08/2006) |
| 08/08/2006 | 3 | MEMORANDUM . Signed by Judge Paul L. Friedman on 7/28/06. (ls, ) (Entered: 08/08/2006) |
| 08/08/2006 | 4 | ORDER dismissed case without prejudice; Ordered that the plaintiff's application to proceed in forma pauperis is granted. Signed by Judge Paul L. Friedman on 7/28/06. (ls, ) (Entered: 08/08/2006) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 07/11/2007 10:06:59 | | |
| **PACER Login:** ls0326 | **Client Code:** | |
| **Description:** Docket Report | **Search Criteria:** | 1:06-cv-01404-UNA |
| **Billable Pages:** 1 | **Cost:** | 0.08 |

**FILED**

AUG - 8 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MAURICE CEASAR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No.  **06 1404** |
| | ) |
| LOCAL NBC NEWS STATION, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM

This matter comes before the Court upon review of Plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The application will be granted but the complaint will be dismissed because it fails to state a basis for federal court jurisdiction.

Plaintiff, a resident of the District of Columbia, brings this action against the a number of television stations, the United States Attorney's Office for the District of Columbia, and Church Renovation Building. He alleges that the defendants has published false and defamatory statements about him, broadcasted a photograph of him, and mentioned his prior criminal history.

Even when read with the liberal interpretation given to *pro se* complaints, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint does not allege any violation of federal law. A federal district court does not have federal question jurisdiction over a state law tort. *Singh v. Georgetown Univ.*, 368 F. Supp. 2d 58, 72 (D.D.C. 2005). Defamation is a cause of action arising under state law. *Jin v. Ministry of State Security*, 254 F. Supp. 2d 61, 68 (D.D.C. 2003); *see also White v. Fraternal Order of Police*, 909 F.2d 512, 515 (D.C. Cir. 1990)(defamation case governed by District of Columbia law). As such, an action for defamation cannot rely on federal question

*3*

jurisdiction. *Mays v. Meeks*, 2006 WL 890671, at *3 (D.D.C. April 5, 2006).

Because plaintiff's claim is not grounded in federal law, the only basis for this Court's jurisdiction would be diversity of citizenship, 28 U.S.C. § 1332(a). Plaintiff does not allege that he is a citizen of another state from that of all defendants. In fact, on the face of the complaint all the parties are listed as residents of the District of Columbia. Accordingly, this Court lacks subject matter jurisdiction over plaintiff's complaint and it will be dismissed. An appropriate order accompanies this Memorandum.

DATE: 7 | 28 | 06

United States District Judge

FILED

AUG - 8 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MAURICE CEASAR,　　　　　　　　　）
　　　　　　　　　　　　　　　　　）
　　　　　　Plaintiff,　　　　　　　　）
　　　　　　　　　　　　　　　　　）
　　v.　　　　　　　　　　　　　　　）　　Civil Action No.　　06 1404
　　　　　　　　　　　　　　　　　）
LOCAL NBC NEWS STATION, et al.,　　）
　　　　　　　　　　　　　　　　　）
　　　　　　Defendants.　　　　　　　）
　　　　　　　　　　　　　　　　　）

### ORDER

For the reasons stated in the accompanying Memorandum, it is

**ORDERED** that the application to proceed *in forma pauperis* is **GRANTED**; and it is

**FURTHER ORDERED** that this case is **DISMISSED  without prejudice** for lack of

subject matter jurisdiction.

_____
United States District Judge

DATE: H-2-F|-06

4

# EXHIBIT D

CLOSED, PROSE-PR, TYPE-F

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:06-cv-01506-UNA

CEASAR v. LOCAL-NBC-NEWS STATION et al
Assigned to: Unassigned
Demand: $-1,294,967,296
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 08/28/2006
Date Terminated: 10/31/2006
Jury Demand: None
Nature of Suit: 550 Prisoner: Civil Rights
Jurisdiction: Federal Question

**Plaintiff**

**MAURICE CEASAR**                    represented by   **MAURICE CEASAR**
R09747-007
CANAAN UNITED STATES
PENITENTIARY
C - Unit
P.O. Box 300
3057 Easton Turnpike
Waymart, PA 18472
PRO SE

V.

