## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MAURICE CEASAR     )
           )
   Plaintiff,     )
           )
v.           )  Civil Action No.:  1:06-cv-02140-PLF
           )
CBS HEADQUARTERS CO., ET AL. )
           )
   Defendants.    )
           )

## DEFENDANTS "20[TH] CENTURY FOX HEADQUARTERS COMPANY" AND "NBC HEADQUARTERS COMPANY'S" REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT

Plaintiff asks this Court to ignore basic pleadings standards required of all plaintiffs -- including *pro se* plaintiffs who are in prison -- and nothing in his "Motion to Continue On With My Complaint" and supporting Memorandum[1] ("Opposition") makes his claim viable in any way.

The conduct Plaintiff alleges of "20[th] Century Fox Headquarters Company" ("WTTG") and "NBC Headquarters Company" ("WRC")[2] could not have been taken under "color of law" even under his rendition of events, and he therefore has no basis for a claim under 42 U.S.C. § 1983. Moreover, to the extent that Plaintiff attempts to frame a defamation claim, he fails to state with specificity any statement broadcast by WTTG or WRC, and refers only to specific dates of alleged broadcasts by other news media. Plaintiff also has failed to allege facts that would support the indispensable element of falsity, as the Opposition and public records attached to WTTG's and WRC's Motion to Dismiss demonstrate that, in fact, the Plaintiff is serving a

---

[1] Plaintiff has styled his Opposition to these Defendants' motion in this fashion. For ease of reference, his document will be referred to as the "Opposition."

[2] Plaintiff incorrectly named the Defendants that own and operate local Fox station WTTG and local NBC station WRC. For ease of the Court's reference, these Defendants are referred to as WTTG and WRC.

prison sentence for burglary. And as Plaintiff is a convicted burglar, any reports about his crimes also would be protected by the fair report privilege. Any defamation claim therefore must fail.

Further, Plaintiff presents no argument as to why WTTG and WRC should simultaneously face this litigation and the previously filed D.C. Superior Court action arising out of the same alleged circumstance, which remains pending under a stay. Finally, he also fails to rebut the argument that the summons and Complaint were not served pursuant to Fed. R. Civ. P. 4, and that this action should also be dismissed for want of service.

> **A.    Plaintiff Fails To Satisfy Basic Pleadings Standards Applicable To All Plaintiffs.**

Despite Plaintiff's insistence that as a *pro se* litigant he is entitled to deference (Opposition at 3, 6), "[a] *pro se* complaint, like any other, must state a claim upon which relief can be granted by the court." Caldwell v. District of Columbia, 901 F. Supp. 7, 10 (D.D.C. 1995) (dismissing *pro se* prisoner's § 1983 claims) (citing Crisaft v. Holland, 655 F.2d 1305, 1308 (D.C. Cir. 1981)). Even a *pro se* plaintiff's unsupported inferences and bare legal conclusions must not be accepted. Id. (quoting Henthorn v. Dep't of Navy, 29 F.3d 682, 684 (D.C. Cir. 1994)). Plaintiff's reliance on Hanes v. Kerner, 404 U.S. 519 (1972), (Opposition at 3), is misplaced, since in Hanes, unlike in this action, the plaintiff had in fact alleged sufficient facts to state a claim. Here, Plaintiff has stated no claim for violation of civil rights by a state actor, nor has he alleged sufficient facts under which to sue these Defendants for defamation. Thus, regardless of his *pro se* status, he is entitled to no deference from this Court.

