IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAURICE CEASAR<br><br>　　Plaintiff<br><br>v.<br><br>CBS HEADQUARTERS COMPANY, *et al.*,<br><br>　　Defendants | Case No. 06-2140 RMC |

**DEFENDANT COMCAST'S REPLY IN SUPPORT
OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Comcast Corporation ("Comcast"), through its undersigned counsel, hereby submits its Reply to the Opposition of Maurice Ceasar ("Mr. Ceasar") to Comcast's Motion to Dismiss.

**DISCUSSION**

Mr. Ceasar's "Motion to Continue On With My Complaint" appears to be an opposition to the dispositive motions filed by Defendants in this case, including Comcast's Motion to Dismiss. However, Mr. Ceasar's filing (which Comcast will refer to as "the Opposition" for the sake of clarity) does not include any responsive argument that would allow his claims against Comcast to survive.

Mr. Ceasar's claim under 42 U.S.C. § 1983 must be dismissed because Mr. Ceasar fails to offer even a theory as to how any alleged action of Comcast could have been taken under "color of law." Mr. Ceasar's attempted defamation claim must also fail for several reasons. Mr. Ceasar still has never identified with particularity any allegedly defamatory statement that he attributes to Comcast. Further, Mr. Ceasar has simply failed to answer Comcast's arguments that

as a cable operator, Comcast is not responsible for the content of *any* statements about him that were published by independent broadcast networks and retransmitted over Comcast's cable systems. Mr. Ceasar did not answer the arguments that Comcast cannot be liable under his allegations because Comcast is a mere distributor of the content of others and is legally required to retransmit the content of local broadcast television stations without altering the content of their broadcasts. Finally, Mr. Ceasar fails to rebut Comcast's argument that Comcast was never properly served under Fed. R. Civ. P. 4.

To the extent that Mr. Ceasar suggests in the Opposition that Comcast controls or is otherwise responsible for the program content of News Channel 8, the attached declaration of Michael Ortman establishes that the suggestion is incorrect. In fact, Comcast does not own, operate, program or control News Channel 8, and, thus, cannot not liable in defamation for any statements published by that station.[1]

### A. Plaintiff's 42 U.S.C. § 1983 Claim Must Fail Because Under Plaintiff's Allegations Comcast Is a Private Actor

Mr. Ceasar's invocation of the phrase "under color of law" in his Opposition does not alter the fact that cable operators such as Comcast are not "state actors" for civil rights claims.[2] In his Opposition, Mr. Ceasar states that his Complaint "would entitle" him to relief under 42

---

[1] To the extent that the Court needs to rely on Mr. Ortman's Declaration, it may treat Comcast's motion as one for summary judgment Fed. R. Civ. P. 12(c); *see also, e.g., Currier v. Postmaster Gen.*, 304 F.3d 87, 88 (D.C. Cir. 2002); *Evans v. District of Columbia*, 391 F. Supp. 2d 160, 164 (D.D.C. 2005). Comcast submits, however, that its Motion to Dismiss should be granted on numerous legal grounds that would not require the Court to consider or rely upon Mr. Ortman's Declaration.

[2] *See, Loce v. Time Warner Entertainment Advance/Newhouse Partnership*, 191 F.3d 256, 266 (2d Cir. 1999) (holding that cable operator Time Warner was not a state actor because its operations had no nexus with state action, even in light of cable operators' "creation, funding, licensing, or regulation by the government" ); *Glendora v. Cablevision Sys. Corp.*, 893 F. Supp. 264, 269 (S.D.N.Y. 1995) (holding that a cable operator is not a state actor because it does not exercise powers exclusively reserved to the State, nor does it exercise functions of sovereignty).

U.S.C. §1983, and that "any Court can see many Constitutional Violations in regards to this defamatory issue." (*See* Opp'n at 1-3.) Mr. Ceasar offers nothing new to show that Comcast is a state actor, or acted under color of state law when it retransmitted the signals of local broadcast stations.[3] Mr. Ceasar also fails to identify what particular constitutional violations have allegedly been committed by Comcast. "It is elementary that in order to state a claim under § 1983... a plaintiff must allege that the defendant violated a right protected by the Constitution." *Powers-Bunce v. District of Columbia*, 479 F. Supp. 2d 146, 152 (D.D.C. 2007). Mr. Ceasar's attempt to assert a claim under Section 1983, therefore, remains entirely misplaced and unsupported, and his Complaint should be dismissed with prejudice.