**Defendant**

**LOCAL-NBC-NEWS STATION**
*WRC Broadcast Channel (4) Service*

**Defendant**

**LOCAL-FOX-NEWS STATION**
*WTTG (5) Media Broadcast Service*

**Defendant**

**LOCAL-ABC-NEWS STATION**
*Channel WJLA (7) Media Broadcast Service*

**Defendant**

**LOCAL-CHANNEL 8 NEWS**
*Media Broadcast Service*

**Defendant**

**JUDICIARY CENTER GOVERNMENT**
*U. S. Attorney Office*

**Defendant**

**CHURCH RENOVATION
BUILDING**
*Complaint for my Arrest, Affidavit*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/28/2006 | 1 | COMPLAINT against CHURCH RENOVATION BUILDING, LOCAL-NBC-NEWS STATION, LOCAL-FOX-NEWS STATION, LOCAL-ABC-NEWS STATION, LOCAL-CHANNEL 8 NEWS, JUDICIARY CENTER GOVERNMENT filed by MAURICE CEASAR. (Filing fee $0.00) (ls, ) M (Entered: 08/30/2006) |
| 08/28/2006 | | SUMMONS Not Issued as to CHURCH RENOVATION BUILDING, LOCAL-NBC-NEWS STATION, LOCAL-FOX-NEWS STATION, LOCAL-ABC-NEWS STATION, LOCAL-CHANNEL 8 NEWS, JUDICIARY CENTER GOVERNMENT (ls, ) (Entered: 08/30/2006) |
| 08/28/2006 | 2 | MOTION for Leave to Proceed in forma pauperis by MAURICE CEASAR. (ls, ) (Entered: 08/30/2006) |
| 08/28/2006 | 3 | ORDER that within (30) days plaintiff shall provide the court with a certified copy of his trust fund account statement for the six-month period; Failure to comply with this order will result in dismissal of this action. Signed by Judge Richard J. Leon on 8/17/06. (ls, ) (Entered: 08/30/2006) |
| 09/25/2006 | 4 | Letter from William Michael to Judge Richard J. Leon (fiat) (jf, ) (Entered: 09/28/2006) |
| 10/27/2006 | 5 | Letter from Maurice Ceasar to Judge Richard J. Leon. (jf, ). (Entered: 10/31/2006) |
| 10/31/2006 | 6 | MEMORANDUM AND OPINION. Signed by Judge Rosemary M. Collyer on 10/10/06. (ls, ). (Entered: 10/31/2006) |
| 10/31/2006 | 7 | ORDER DISMISSING PRO SE CASE WITHOUT PREJUDICE; Further order that plaintiff's application to proceed in forma pauperis is granted; This is a final appealable order. Signed by Judge Rosemary M. Collyer on 10/10/06. (ls, ) . (Entered: 10/31/2006) |
| 05/10/2007 | 8 | NOTICE of Change of Address by MAURICE CEASAR (ls, ) (Entered: 05/17/2007) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 07/11/2007 10:08:20 | | |
| **PACER Login:** | ls0326 | **Client Code:** | |

| Description: | | Docket Report | Search Criteria: | 1:06-cv-01506-UNA |
|---|---|---|---|---|
| Billable Pages: | 1 | | Cost: | 0.08 |

**FILED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

OCT 3 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Maurice Ceasar,                    )
                                   )
         Plaintiff,                )
                                   )
         v.                        )        Civil Action No. 06-1506
                                   )
Local-NBC-News Station *et al.*,   )
                                   )
         Defendants.               )

<u>MEMORANDUM</u>

This matter is before the Court on its initial review of plaintiff's *pro se* complaint, which is accompanied with an application for leave to proceed *in forma pauperis*. The Court will grant the application to proceed *in forma pauperis* and will dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal when it appears "that the court lacks jurisdiction of the subject matter").

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts which bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a)

Plaintiff, an inmate at the Correctional Treatment Facility in the District of Columbia, sues local broadcasting stations and reporters for defamation. Jurisdiction is wanting under § 1331 because defamation is not a cognizable claim under the Constitution or federal law. *See Siegert v. Gilley*, 500 U.S. 226, 233 (1991) ("Defamation, by itself, is a tort actionable under the

6

laws of most States, but not a constitutional deprivation."); accord *Mosrie v. Barry*, 718 F.2d

1151, 1159 (D.C. Cir. 1983). Jurisdiction is wanting under § 1332 because plaintiff and the

defendants are listed as residing or working in the District of Columbia and therefore are not of

diverse citizenship. Presumably, plaintiff may seek redress in the Superior Court of the District

of Columbia. A separate Order of dismissal accompanies this Memorandum.

United States District Judge

Date: 10/10/06

- 2 -

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

OCT 3 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Maurice Ceasar,                          )
                                         )
     Plaintiff,                     )
                                         )
     v.                             )        Civil Action No.  06-1506
                                         )
Local-NBC-News Station *et al.*,         )
                                         )
     Defendants.                    )

## ORDER

For the reasons stated in the accompanying Memorandum, it is this _10th_ day of October

2006,

     ORDERED that plaintiff's application to proceed *in forma pauperis* [# 2] is GRANTED;

and it is

     FURTHER ORDERED that this case is DISMISSED without prejudice.  This is a final

appealable Order.

_Rosemary M Coly_
United States District Judge

# EXHIBIT E

## 2006 CA 008052 B CEASAR, MAURICE Vs. NBC NEWS STATION

| **File Date** 11/01/2006 | **Case Status** Open | **Case Status Date** 11/01/2006 |
|---|---|---|
| | **Case Disposition** Undisposed | **Case Disposition Date** |

### Party Information

| Party Name | Party Alias(es) | Party Type | Attorney(s) | Attorney Phone |
|---|---|---|---|---|
| CEASAR, MAURICE | | PLAINTIFF | PRO SE | |
| NBC NEWS STATION | | Defendant | TOBIN, Mr CHARLES D | (202)995-3000 |
| | | | BONILLA, JUDITH F | (202)915-3000 |
| FOX (5) LOCAL NEWS STATION | | Defendant | TOBIN, Mr CHARLES D | (202)995-3000 |
| | | | BONILLA, JUDITH F | (202)915-3000 |
| ABC NEWS STATION | | Defendant | TOBIN, Mr CHARLES D | (202)995-3000 |
| | | | BONILLA, JUDITH F | (202)915-3000 |
| CBS NEWS STATION | | Defendant | TOBIN, Mr CHARLES D | (202)995-3000 |
| | | | BONILLA, JUDITH F | (202)915-3000 |
| CHANNEL (8) NEWS STATION | | Defendant | TOBIN, Mr CHARLES D | (202)995-3000 |
| | | | BONILLA, JUDITH F | (202)915-3000 |

### Case Schedule

| Date | Start Time | Event Type | Result |
|---|---|---|---|
| 03/06/2008 | 10:00 AM | Status Hearing | |