> **B.    The Alleged Actions Of Defendants, As Private Actors, Do Not Support Plaintiff's Claim Under 42 U.S.C. § 1983 As A Matter Of Law.**

Plaintiff's contention that he seeks damages under 42 U.S.C. § 1983 (Opposition at 4), and the Opposition's incantation of the words "under color of law" (id. at 5), cannot disturb the

well-settled precedent that the news media do not become "state actors" for civil rights claims simply by reporting the news. The Complaint alleges no facts that would permit a finding that WTTG and WRC are anything other than private actors. See e.g., Slaby v. Fairbridge, 3 F. Supp. 2d 22 (D.D.C. 1998) (dismissing § 1983 action where the complaint failed to allege that the media defendant acted "under color of state law"); see also Associates & Aldrich Co. v. Times Mirror Co., 440 F.2d 133, 135 (9th Cir. 1971) (newspaper is private person, and its actions are not "under color of law" for purposes of civil rights statutes).

If Plaintiff contends that reliance on information released by government renders the news media potentially liable under §1983, he is again mistaken under the clear precedent. See Thomas v. News World Communications, 681 F.Supp. 55 (D.D.C. 1988) (dismissing § 1983 claim for failure to allege acts taken "under color of" any state or District of Columbia law); see also Phelps v. Wichita Eagle-Beacon, 886 F.2d 1262, 1271 (10th Cir. 1989) (private newspaper does not engage in state action by publishing article "based on information obtained from government officials"); Brown v. Rehnquist, 2002 WL 32394848, at *5 (E.D.N.Y. May 1, 2002) (reporters "do not act under color of state law merely because they obtained the information for their articles from the police"); Skinner v. Dwyer, 1992 WL 265995, at *2 (N.D.N.Y. Sept. 9, 1992) (newspaper not state actor "when it publishes news received from police or other state officials").[3] Plaintiff's allegations of violation of his civil rights by media defendants like WTTG and WRC therefore remain entirely misplaced, and the Complaint should be dismissed with prejudice.

---

[3] Indeed, § 1983 does not even provide a remedy for defamation. Thomas, 681 F.Supp. at 66 (no action may lie under § 1983 for defamation or libel claims) (citing Paul v. Davis, 424 U.S. 693, 711-712 (1976)).

### C.    Plaintiff's Complaint Fails To State A Defamation Claim.

Plaintiff also cannot evade the dismissal that must flow from his failure to allege the requisite elements of a defamation claim, if that is the type of an action he seeks to bring.  See Clawson v. St. Louis Post-Dispatch, L.L.C., 906 A.2d 308 (D.C. 2006); Klaymon v. Segal, 783 A.2d 607 (D.C. 2001).  To begin with, not only does the Complaint fail to set forth a single statement published by WTTG or WRC about Plaintiff, but the Opposition only reflects alleged statements by other news media -- an April 24, 2006 broadcast on cable Channel 8 and a June 25, 2006 broadcast on cable Channel 9.  Opposition at 1.  WTTG broadcasts on Channel 5 and WRC broadcasts on Channel 4.[4]  Because Plaintiff has not and cannot allege the existence, let alone the substance, of any defamatory statements by WTTG or WRC, the Complaint must be dismissed. See Watwood v. Credit Bureau, Inc., 68 A.2d 905, 906 (D.C. 1949) (allegation that defendants made "libelous statements" was a "bare legal conclusion" insufficient to support a libel claim and dismissing complaint); Hoffman v. Hill & Knowlton, Inc., 777 F. Supp. 1003, 1005 (D.D.C. 1991) (dismissing libel claim where plaintiff "does not state the time and place of the alleged communication" and "does not set forth the content of the alleged statement, the speaker, or the listener").

As well, Plaintiff has not and cannot allege any falsity as to any statements about his record as a convicted burglar.  See Opposition at 2.  The Complaint (at pp. 1; 7, ¶ 1) and court records  (see Memorandum in Support of Motion to Dismiss, Exhibits A and B) show that in April and May 2006, Plaintiff was arrested for two separate burglaries, including one involving a church.  Thus, if Plaintiff is attempting to assert an allegation that WTTG and WRC associated him with robbing a church, he is unable to allege falsity, as the record reflects such a statement

---

[4] See Memorandum in Support of Motion to Dismiss, Exhibit C (Plaintiff's Complaint in the action pending in D.C. Superior Court correctly reflects that WRC is Channel 4 and WTTG is Channel 5.)

would be substantially true.  See Dall v. Pearson, 246 F. Supp. 812, 813 (D.D.C. 1963)

(substantially truthful statements are not actionable as defamation); Lohrenz v. Donnelly, 223 F.