### B. Plaintiff Fails To State a Defamation Claim Against Comcast

In his Opposition, Mr. Ceasar fails to respond effectively to the numerous deficiencies in his defamation claim that all defendants identified. First, Mr. Ceasar failed to specify a single false statement about him that Comcast published. Even if he had, his defamation allegations remain conclusory at best, and such allegations cannot support a defamation claim. *See e.g., Wiggins v. Philip Morris*, 853 F. Supp. 470, 478 (D.D.C. 1994)(stating "[a]ll averments of defamation must be plead with particularity"); *Hoffman v. Hill & Knowlton, Inc.*, 777 F.Supp.1003, 1005 (D.D.C. 1991)(dismissing libel claim because plaintiff failed to allege "the time and place of the alleged communication" and "the content of the alleged statement, the speaker, or the listener"). Mr. Ceasar points only to newscasts generally, but not to any particular statement that defamed him.

---

[3]   *See, Edwards v. Okie Dokie*, 473 F. Supp. 2d 31, 40 (D.D.C. 2007) (to succeed with a §1983 claim the plaintiff must plead and prove that the defendant has acted under color of state or D.C. law).

3

Second, Mr. Ceasar failed to respond to Comcast's arguments that as a cable operator, Comcast was not the publisher of any statement published about him in any broadcast television news program. As a cable operator, Comcast aggregates and distributes programming created by third-parties. Thus, under the conduit liability rule and the "wire service defense," Comcast cannot have any liability for content it is not alleged to have created or controlled, but rather simply redistributed. *See e.g.*, RESTATEMENT (SECOND) OF TORTS § 581 (1977); *Winn v. United Press International*, 938 F. Supp. 39, 42 (D.D.C. 1996); *Auvil v. CBS "60 Minutes"* 800 F. Supp. 928 (E.D. Wash. 1992).

Third, Mr. Ceasar did not answer Comcast's argument that it is shielded from liability because Comcast is statutorily required to retransmit the local broadcast television stations that it retransmits without altering in any way the program content broadcast by those stations. Thus, Comcast's defense that one who is required to publish content – even defamatory content – is absolutely privileged to do so, is unrefuted and requires dismissal of Mr. Ceasar's Complaint against Comcast with prejudice. RESTATEMENT (SECOND) OF TORTS § 592(A) (1977).[4]

### C. Comcast Does Not Own, Operate or Control News Channel 8

In his Opposition, Mr. Ceasar indirectly suggests that Comcast is responsible for the program content of News Channel 8. Mr. Ceasar indicates that he is complaining about defamatory statements made on "Channel 8 cable Comcast." (Opp'n at 1 and 2.) He also states that "[s]ignals from Comcast and RCN runs [sic] through these parts/and Channel 8 is a signal

---

[4] As the broadcast defendants have argued, the fair report privilege also creates an exception to defamation liability under common law for reports of any official proceeding, "such as proceedings before any court." *McFarlane v. Esquire Magazine*, 1994 U.S. Dist. LEXIS 9497, *39-40 (D.D.C. June 8, 1994). Thus, even if Comcast's unique defenses as a cable operator were unavailable, Comcast could not be liable because, as the broadcast defendants argue, Mr. Ceasar complains about reporting about his crimes, and any such reports would be protected by the fair report privilege. (*See* Defs. 20th Century Fox and NBC's Reply at 4-5.)

4

Channel for these Cable Entities as said owners of the Cable Stations..." (Opp'n at 4.) Although he is not entirely clear, his references to "Channel 8" appear to apply to the regional program network News Channel 8, and other defendants have proceeded based on that interpretation.[5]

In an abundance of caution, Comcast has attached to this Reply the Declaration of Michael Ortman to eliminate any possible confusion regarding its responsibility for News Channel 8. Comcast does not now, nor did it at the time of the alleged broadcasts, own, operate or control News Channel 8. (Ortman Dec. at para. 3.)[6] News Channel 8 is simply another program network that Comcast distributes as part of its cable television service, and for which Comcast cannot have any liability for Mr. Ceasar's defamation claim.

### D.  Plaintiff Has Failed to Address Comcast's Motion to Dismiss Based on Insufficient Service of Process

Mr. Ceasar does not address, and therefore concedes[7], that service of process on Comcast was not properly made pursuant to Fed. R. Civ. P. 4. Insufficient service of process is alone grounds for dismissal of a complaint under Fed. R. Civ. P. 12(b)(5). *Lindsey v. United States*, 448 F. Supp. 2d 37, 42 (D.D.C. 2006); *Stinecipher v. United States*, 239 F.R.D. 282, 283 (D.D.C. 2006). Because Mr. Ceasar's Opposition does not rebut the fact that Comcast was served well

---

[5] This interpretation is buttressed by the fact that in April and June 2006, News Channel 8 occupied channel position 8 on all of Comcast's cable systems in the areas of Maryland and Virginia that are part of the Washington, DC local television market. (Ortman Dec. at para. 6.) At that time, the sports programming network ESPN 2 occupied channel position 8 on Comcast's cable system in Washington, DC. (*Id.* at para. 5.) Since Mr. Ceasar's Complaint arises from news reporting regarding his criminal conduct, his references to Channel 8 would not appear to refer to ESPN 2.