### Docket Entries

| Date | Text |
|---|---|
| 05/15/2007 | Praecipe to Change Address of Maurice Ceasar as plaintiff in this case Filed PRO SE (Attorney) on behalf of MAURICE CEASAR (PLAINTIFF) |
| 03/29/2007 | Returned: Status Hearing Issued on: March 12, 2007 Notice Mailed to: ABC News Station Notice Returned to Court on: March 27, 2007 Reason: Return to sender, Unable to forward |
| 03/29/2007 | Returned: Status Hearing Issued on: March 12, 2007 Notice Mailed to: Channel (8) News Station Notice Returned to Court on: March 27, 2007 Reason: Return to sender, Unable to forward |
| 03/23/2007 | Oral Ruling on Written Motion Entered on the Docket. Pltff's motion for default judgment is denied as moot in light of the court's orders at the scheduling conference on March 9, 2007. ehb |

| | |
|---|---|
| 03/14/2007 | Returned Scheduling Conference Hearing notice issued on February 12, 2007 Mailed to ABC News Station Returned to Court on February 21, 2007 Reason: Not deliverable as addressed |
| 03/14/2007 | Returned Scheduling Conference Hearing notice issued on February 12, 2007 Mailed to Channel (8) News Station Returned to Court on February 21, 2007 Reason: Insufficient address |
| 03/09/2007 | Stay Entered is entered until Plaintiff is released from jail per oral ruling by Judge Beck on 03/09/07. mr |
| 03/09/2007 | Praecipe to Enter Appearance Filed Entering the Appearance of Judith F. Bonilla, Esq. on behalf of the Defendants. 03/09/07 mr |
| 03/09/2007 | Event Scheduled Event: Status Hearing Date: 03/06/2008 Time: 10:00 am Judge: BECK, RONNA L Location: Courtroom 518 |
| 03/09/2007 | Notice of Hearing Mailed Next Business Day Notice Of Hearing Sent on: 03/09/2007 17:09:48 |
| 03/09/2007 | Event Resulted: The following event: Status Hearing scheduled for 03/07/2008 at 10:30 am has been resulted as follows: Result: Event Scheduled in Error Judge: BECK, RONNA L Location: Courtroom 518 |
| 03/09/2007 | Event Scheduled Event: Status Hearing Date: 03/07/2008 Time: 10:30 am Judge: BECK, RONNA L Location: Courtroom 518 Result: Event Scheduled in Error |
| 03/09/2007 | Notice of Hearing Mailed Next Business Day Notice Of Hearing Sent on: 03/09/2007 17:07:14 |
| 03/09/2007 | Event Resulted: The following event: Scheduling Conference Hearing scheduled for 03/09/2007 at 9:30 am has been resulted as follows: Result: Scheduling Conference Hearing Not Held (COURTROOM 518 - CourtSmart) Atty Bonilla present for defendants. Pltf is incarcerated and participated by telephone. Status Hearing held. Atty Bonilla will accept service on behalf on all defendants. The Court will stay this case until pltf is released. Further Status Hearing is scheduled for March 6, 2008 at 10:00 a.m. The court will address defts filing an answer at that hearing. The appearance of Judith F. Bonilla, Esq. and Charles D. Tobin, Esq. is entered on behalf of the defendants. Praecipe filed. JUDGE BECK / mr Judge: BECK, RONNA L Location: Courtroom 518 |
| 03/06/2007 | Motion for Approval of Service in Reference to Default of Judgment Attorney: PRO SE (999999) |
| 02/20/2007 | Denial of Default Pursuant to Rule 55 (a). Notice Denying Req for Deflt Judgt (No Resp Date) Sent on: 02/20/2007 15:56:51 |
| 02/12/2007 | Event Scheduled Event: Scheduling Conference Hearing Date: 03/09/2007 Time: 9:30 am Judge: BECK, RONNA L Location: Courtroom 518 |
| 02/12/2007 | Notice of Hearing Mailed Next Business Day Notice Of Hearing Sent on: 02/12/2007 15:14:27 |
| 02/12/2007 | Request: For Default Judgment Praecipe Notice to be Entered by Clerk of Court Against the Defendants Named in the Civil Complaint Affidavit/Motion SCR-CIV. 55B1 Ruling Filed Attorney: PRO SE (999999) MAURICE CEASAR (PLAINTIFF); |
| 02/09/2007 | Event Resulted: The following event: Initial Scheduling Conference-60 scheduled for 02/09/2007 at 9:30 am has been resulted as follows: Result: Scheduling Conference Hearing Not Held (COURTROOM 518 - CourtSmart) Atty Mark Miller stood in on behalf of the defendants. Pro se plaintiff participated by telephone. (Pltf is incarcerated). Scheduling Conference reset for March 9, 2007 at 9:30 a.m. JUDGE BECK / mr Judge: BECK, RONNA L Location: Courtroom 518 |
| 01/23/2007 | Proof of Service to Order Denying Plaintiff's Request for An Order Preventing the Bureau of Prisons from Moving Him From The Facility Where He is Incarcerated submitted 01/23/2007 14:28. dcm. signed by J/Beck on 1/22/07. |
| 01/23/2007 | Order Denying Plaintiff's Request for An Order Preventing the Bureau of Prisons from Moving Him From The Facility Where He is Incarcerated submitted 01/23/2007 14:28. dcm. signed by J/Beck on 1/22/07. |
| 01/23/2007 | Order Sua Sponte Denying Plaintiff's Request, which the court treated as motion, for the court to issue an order preventing the Bureau of Prisons from moving him from the facility where he is incarcerated so that he would be available to prosecute his civil case. Signed by Judge Beck on 1/22/07; efiled, docketed and copies mailed from chambers on 1/23/07. sbg |