Supp. 2d 25, 59 (D.D.C. 2002)(same).

Finally, in addition to his failure to plead any specific statement, let alone a statement that

he could ever prove false, Plaintiff's Opposition demonstrates any alleged statement about his

criminal history would be protected under the fair report privilege, given the official record of his

crimes. Liberty Lobby, Inc. v. Dow Jones & Co., 838 F.2d 1287, 1298-99 (D.C. Cir. 1988)

(recognizing that journalists must be free to fairly and accurately report on official proceedings

and records); Dameron v. Washington Magazine, 779 F.2d 736, 739 (D.C. Cir. 1985) (same).

### B.    Plaintiff Does Not Dispute That Dismissal Is Warranted Because Of An Identical Action Pending In The D.C. Superior Court And Insufficient Service of Process.

Additionally, Plaintiff's Opposition fails to oppose dismissal on grounds that this Court

should defer to the D.C. Superior Court, where Plaintiff has an identical action pending against

WTTG and WRC.  The Opposition also fails to dispute that service of the summons and

complaint upon both WTTG and WRC were not made pursuant to Fed. R. Civ. P. 4 and must

therefore fail for want of service.

By failing to present any opposition to these grounds or any support for his stance,

Plaintiff has conceded these grounds for dismissal.  See United States v. Real Property Identified

As: Parcel 03179-005R, 287 F. Supp. 2d 45, 61-62 (D.D.C. 2003) ("[I]t is well understood in this

Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain

arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to

address as conceded.") (quoting Hopkins v. Women's Div., General Bd. of Global Ministries,

238 F. Supp. 2d 174, 178 (D.D.C. 2002)); see also Bancoult v. McNamara, 227 F. Supp. 2d 144,

5

149 (D.D.C. 2002) ("[I]f the opposing party files a responsive memorandum, but fails to address certain arguments made by the moving party, the court may treat those arguments as conceded, even when the result is dismissal of the entire case.") (citations omitted); <u>Day v. D.C. Dep't of Consumer & Regulatory Affairs</u>, 191 F. Supp. 2d 154, 159 (D.D.C. 2002) (same).  Accordingly, dismissal of Plaintiff's Complaint is warranted on these grounds as well.

**<u>Conclusion</u>**

For the foregoing reasons, as well as those presented in Defendants' Memorandum in Support of Motion to Dismiss, this Court should grant the Motion and Dismiss Plaintiff's Complaint with prejudice.  In the alternative, the Court should require Plaintiff to file a More Definite Statement.

DATE: July 25, 2007                              Respectfully submitted,

                                                HOLLAND & KNIGHT LLP

                                                 _/s/ Charles D. Tobin_____
                                                Charles D. Tobin, Bar No. 455593
                                                2099 Pennsylvania Ave., NW
                                                Suite 100
                                                Washington, DC 20006
                                                202-955-3000 Phone
                                                202-955-5564 Fax


                                                *Counsel for Defendants WTTG and WRC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Defendants "Fox Headquarters Company" and "NBC Headquarters Company's" Reply in Support of Motion to Dismiss Plaintiff's Complaint, Or In The Alternative, Motion For A More Definite Statement was served this 25th day of July, 2007 electronically by the Court's Electronic Case Filing System upon all parties scheduled for electronic notice and by first-class mail, postage prepaid, on the following:

Maurice Ceasar
R09747-007
Canaan United States Penitentiary
C2 - Unit
P.O. Box 300
3057 Easton Turnpike
Waymart, PA 18472

*Pro Se Plaintiff*

                                                     /s/ Charles D. Tobin
                                                    Charles D. Tobin