[6] Defendants ABC and CBS indicate that News Channel 8 is associated with WJLA-TV, the local ABC affiliate in Washington, DC. (Statement of Material Facts in Supp. of ABC/CBS MSJ at para. 11.)

[7] *See United States v. Real Property Identified as: Parcel 03179-005R*, 287 F. Supp. 2d 45, 61-62 (D.D.C. 2003) (holding that arguments left unaddressed in a responsive memorandum will be deemed conceded by the responding party).

past the 120 days mandated by the Federal Rules of Civil Procedure, insufficient service of process remains an independent ground compelling dismissal of his Complaint as to Comcast.

## CONCLUSION

**WHEREFORE**, for all the foregoing reasons, Comcast respectfully requests that this Court dismiss with prejudice Plaintiff's Complaint in its entirety.

Respectfully submitted,

/s/ Adam S. Caldwell
Adam Caldwell (DC Bar No. 445786)
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Ave., N.W. Suite 200
Washington, D.C. 20006
Phone: (202) 973-4200
Facsimile: (202) 973-4499
Email: adamcaldwell@dwt.com

**Attorney for Defendant Comcast Corporation**

Date: July 27, 2007

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Defendant Comcast Corporation's Reply in Support of Motion to Dismiss Plaintiff's Complaint was served, this 27th day of July, 2007 by first class mail, postage prepaid, on the following:

Maurice Ceasar
R09747-007
Canaan United States Penitentiary
C2-Unit
P.O. Box 300
3057 Easton Turnpike
Waymart, PA 18472

and through the Court's electronic system on the following:

Nathan E. Siegel
Levine Sullivan Koch & Schulz
1050 17th Street, NW
Suite 800
Washington, DC  20036
*Counsel for ABC & CBS*

Daniel E. Farrington
The Farrington Law Firm LLC
4550 Montgomery Avenue
Suite 775 North
Bethesda, MD  20814
*Counsel for RCN Cable*

Charles D. Tobin
Holland & Knight LLP
2099 Pennsylvania Avenue, NW
Suite 100
Washington, DC  20006
*Counsel for WTTG and WRC*

/s/ Adam S. Caldwell
Adam S. Caldwell

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAURICE CEASAR<br><br>　　　　Plaintiff<br><br>v.<br><br>CBS HEADQUARTERS COMPANY, *et al.,*<br><br>　　　　Defendants | Case No. 06-2140 RMC |

### DECLARATION OF MICHAEL ORTMAN

　　　1.　　I, Michael Ortman, am over the age of 18 and am competent to give this Declaration. I have personal knowledge of the facts stated below.

　　　2.　　I am the Vice President of Programming for Comcast, Eastern Division ("Comcast"). I have held the position since March 2006. My responsibilities in that position include the guiding and monitoring of the selection and acquisition of programming created by third-party program networks that is distributed over Comcast cable systems located in the District of Columbia, and the areas of Virginia and Maryland that are included in the Washington, D.C. television market. As such, I have knowledge of the television program networks carried on Comcast's cable systems in that area.

　　　3.　　Comcast does not now, nor has it ever, controlled or operated News Channel 8. In addition, Comcast does not now, nor has it ever, supplied News Channel 8 with any news programming. News Channel 8 is affiliated with the entity that operates WJLA, which is the local D.C. broadcast channel that is an affiliate of the ABC national television network.

4.  In April and June, 2006, Comcast carried News Channel 8 on its cable systems in the District of Columbia and in the areas of Maryland and Virginia that are part of the District of Columbia television market.

5.  On Comcast's cable system in the District of Columbia, News Channel 8 was carried on channel position 28. At that time, the program ESPN 2, which is a well known network that features sports-related news and information, occupied channel position 8 in the channel lineup of Comcast's cable system in Washington, D.C.

6.  On Comcast's cable systems in the areas of Maryland and Virginia that are part of the Washington, D.C. television market, News Channel 8 was carried on channel position 8.

**I hereby swear under penalty of perjury that the foregoing statements in this declaration are true and correct based on my personal knowledge of those facts.**

Date: 7/25/07

Michael Ortman

1