| | |
|---|---|
| 01/18/2007 | Letter of Concern/Request PRO SE (Attorney) on behalf of MAURICE CEASAR (PLAINTIFF) |
| 01/18/2007 | Proof of Service Method : Service Issued Issued : 11/13/2006 Service : Summons Issued Served : 01/09/2007 Return : 01/18/2007 On : CBS NEWS STATION Signed By : Reason : Proof of Service Comment : Tracking #: 5000024133 |
| 01/18/2007 | Affidavit of Service of Summons & Complaint by mail on CBS NEWS STATION (Defendant); |
| 01/18/2007 | Proof of Service Method : Service Issued Issued : 11/13/2006 Service : Summons Issued Served : 01/08/2007 Return : 01/18/2007 On : NBC NEWS STATION Signed By : Reason : Proof of Service Comment : Tracking #: 5000024130 |
| 01/18/2007 | Affidavit of Service of Summons & Complaint by mail on NBC NEWS STATION (Defendant); |
| 01/11/2007 | Affidavit of Service of Summons & Complaint by Certifed Mail on FOX (5) LOCAL NEWS STATION (Defendant); |
| 01/11/2007 | Affidavit of Service of Summons & Complaint by Certified Mail on ABC NEWS STATION (Defendant); |
| 01/11/2007 | Affidavit of Service of Summons & Complaint by Certifed Mail on CHANNEL (8) NEWS STATION (Defendant); |
| 01/09/2007 | Denial of Default Pursuant to Rule 55 (a). Notice Mailed No Proof of service in court file. Notice Denying Request for Default Judgment Sent on: 01/09/2007 12:15:21 MAURICE CEASAR (PLAINTIFF); |
| 01/03/2007 | Order Denying pro se Plaintiff's Motion - Request to Have an Attorney Appointed on this Civil Case Docket signed by Judge Canan 1/3/07. Entered on Docket 1/3/07. Mailed 1/4/07. mcd |
| 12/29/2006 | Event Scheduled Event: Initial Scheduling Conference-60 Date: 02/09/2007 Time: 9:30 am Judge: BECK, RONNA L Location: Courtroom 518 |
| 12/29/2006 | Judge Caseload Transfer The judge was changed from CIVIL CAL 8, JUDGE BECK to BECK, RONNA . |
| 12/27/2006 | Denial of Default Pursuant to Rule 55 (a). Notice Mailed Notice Denying Request for Default Judgment Sent on: 12/27/2006 07:51:54 |
| 12/26/2006 | Event Scheduled Event: Initial Scheduling Conference-60 Date: 02/09/2007 Time: 9:30 am Judge: CIVIL CAL 8, JUDGE BECK Location: Courtroom 518 |
| 12/26/2006 | Judge Caseload Transfer The judge was changed from CANAN, RUSSELL F to CIVIL CAL 8, JUDGE BECK . |
| 12/26/2006 | Complaint Summons and I.O. with Acknowledgment Form mailed to Deft(s) by the Clerk Pursuant to SCR 54-II this date: ABC Local News WJLA Channel (7) Executive/ Producer PRO SE (Attorney) on behalf of MAURICE CEASAR (PLAINTIFF) |
| 12/26/2006 | Complaint Summons and I.O. with Acknowledgment Form mailed to Deft(s) by the Clerk Pursuant to SCR 54-II this date: Channel (8) News Stations Producer, Sources, and Executive PRO SE (Attorney) on behalf of MAURICE CEASAR (PLAINTIFF) |
| 12/26/2006 | ENTERED IN ERROR (wrong code) jew |
| 12/26/2006 | Summons Filed On Channel (8) News Station Excecutives, Sources, and Producers MAURICE CEASAR (PLAINTIFF); |
| 12/26/2006 | Summons Filed On ABC Local News/ WJLA Channel (7) Executives/Producer and Sources Attorney: PRO SE (999999) |
| 12/21/2006 | Praecipe Requesting for Default Judgment to Be Entered By Clerk of Court Against the Defendants Named in the Civil Affidavit/Motion SCR-CIV.55B1 Ruling Filed Attorney: PRO SE (999999) NBC NEWS STATION (Defendant); FOX (5) LOCAL NEWS STATION (Defendant); ABC NEWS STATION (Defendant); CBS NEWS STATION (Defendant); CHANNEL (8) NEWS STATION (Defendant); |
| 12/13/2006 | Praecipe Requesting to Enter a Default Filed Attorney: PRO SE (999999) NBC NEWS STATION (Defendant); FOX (5) LOCAL NEWS STATION (Defendant); CBS NEWS STATION (Defendant); |
| 11/24/2006 | Notice entered on: Mailed to: Channel 8 Local News Returned to Court on: 11-24-06 Reason: Return To Sender |
| 11/21/2006 | Notice entered on: Mailed to: ABC Local News Station Returned to Court on: 11-21-06 Reason: Return To Sender |
| 11/13/2006 | Issue Date: 11/13/2006 Service: Summons Issued Method: Service Issued Cost Per: $ |

| | |
|---|---|
| | NBC NEWS STATION 4001 Nebraska Avenue, NW WASHINGTON, DC 20016 Tracking No: 5000024130 FOX (5) LOCAL NEWS STATION 5151 Wisconsin Avenue, NW WASHINGTON, DC 20016 Tracking No: 5000024131 ABC NEWS STATION 4010 Chesapeke Street, NW WASHINGTON, DC 20016 Tracking No: 5000024132 CBS NEWS STATION 4100 Wisconsin Avenue, NW WASHINGTON, DC 20016 Tracking No: 5000024133 CHANNEL (8) NEWS STATION 9315 Largo Drive Largo, MD 20774 Tracking No: 5000024134 |
| 11/08/2006 | Complaint Summons and I.O. with Acknowledgment Form mailed to Defendant NBC Local News Station by the Clerk Pursuant to SCR 54-II on November 8, 2006. MAURICE CEASAR (PLAINTIFF); |
| 11/08/2006 | Complaint Summons and I.O. with Acknowledgment Form mailed to Defendant ABC Local News Station by the Clerk Pursuant to SCR 54-II on November 8, 2006. MAURICE CEASAR (PLAINTIFF); |
| 11/08/2006 | Complaint Summons and I.O. with Acknowledgment Form mailed to Defendant CBS Local News Station by the Clerk Pursuant to SCR 54-II on November 8, 2006. MAURICE CEASAR (PLAINTIFF); |
| 11/08/2006 | Complaint Summons and I.O. with Acknowledgment Form mailed to Defendant Fox (5) Local News Station by the Clerk Pursuant to SCR 54-II on November 8, 2006. MAURICE CEASAR (PLAINTIFF); |
| 11/08/2006 | Complaint Summons and I.O. with Acknowledgment Form mailed to Defendant Channel (8) News Station by the Clerk Pursuant to SCR 54-II on November 8, 2006. MAURICE CEASAR (PLAINTIFF); |
| 11/02/2006 | Order Granting Motion to Proceed In Forma Pauperis Signed by Judge Greene on October 31, 2006 Entered on the Docket on November 2, 2006 |
| 11/02/2006 | Event Scheduled Event: Initial Scheduling Conference-60 Date: 02/09/2007 Time: 9:30 am Judge: CANAN, RUSSELL F Location: Courtroom 518 |
| 11/01/2006 | Motion to Proceed In Forma Pauperis Filed Attorney: PRO SE (999999) MAURICE CEASAR (PLAINTIFF); |
| 11/01/2006 | Complaint for False Accusation Filed |

# EXHIBIT F

**2007 CA 000171 B CEASAR, MAURICE Vs. ASSOCIATED PRESS**

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 01/05/2007 | **Case Status** | Closed | **Case Status Date** | 01/05/2007 |
| | | **Case Disposition** | Order Granting Motion to Dismiss Entered on Dkt | **Case Disposition Date** | 05/17/2007 |

## Party Information

| Party Name | Party Alias(es) | Party Type | Attorney(s) | Attorney Phone |
|---|---|---|---|---|
| CEASAR, MAURICE | | PLAINTIFF | PRO SE | |
| ASSOCIATED PRESS | | Defendant | TOBIN, Mr CHARLES D | (202)995-3000 |
| U.S. TODAY'S NEWS PAPER ASSOCIATION | | Defendant | TOBIN, Mr CHARLES D | (202)995-3000 |
| WASHINGTON POST NEWSPAPER ASSOCIATION | | Defendant | SHANAHAN, RACHEL | (202)434-5952 |
| WASHINGTON EXPRESS NEWSPAPER ASSOCIATION | | Defendant | SHANAHAN, RACHEL | (202)434-5952 |
| ROSSTEAD, PAUL | | Defendant | CAFRITZ, Mr BRIAN A | (804)320-6312 |

## Financial Entries

| Receipt # | Date | Received From | | Amount Paid |
|---|---|---|---|---|
| 71665 | 05/04/2007 | Tobin, Charles | | 20.00 |
| | **Payment** | | **Fee** | |
| | Receipt Depositor | 20.00 | Cost | 20.00 |

| Receipt # | Date | Received From | | Amount Paid |
|---|---|---|---|---|
| 70909 | 04/27/2007 | SHANAHAN, RACHEL | | 20.00 |
| | **Payment** | | **Fee** | |
| | Receipt Depositor | 20.00 | Cost | 20.00 |

| Receipt # | Date | Received From | | Amount Paid |
|---|---|---|---|---|
| 70877 | 04/26/2007 | Charles Tobin | | 20.00 |
| | **Payment** | | **Fee** | |
| | Receipt Depositor | 20.00 | Cost | 20.00 |

| Receipt # | Date | Received From | | Amount Paid |
|---|---|---|---|---|
| 70287 | 04/23/2007 | BEALL, JUSTIN M | | 20.00 |
| | **Payment** | | **Fee** | |

| Receipt Depositor | 20.00 | Cost | 20.00 |

| Receipt # | Date | Received From | | Amount Paid |
|---|---|---|---|---|
| 63518 | 01/30/2007 | PRO SE | | 20.00 |
| | **Payment** | | **Fee** | |
| | Check | 20.00 | Cost | 20.00 |

## Docket Entries

| Date | Text |
|---|---|
| 05/17/2007 | Proof of Service to Order Granting Motion to Dismiss Submitted on 05/17/2007 11:44. jmv. Signed by Judge Morin on 5/16/07. |
| 05/17/2007 | Order Granting Motion to Dismiss Submitted on 05/17/2007 11:44. jmv. Signed by Judge Morin on 5/16/07. |
| 05/17/2007 | Order Granting Motion to Dismiss Entered on the Docket on 05/17/07; Order Signed by Judge Morin 5/16/17; Order E-filed 5/17/07; Copies served electronically on counsel through eFiling for Courts and a copy was mailed on 5/17/07 to pro se party(s) as follows: Maurice Cesar, DC #208-880-CCA/CTF, 1901 E. Street, SE, Washington, DC 20003. |
| 05/01/2007 | (ENTRY CREATED FOR IMAGE PURPOSES ONLY).dcm. Defendant The Associated Press Motion to Dismiss Filed. submitted 05/01/2007 14:59. ksc Attorney: TOBIN, Mr CHARLES D (455593) ASSOCIATED PRESS (Defendant); Receipt: 71665 Date: 05/04/2007 |
| 05/01/2007 | Defendant The Associated Press Motion to Dismiss Filed. submitted 05/01/2007 14:59. ksc Attorney: TOBIN, Mr CHARLES D (455593) ASSOCIATED PRESS (Defendant); Receipt: 71665 Date: 05/04/2007 |
| 04/27/2007 | Event Resulted: The following event: Scheduling Conference Hearing scheduled for 04/27/2007 at 9:30 am has been resulted as follows: Result: Scheduling Conference Hearing Not Held Defendant's Counsel Present Only. Defendants Paul Rosstead, USA Today's, The Washington Post and Express Motion to Dismiss, Granted. Judge: MORIN, ROBERT E Location: Courtroom 517 |
| 04/27/2007 | Oral Ruling on Written Motion By The Washington Post and Express to Dismiss, Granted and Entered on the Docket |
| 04/27/2007 | Oral Ruling on Written Motion by USA Today's Motion to Dismiss, Granted and Entered on the Docket |
| 04/27/2007 | Oral Ruling on Written Motion, Paul Rosstad Renewed Motion to Dismiss, Granted and Entered on the Docket |
| 04/20/2007 | Line Entering Appearance Filed. Submitted 04/20/2007 16:06. sams. Attorney: TOBIN, Mr CHARLES D (455593) ASSOCIATED PRESS (Defendant); U.S. TODAY'S NEWS PAPER ASSOCIATION (Defendant); |
| 04/20/2007 | Motion of The Washington Post and Express to Dismiss The Complaint Filed. Submitted 04/20/2007 15:41. sams. Attorney: SHANAHAN, RACHEL (493445) WASHINGTON POST NEWSPAPER ASSOCIATION (Defendant); WASHINGTON EXPRESS NEWSPAPER ASSOCIATION (Defendant); Receipt: 70909 Date: 04/27/2007 |
| 04/20/2007 | Additional eFiling Document to Defendant's USA Today's Motion to Dismiss Filed. Submitted 4/20/2007 16:36. ts. Attorney: TOBIN, Mr CHARLES D (455593) |
| 04/20/2007 | Defendant's USA Today's Motion to Dismiss Filed. Submitted 4/20/2007 16:36. ts. Attorney: TOBIN, Mr CHARLES D (455593) Receipt: 70877 Date: 04/26/2007 |
| 04/17/2007 | Motion to exclude Mr. Paul Rosstead from this Civil Complaint in order to draft a more definitive Civil Claim Statement once I can get a legal attorney to represent me Filed: Attorney: PRO SE (999999) MAURICE CEASAR (PLAINTIFF); |
| 04/09/2007 | Letter entered on: Mailed to: DC Superior Court Returned to Court on: 4-9-07 Reason: Return To Sender |
| 04/06/2007 | Paul Rosstead's Renewed Motion to Dismiss Filed. Submitted 04/06/2007 14:02. ajm Attorney: BEALL, JUSTIN M (502394) PAUL ROSSTEAD (Defendant); |

| | |
|---|---|
| 04/04/2007 | Proof of Service to Order Sua Sponte to/for: Rescheduling Initial Scheduling Conference to 4/27/07 due to Judge not being available Entered on Docket Submitted on 04/04/2007 17:49. jmv. Signed by Judge Morin on 4/3/07. |
| 04/04/2007 | Order Sua Sponte to/for: Rescheduling Initial Scheduling Conference to 4/27/07 due to Judge not being available Entered on Docket Submitted on 04/04/2007 17:49. jmv. Signed by Judge Morin on 4/3/07. |
| 04/04/2007 | Order Sua Sponte Entered on Docket on 04/04/07; Order SIGNED by Judge Morin on 04/03/07 and E-Filed on 04/04/07. Copies served electronically on counsel through eFiling for Courts. The Initial Scheduling Conference is rescheduled from 4/13/07 to 4/27/07 due to judge unavailable. (lyg) Also a copy was mailed from chambers on 4/5/07 to pro se party(s) as follows: Maurice Ceasar # 208880 C.C.A/C.T.F./D4-B Cell 23 1901 E Street, NE Washington, DC 20003 Plaintiff, Pro se Associated Press 450 West 33rd Street New York, NY 10001 U.S. Today Newspaper Association 7950 Jones Branch Drive McLean, VA 22108-0605 Washington Post Express Newspaper Association 1150 15th Street, NW Washington, DC 20071 Washington Post Newspaper Association 1150 15th Street, NW Washington, DC 20071 |
| 04/03/2007 | Event Scheduled Event: Scheduling Conference Hearing Date: 04/27/2007 Time: 9:30 am Judge: MORIN, ROBERT E Location: Courtroom 517 |
| 04/03/2007 | Notice of Hearing Mailed Next Business Day Notice Of Hearing Sent on: 04/03/2007 12:24:39 |
| 04/03/2007 | Event Resulted: The following event: Initial Scheduling Conference-60 scheduled for 04/13/2007 at 9:30 am has been resulted as follows: Result: Scheduling Conf Hrg Cont'd - Judge Not Available - in L&T court. Judge: MORIN, ROBERT E Location: Courtroom 517 |
| 03/07/2007 | Proof of Service Method : Service Issued Issued : 01/12/2007 Service : Summons Issued Served : 02/01/2007 Return : 03/07/2007 On : ROSSTEAD, PAUL Signed By : Reason : Proof of Service Comment : Tracking #: 5000025849 |
| 03/07/2007 | Affidavit of Service of Summons & Complaint by mail on PAUL ROSSTEAD (Defendant); |
| 03/07/2007 | Proof of Service Method : Service Issued Issued : 01/12/2007 Service : Summons Issued Served : 02/01/2007 Return : 03/07/2007 On : WASHINGTON POST NEWSPAPER ASSOCIATION Signed By : Reason : Proof of Service Comment : Tracking #: 5000025847 |
| 03/07/2007 | Affidavit of Service of Summons & Complaint by mail on WASHINGTON POST NEWSPAPER ASSOCIATION (Defendant); |
| 03/07/2007 | Proof of Service Method : Service Issued Issued : 01/12/2007 Service : Summons Issued Served : 02/01/2007 Return : 03/07/2007 On : WASHINGTON EXPRESS NEWSPAPER ASSOCIATION Signed By : Reason : Proof of Service Comment : Tracking #: 5000025848 |
| 03/07/2007 | Affidavit of Service of Summons & Complaint by mail on WASHINGTON EXPRESS NEWSPAPER ASSOCIATION (Defendant); |
| 03/07/2007 | Proof of Service Method : Service Issued Issued : 01/12/2007 Service : Summons Issued Served : 02/02/2007 Return : 03/07/2007 On : U.S. TODAY'S NEWS PAPER ASSOCIATION Signed By : Reason : Proof of Service Comment : Tracking #: 5000025846 |
| 03/07/2007 | Affidavit of Service of Summons & Complaint by mail on U.S. TODAY'S NEWS PAPER ASSOCIATION (Defendant); |
| 03/02/2007 | Proof of Service To Order Granting and Denying In Part Defendant Paul Rosstead Motion To Dismiss submitted 03/02/2007 10:49. ksc. Signed By J/Morin on 3/2/07 |
| 03/02/2007 | Order Granting and Denying In Part Defendant Paul Rosstead Motion To Dismiss submitted 03/02/2007 10:49. ksc. Signed By J/Morin on 3/2/07 |
| 03/02/2007 | Order Granting in Part Paul Rosstead's Motion to Dismiss, and, in the Alternative, Motion for a More Definite Statement Entered on the Docket on 3/2/07. Order Signed on 3/2/07 by Judge Morin. Order eFiled on 3/2/07. Copy served electronically on counsel, and by mail on pro se Plaintiff Maurice Ceasar on 3/2/07. Ordered that Plaintiff shall have 21 days from the docketing of this order in which to submit a more definite statement. (lyg) |
| 01/30/2007 | Paul Rosstead's Motion To Dismiss And, In The Alternative Motion For A More Definitive Statement Filed: Attorney: WORST, Mr ROBERT E (469849) PAUL ROSSTEAD (Defendant); Receipt: 63518 Date: 01/30/2007 |

| | |
|---|---|
| 01/12/2007 | Issue Date: 01/12/2007 Service: Summons Issued Method: Service Issued Cost Per: $ ASSOCIATED PRESS 450 West 33rd Street NEW YORK, NY 10001 Tracking No: 5000025845 U.S. TODAY'S NEWS PAPER ASSOCIATION 7950 Jones Branch Drive MC LEAN, VA 22108 Tracking No: 5000025846 WASHINGTON POST NEWSPAPER ASSOCIATION 1150 15th Street, NW WASHINGTON, DC 20071 Tracking No: 5000025847 WASHINGTON EXPRESS NEWSPAPER ASSOCIATION 1150 15th Street, NW WASHINGTON, DC 20071 Tracking No: 5000025848 ROSSTEAD, PAUL 777 8th Street, NW WASHINGTON, DC 20001 Tracking No: 5000025849 |
| 01/11/2007 | Complaint Summons and I.O. with Acknowledgment Form mailed to Defendant Washington Express Newspaper Association by the Clerk Pursuant to SCR 54-II this date January 11, 2007. MAURICE CEASAR (PLAINTIFF); |
| 01/11/2007 | Complaint Summons and I.O. with Acknowledgment Form mailed to Defendant Washington Post Newspaper Association by the Clerk Pursuant to SCR 54-II this date January 11, 2007. MAURICE CEASAR (PLAINTIFF); |
| 01/11/2007 | Complaint Summons and I.O. with Acknowledgment Form mailed to Defendant Paul Rosstead by the Clerk Pursuant to SCR 54-II this date January 11, 2007. MAURICE CEASAR (PLAINTIFF); |
| 01/11/2007 | Complaint Summons and I.O. with Acknowledgment Form mailed to Defendant Associated Press by the Clerk Pursuant to SCR 54-II this date January 11, 2007. MAURICE CEASAR (PLAINTIFF); |
| 01/11/2007 | Complaint Summons and I.O. with Acknowledgment Form mailed to Defendant U.S. Today's Newspaper Association by the Clerk Pursuant to SCR 54-II this date January 11, 2007. MAURICE CEASAR (PLAINTIFF); |
| 01/11/2007 | Event Scheduled Event: Initial Scheduling Conference-60 Date: 04/13/2007 Time: 9:30 am Judge: MORIN, ROBERT E Location: Courtroom 517 |
| 01/05/2007 | Order Granting Motion to Proceed In Forma Pauperis Signed by Judge Beaudin on November 29, 2006. Case received in the Civil Clerk's Office on January 5, 2007 and Entered on the Docket on January 11, 2006. |
| 01/05/2007 | Motion to Proceed In Forma Pauperis Filed Attorney: PRO SE (999999) MAURICE CEASAR (PLAINTIFF); |
| 01/05/2007 | Complaint for Conversion Filed |

## 2007 CA 002362 B CEASAR, MAURICE Vs. WASHINGTON TIMES NEWSPAPER

| File Date | 03/29/2007 | Case Status | Closed | Case Status Date | 03/29/2007 |
|---|---|---|---|---|---|
| | | Case Disposition | Order Granting Motion to Dismiss Entered on Dkt | Case Disposition Date | 05/21/2007 |

### Party Information

| Party Name | Party Alias(es) | Party Type | Attorney(s) | Attorney Phone |
|---|---|---|---|---|
| CEASAR, MAURICE | | PLAINTIFF | PRO SE | |
| WASHINGTON TIMES NEWSPAPER | | Defendant | FARBER, Mr ALLEN V | (202)230-5300 |

### Financial Entries

| Receipt # | Date | Received From | | Amount Paid |
|---|---|---|---|---|
| 71466 | 05/03/2007 | FARBER, Mr ALLEN V | | 20.00 |
| | **Payment** | | **Fee** | |
| | Receipt Depositor | 20.00 | Cost | 20.00 |

### Docket Entries

| Date | Text |
|---|---|
| 05/21/2007 | Proof of Service To Order Granting Defendant's Motion to Dismiss Complaint with Prejudice signed by Judge Anderson on May 18, 2007. Submitted 05/21/2007 15:46. sams. Attorney: ANDERSON, JENNIFER M (393920) |
| 05/21/2007 | Order Granting Defendant's Motion to Dismiss Complaint with Prejudice signed by Judge Anderson on May 18, 2007. Submitted 05/21/2007 15:46. sams. Attorney: ANDERSON, JENNIFER M (393920) |
| 05/21/2007 | Event Resulted: The following event: Initial Scheduling Conference-60 scheduled for 07/06/2007 at 9:30 am has been resulted as follows: Result: Event Cancelled Judge: ANDERSON, JENNIFER M Location: Courtroom A-50 |
| 05/21/2007 | Order Granting Defendant's Motion to Dismiss Complaint Entered on the Docket 5/21/07. Signed by Judge Anderson 5/18/07. Copies efiled 5/21/07.dsd |
| 05/15/2007 | Praecipe to Change Address of Plaintiff Maurice Ceasar Filed PRO SE (Attorney) on behalf of MAURICE CEASAR (PLAINTIFF) |
| 04/27/2007 | Motion to Dismiss Complaint With Prejudice Filed. Submitted 04/27/2007 17:01. sams. Attorney: FARBER, Mr ALLEN V (912865) WASHINGTON TIMES NEWSPAPER (Defendant); Receipt: 71466 Date: 05/03/2007 |
| 04/25/2007 | Proof of Service Method : Service Issued Issued : 04/02/2007 Service : Summons Issued Served : 04/17/2007 Return : 04/25/2007 On : WASHINGTON TIMES NEWSPAPER Signed By : Imhotep Kyumba Reason : Proof of Service Comment : Tracking #: 5000030095 |
| 04/25/2007 | Affidavit of Service of Summons & Complaint by Mail on WASHINGTON TIMES NEWSPAPER (Defendant); |
| 04/02/2007 | Issue Date: 04/02/2007 Service: Summons Issued Method: Service Issued Cost Per: $ WASHINGTON TIMES NEWSPAPER 3600 NEW YORK AVENUE NE WASHINGTON, DC 20002 Tracking No: 5000030095 |
| 03/30/2007 | Complaint Summons and I.O. with Acknowledgment Form mailed to Defendant Washington Times Newspaper by the Clerk Pursuant to SCR 54-II this date: March 30, |

| | |
|---|---|
| | 2007 MAURICE CEASAR (PLAINTIFF); |
| 03/30/2007 | Order Granting Motion to Proceed In Forma Pauperis Signed by Judge Wertheim on March 28, 2007 and Entered on the Docket on March 30, 2007 |
| 03/30/2007 | Event Scheduled Event: Initial Scheduling Conference-60 Date: 07/06/2007 Time: 9:30 am Judge: ANDERSON, JENNIFER M Location: Courtroom A-50 |
| 03/29/2007 | Motion to Proceed In Forma Pauperis Filed Attorney: PRO SE (999999) MAURICE CEASAR (PLAINTIFF); |
| 03/29/2007 | Complaint for False Accusation Filed |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

**MAURICE CEASAR,**

        **Plaintiff,**

vs.

**CBS HEADQUARTERS COMPANY,**
    **et al.,**

        **Defendants.**

---

**Case No. 1:06-CV-02140 (PLF)**

## [PROPOSED] ORDER

UPON CONSIDERATION OF Defendants American Broadcasting Companies, Inc. and CBS Broadcasting Inc.'s Motion to Dismiss or for Summary Judgment, the memorandum and declarations in support thereof, and any opposition thereto, it is hereby

ORDERED that Defendants American Broadcasting Companies, Inc. and CBS Broadcasting Inc.'s Motion is granted.  It is hereby further

ORDERED that the Complaint is dismissed with prejudice.  In the alternative, it is hereby

ORDERED that summary judgment is entered for Defendants American Broadcasting Companies, Inc. and CBS Broadcasting Inc.


Dated: _____, 2007

                                   _____

                                   PAUL L. FRIEDMAN
                                   United States District Court Judge

Serve:

Maurice Ceasar (R09747-007)
Canaan United States Penitentiary
C2-Unit
P.O. Box 300
3057 Easton Turnpike
Waymart, PA 18472

Charles D. Tobin
Holland & Knight, L.L.P.
2099 Pennsylvania Avenue, NW
Suite 100
Washington, DC 20006-1816

Adam S. Caldwell
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue, N.W.
Washington, DC 20006-3404

Daniel E. Farrington
The Farrington Law Firm, LLC
4550 Montgomery Avenue
Suite 775 North
Bethesda, MD 20814

Nathan E Siegel
Adam J. Rappaport
Levine Sullivan Koch & Schulz, L.L.P.
1050 17th Street, NW
Suite 800
Washington, DC 20036-5514