UNITED STATES DISTRIC COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

RECEIVED

AUG - 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MAURICE CEASAR                    :
        Plaintiff,                :
                                  :
                                  :
VS.                               :        Case No. 002140-06 PLF
                                  :
CBS HEADQUARTERS et al.,          :
        Defendants.               :
_____  :

OPPOSITION RESPONSE TO ALL DEFENDANTS INCLUDING TO (ABC) AMERICAN BROADCASTING
COMPANY AND CBS BROADCASTING INC. FOR SUMMARY OF JUDGEMENT MOTION
AND PLAINTIFF'S MOTION TO CONTINUE AND MOVE FORWARD WITH COMPLAINT AND TO GO TRIAL

NOW COME, the Plaintiff in sight of the facts to move forward with this
complaint. In this motion I will like to genuinely give issues that may ask for the
Request  Action of the Judge to request for local News Stations who Broadcast the
Televise  Report to be (Order) as part of this **Summary Judgement;** to show Proof First
that I was Broadcasted and Reported on wrongfully due to non confirm reports given to
Local News Stations Interview with Paul Rosstead. This is a fact that I was accused
of committting a large Quantity of Thefts Burglaries, and others by ABC-WJLA Channel 7
NBC-WRC Channel 4, CBS-WUSA Channel 9, FOX-5 WTTG, RNC and Comcast Cable Distributors
Corporation which has a connection with Channel 8 News Station.

It is a fact if this Court can order such **"News Clippings", Photos, Writings on
April 20th, 22nd, 23rd, 24th, 25th 2006, and the CBS INC. Channel 9 WUSA Local News
Station News Broadcast Report on June 4th, 5th, to the 8th.** As a Pro'se Complaint it
is in opinion to has his Request Action order to show Proof of this, is a (Key-Play)

1

in his Complaint the (News Reports) that caused me to be displaced in recent
employment, housing and also in society as getting my life on the right track. It
is very factual that Defamation, Deprivation, Descrimination and my Constitution
for **"Due Process"** were all violated all because of this misleading report that the
Defendants network connections with local news stations, whom these local news station
does answer too has cause this no-confirm data and interview report cause me my
liberty  as well as could had me injured by Police Law Enforcement if I would've
resist them of what they heard of these series of events. I ask that this be more
than a statement but looked at by the serious pain it left me with, knowing that I do
have a Criminal History (however), this surge of events reported was not true and they
allow Mr. Paul Rosstead this Administrator to vent out his **Personal Anger on national
Television.**

In this **Summary Judgement** I stress it is for the Court to not let the intents that
Baracade's the Plaintiff to be unjust bu be Honor coming from a Pro'se Complainant
who knows for a fact that a Illegal thing was created by some one as powerful as the
News Media System which can cause a situation to be of "Error". I quote this standardly
with **Cruz v. Beto,** 405 U.S. 319, 322 (1972). In that case the Court stated that a
Complaint **"Should not be dismissed for Failure to state a Claim unless it appears
beyond Doubt that the Plaintiff can prove no set of Facts in Support of his Claim
which would entittle him Relief.** In this Civil Action Case, there are many Facts if I
was to go to trial with an appointment of Counsel in the language of law.

Also, section of **Conley v. Gigson,** 355 U.S. 41, 45-46 (1957). The Supreme Court
said that in considering a motion to dismiss, a Pro'se Complaint should be held to
less strict standards than a motion drafted by lawyer.

My opposition motion for **Summary Judgement Rule 56 FRCP,** I request in detail a
**Summary Judgement to be ordered against the Defendants ABC, CBS, NBC, FOX Broadcast
Incorporation Companies and RCN and Comcast Corporations.**

It is evidence that my Complaint has merits that these Defendants are in violation of my 1st Amendment Right to Illegaly Report False Accusations of me doing something that (They) Defendants believe was a public Interest. Which was not even close to that notice; However, a misleading report of some one they interview (Personal Hatred and Tale). It is a fact, also under my Constitutional Rights and Amendment Fourthteen (14), which I never was arrested for what stated as a string or link to Church Thefts and Burglaries around the Metropolitan area.

Therefore, no charges were introduce in Court, for which was Broadcast on these News Stations. However, this only caused me to be of existance to panic of the public and the losing and sufferings of how I am being expose of criminal past and looked at by the Public when it **"was not Accurate Information given to the Local News Stations and Newspaper Columns in which I enclosed a copy of another Civil Case I was in view of in the D.C. Superior Court that has been (Refiled) correctly".** Also, I have enclosed a key part of evidence a photo and report of the same event that has taken place with these Defendants local news stations, which is supported under these network system, with this said I only asks this Court under FRCP Rule 34-34(A) for Court order of News Broadcast Clippings.

It should be no doubt in this Court minds or Judges integrity to truly acknowledge in this **Summary Judgement** this  case can prove more if it was to be tried. I have in many occassions as a Pro'se litigant to process this issue to the standards to be held in a Court or this Court and maybe fail due to my argument of despare.

However, as I continued to make sound a better reasons and facts to file this Civil case matter, I believe that it has increased my ability to file on a lovel of indentifiable claims and thatthis Court would not scoff at me, because I am in prison and have a criminal past history. This matter in all its work are liable for trial and has evidence that can be physically presented in audio from and by photos of the way I was reported to the public.

3

As these Defendants does know, there is a right way and thereis a wrong way. In this case scenerio this was done improper and with **Deception by a Source Malice behavior to cause me to be <u>Falsely Charged</u>.** This is a crime within itself; and even though, this source is not named in this Civil Action Complaint, he has caused this to appear, and has taken my W2-Tax Forms and Celliur Phone and has stolen my indentification to search on the computers as well as created Photos and Email "Erroneous Report" to the News Local Stations who then televised it in considering they had a top story a which brings us, back to this Civil Action Claim of why the Defendants named here in this claim allow the network system to Broadcast such local report that caused me to be as a public interest when I wasn't a Interest to that level of report.

<u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that a true and correct copy of the foregoing was served by first class mail, postage prepaid, on July 30, 2007. mail to the Court address and in lieu of copies for all Defendants.

Respectfully Submitted,

Maurice Ceasar
Reg.No. 09747-007

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAURICE CEASAR                          :

     Plaintiff                      :

                            :       Case No. 06-2140 PLF

v.                                      :

CBS HEADQUARTERS COMPANY, et al.,       :

     Defendants                     :

IN RESPONSE TO (ABC) AMERICAN BROADCAST COMPANY
AND CBS BROADCASTING INC. MOTION AND OTHER DEFENDANTS
PLAINTIFF'S MAURICE CEASAR ANSWERS
MOTION TO CONTINUE ON WITH MY COMPLAINT

Plaintiff MAURICE CEASAR, by and through its undersigned Pro'Se issue pursuant to FED.R.CIV.P. Complaint hereby submits its Motion to move forward with early request for Rule 34-34(A) Federal Rules of Civil Procedures for the reasons set forth fully in the Memorandum of Laws in Support of MAURICE CEASAR'S Motion to not Dismiss being submitted simultaneously herewith, Defendants know I can prove the set of facts within the scope of allegations of the Complaint that would entitle the Defendants show me relief against in this Complaint under 42 U.S.C. §1983 and apparent defamation claim. Plaintiff has obtain a relief under Section 1983 has not fail becaused Plaintiff does alleged that the news media has cause such violations to Broadcast without confirmation; individually the same news Clipping ot the Thefts and Linking to Churches affiliated by Paul Rosstead who appeared on the news Broadcast in April 24, 2006, and June 5, 2006. Plaintiff defamation claim only faces legal sufficiency. Defendants appear to allege inaccurate news reports regarding me was made on local broadcast television signals NBC, CBS, ABC and FOX and Chaneel 8 Comcast and RCN which is part of cable stations and a state local news stations.

1

Comcast is liable for the content of the broadcast television signal Comcast retransmits to its cable service subscribers and the FCC can determine that!.

I know that statutory prohibition do exist, defendants has use repetively simular news report that alleges the elements of a claim for defamation against all defendants. The Plaintiff has not fail to identify with any particular statement that defendants made and published about him. Plaintiff does attribute particular statement to those as owners of the broadcast companies and ask the Court in this complaint for the relief for all anonymous reporters, sources, and agents as to narrow it down to a particular person's in April 2006, and June 5, 2006. Even on Channel 8 which is a cable broadcast. There are negligence and fault of elements of a defamation claim.

WHEREFORE, Plaintiff MAURICE CEASAR respectfully request that this Court grant this Motion to Not Dismiss and enter an order under FRCP Rule 34-34(A) and request relief in Plaintiff 's Complaint.

Date: July 7, 2007

                    Respectfully Submitted,

                    _Maurice Ceasar_

                    MAURICE CEASAR, Pro Se
                        Reg.No 09747-007
                          P.O. Box 300
                      Waymart, PA 18472

2

## CETIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing was served by first class mail, postage prepaid, on July 18, 2007, mail to the address:

Adam S. Caldwell (Bar No. 012619)
Davis Wright Tremaine LLP
1919 Pennsylvania Ave., N.W., Suite 200
Washington, D.C. 20006

Respectfully Submitted,

Maurice Ceasar
Reg.No. 09747-007

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAURICE CEASAR                    :
                                  :
          Plaintiff               :
                                  :
                                  :
v.                                :          Case No. 06-2140 RMC
                                  :
CBS HEADQUARTES COMPANY, et al.,  :
                                  :
          Defendants              :
                                  :

MEMORANDUM IN SUPPORT OF PLAINTIFF
CIVIL COMPLAINT IN U.S. DISTRICT COURT

INCLUDED POINTS AND AUTHORITIES

Pursuant to FRCP 34-34(A) and **Haines v. Kerner**, 404 U.S. 519, 520, 92 S.Ct 594-

301 Ed 2D (1972) Per Curiam-Pro'Se Litigant's are to be construed liberally and to

less stringent standards than formal pleadings drafted by lawyers [n]ote: I, MAU-

RICE CEASAR (Plaintiff) is not a lawyer and wishes to continue to express his com

plaint and claim.

## I. INTRODUCTION AND FACTUAL BACKGROUND

I Plaintiff Maurice Ceasar is an inmate in a correctional facility located in Way .

mart, Pennsylvania. His two page Pro'se Complaint is exceptionally accurate accor

ding to details and grounds as a related law claim. I Plaintiff Maurice Ceasar Co

mplaint and the form completed pursuant to the prison Litigation Reform Act ["PLRA"]

of 1995 was the only form mayhave been available when I was arrested to file and to

assert my claim under 42 U.S.C. §1983. A defamation of claim to seek relief pursuant

to 42 U.S.C. §1983.

I can prove the facts of the news station broadcast along with witnesses of the

broadcast especially on channel 8 cable Comcast and RCN on  and around about April

24, 2006 and then by CBS channel 9 news on June 5, 2006; only if this Court can order

1

under Rule 34-34(A) FRCP and allow to hear Employers, Community Person's, Family Members who seen the televised News Clippings on all Channels pote-ntially in this claim.

My legal theories are artfully composed, many aspects of my Complaint make it clear that his claims arise from news reports published on broadcast television Stations. The Defendants states in there Motion, Mr Ceasar as defendants the four major broadcast television station, CBS, ABC, NBC and FOX. (Complaint at p. 1.) In his Complaint, Mr. Ceasar claims that his "Constitutional Rights have been violated by unconfir med reports by the news stations and newspaper columns named in this lawsuit", "news reporters on television reported a criminal broadcast that was not true about a string of felony charges that warranted me for arrest", and "there are many viewers... who watched this news co verage that can be witnesses to how I was presented to the public".

(Id.). well, I do name the Defendants and state there actions on this simular cases in claim and that should only deal with this related Complaint as the same type of affialiation of the broadcast on televi sion about what I was linked to which, was not true and any Court can see many Constitutional Violations in regards to this defamatory issue. And also, the others acts to deceive as a high profile case for my arrest on one charges not as linking to strings and strings of charges as reported by your Interview with Paul Rosstead who Discriminated and used your news stations for deception and by his report you did not confirm it. By which, you thought you had a top story. This was all miss Information that you will not accept that was wrong and admit to your part. It is clear I was incorrectly linked to an malicious media televised attack o Bogus...,

2

News Report; And my past criminal history was inaccurately reported.
I can only give to this Court in detail of how you are related in what
you Broadcast as being...(simular) related type grounds and statements
as I make sound that these Defendants allowed or was unknown to what
these local news stations televised. It's clear my claim is linked to
false Information used by criminal history and criminal Thefts E-Mailed
information sent to news Broadcast Stations misleading them as, I
committed or Burglarized these Churches and other properties.
Even though I pled my Complaint with the particularity required for a defamation
claim, I could state a defamation claim against Defendants as a matter of law as
related Defendants of the broadcast video programming created or distribute to other
local news stations and subscribers for cable stations named here in this Complaint.

ABC, CBS, NBC, FOX, HEADQUARTERS and COMCAST/RCN has liablity as a distributor of
video/Audio programming 'asn a newspaper delivery person has for the content of the
newspaper company who he works for. In Washington D.C. Maryland and Virginia ares cable
Signals from Comcast and RCN runs through these parts/and Channel 8 is a signal Cha-
nnel for these Cable Entities as said owners of the Cable Stations;as it is required to
state a claim under section 1983. 42 U.S.C. §1983 as a matter of law.

## II. ARGUMENT

A.    Standards Applicable to Motion to Not Dismiss Under Fed.R.Civ.P.34-34(A)

Under Rule 34-34(A) and the case of Haines v. Kerner, a motion is appropriate in
these circumstances where relief could be granted under any facts that are consistent
with the complaint. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct 594-301 Ed 2D Per-
Curiam-Pro-se litigants are to be construe liberally and less stringent standards than
formal pleadings drafted by lawyers.

3

This must be favorable to the plaintiff and must be accepted as true, to all resonable refe-
rences to the facts alleged. The motion must be decided on the facts alleged in the
comlaint alone. Due to Simular reported televised allegations that I was linked to
strings of Thefts-Burglaries and Robberies said by all Defendants.Under 34-34(A) Fed.
R.Civil.Procedures these news clippings by Defendants can be ordered and brought in
as evidence by Court Judge and the Bonified facts that I was wrongfully accused on
these local news stations having more than a Dozen charges against me which was not
true and can not be predicted.

B.    **Plaintiff's Allegations are sufficient to State a Claim against CBS, ABC, NBC,**
      **FOX, COMCAST and RCN for Violation of 42 U.S.C. § 1983-within Scope of Points**
      **and Authorities.**

In my Complaint, Plaintiff seeks damages under 42 U.S.C. § 1983 for financial and
Punitive Damages/Others injuries that I claim to have suffered as a result of the
alleged newsreports regarding me. Defendants can be liable to Mr. Ceasar's Complaint
under the Civil Rights Statute.

In section 1983 provides cases that can support a simular liability:

**D.C.Mun.App. 1960.**

> Alleged statements by defendant that Plaintiff poisoned defendant's
> horse and that Plaintiff stole a lot of equipment from defendant,
> if proved as alleged, would constitute slander actionable per se
> and would justify general recovery by Plaintiff without necessity
> of pleading or proving special damages.
> Baldi v. Nimzak, 158 A.2d 915.

**D.C. 1972.**

> Words spoken of another must, in order to be actionable per se inpute
> to him the commission of some criminal offense for wich he might be
> indicted and punished, if the charge involves moral turpitude and is
> such as will injuriously affect social standing.
> Farnum v. Colbert, 293 A.2d 279.

**C.A.D.C. 1989.**

> False imputation of criminal conduct is inherently defamation under
> District of Columbia law.
> Fleming v. AT & T Information Services.
> Inc., 878 F.2d 1472, 279 U.S.App.D.C. 15

4

<u>App.D.C. 1984.</u>

The Publication of misrepresentations, knows to be false, which
subject a person to public shame and ridicule and cause him
damages is "libel".
Hearst Radio v. F.C.C., 167 F.2d 255, 83 U.S.App.D.C. 63.

<u>App.D.C. 1898.</u>

To falsely charge a person in writing with having unlawfully in-
terfered with mail matter intended for another is libelous per se,
as imputing the commission of a criminal offense.
Wills v. Jones 13 App.D.C. 482.

<u>D.D.C. 1995</u>

To prevail in defamation suit under District of Columbia law, plaintiff
must prove that statements complained of **are** defamatory, capable of being
proven true or false,"of and concerning" Plaintiff, false, and made
with requisite degree of intent or fault.
Coles v. Washington Free Weekly, Inc., 881 F.Supp.26, affirmed 88 F.3d
1278, 319 U.S.App.D.C. 215.

These cases are cited under "Libel & Slander as well Defamatory issue.

Also, cases as to **U.S. Media v. Wen Ho Lee,** that Washington post article published
around June 3, 2006, shows a numerous constitution violations against 'news media an
d mistakes news broadcast had made which U.S.District Court and Judge had put there
feet down to prevent under (sanctions that would've been forced) under anonymous
officials and reporters who refused to give the names of sources, and who is respon
sable for those publications. And also, as the Steven J. Hatfill case of Anthrax
2001 involvelment. These are Privacy Act Lawsuit, that signifies constitutional vio
lation of Civil Right as well. Just as my Civil Rights Constitutional was violated
by news media. I do have a past criminal history which should not be Scoff in this
matter of lawsuit today.

Under Civil Rights Action 42 U.S.C. § 1983, I the Plaintiff has proved and pleaded

and acting under the color of State Law and D.C. Law, Defendants has deprived me of

right secured by the Constitution Laws of the United States; because of televised

untrue news reports on **April 24, 2006,** and afterwards on June 4, 5, 2006, show

evidence that the Defendants was acting under the color of law when they aired

newsport broadcast with Interview of Comlainant Paul Rosstead of (A) Church Thefts

and who Invented the story of me having committed strings and strings of linked

5

Thefts Burglaries, and Robberies of these places, which was not confirmed by local
news stations and caused the public too panic by that deception.

As a Pro-se Complaint, I realize that these attornies will be as vicious to bring
about "Blowned out of Porportion" precedents to this Court as I read, just for the
money. My criminal matter and other counts only surrounds (two charges) as I mentioned
not a string of cases and charges that was reported by news media. It is appalling
that, to represent there clients here as Defendants that they would call my Complaint
Rambling, confused; However, they can not state that its untrue. I do state my
relief of claims and facts. Maybe not in the way they perceives it. However, anyone
else who reads it can see obviously what is going on in my claims.

C.  **Plaintiff's Defamation Claim Against Comcast, RCN, CBS, ABC, NBC, FOX, HEAD-
    QUARTERS and Companies Is Legally Sufficient, and have Obligations under Fe-
    deral Law.**

As noted above, Mr. Ceasar's defamation claim does arise from alleged broadcast
television news reports about me. And all should be included, such as Defendants
ABC, CBS, NBC, and FOX; and the Entity of those news companies and cable stations
that are named. Beside the attornies agreements to protect it clients, it is obvious
that they will use there expertise against a Pro-se Prisoner to cut him/or her down
with there law experience. However, the Courts should understand and relate to a
Pro-se's plead to prove based upon his complaint and the violations of alleged Comp-
laint on the Defendants so be proved without case being Dismissed. Haines v. Kerner,
404 U.S. 519, 520, 92 S.Ct 594-30 L Ed.2d (1992) Per Curiam Pro'se Litigants pleadings
**are to be construed liberally and held** to less stringent standards than formal plea-
dings drafted by lawyers. [n]ote as again, I, Maurice Ceasar Plaintiff is not a lawyer;
and wishes to continue to express his Complaint and Claims.

I, can truly state that the Defendants has been served respectfully by me and this
Court and have most recently responded to my Complaint respectively through there
motions against my Complaint.

## III. CONCLUSION

**WHEREFORE,** for all the foregoing reasons, I, Maurice Ceasar respectfully requests that this Court will move forward with Plaintiff's Complaint in its entirety to have ordered apart of Evidence of Audio Televised News Broadcast the Defendants allowed to show without cofirmation but believed this was a high Profile Top Story which only was governed by Misleading Data passed on through out the local news and cable news media stations, who also allowed Discrimination to occurr by interview of Paul Rosstead statements against me the "Plaintiff", which under FRCP Rule 34-34(A) ordering of those Audios, and writings, photograghs can show direct Proof... Along with public witnesses, who can orally come to testify including Correctional Officers, Criminal Attornies and Church Members.

Respectfully Submitted,

Maurice Ceasar
Reg.No. 09747-007

Date: July 10, 2007

7

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and corect copy of the foregoing Memorandum of Law in Support of Maurice Ceasar's Motion to continue his plead and not Dismiss Civil Complaint was served by first class mail, postage prepaid, on July 18, 2007, to the address:


Adams S. Caldwell (Bar No. 012619)
Davis Wright Tremaine LLP
1919 Pennsylvania Ave., N.W., Suite 200
Washington, D.C. 20006



Respectfully Submitted,

*Maurice Ceasar*
Maurice Ceasar
Reg.No. 09747-007

## Motion by Plaintiff  Maurice Ceasar
### Requesting Documents via: Federal Rules of Civil Procedure
### Rule 34 & 34(a)

Documents:  The term "document" as used in FRCP 34(a), is
extremely broad & includes writings, drawings,
graphs, charts, photographs, phonorecords, and
any other data compilations from which information
can be obtained.
The information must be translated, if necessary,
into reasonable usuable form. FRCP Rule 34(a)(1);
See

Wilson v. City of Zanesville, 954 F.2d 349, at 352-53
(6th Cir.1992); (Includes Tape Recordings); See
Crown Life Ins. Co. v. Craig, 995 F.2d 1376, 1383
(7th Cir.1993); (Includes Electronic Data); Also See
Japan Halon Co. v. Great Lakes Chem. Corp., 155 F.R.D. 626,
n.1 (N.D.Ind.1993)' Held: any party (Includes Plaintiff), may
serve on another party (Defendants), a request to produce  any
designated documents for inspection & copying or to produce
any discoverable tangible things in the responding party's
possession, custody, or control, for inspection, copying,
testing, or sampling. FRCP Rule 34(a)

9

IN THE UNITED STATES DISTRICT
FOR THE DISTRICT OF COLUMBIA

Maurice Ceasar                        :
          Plaintiff,                  :
                                      :
                                      :
v.                                    :     Case No. 01:06-CV-02140 PLF
                                      :
CBS HEADQUARTERS COMPANY et al.,      :
          Defendants                  :

_____:

### PRAECIPE FOR PROPOSE ORDER

**Upon** your consideration of this Motion for Rule 34-34(A) to be respectively
ordered from the CBS HEADQUARTERS COMPANY, ABC America Broadcasting Company Inc,
NBC Universal Company Inc,  20th Century Fox HEADQUARTERS Co. Comcast Corporation,
and RCN CABLE STATION Corp; to  present this, honorable Court with copies of any **News
Audio, Writings,**'Photographs(that was televised) data Compilatios,'Anonymous Sources,'
Anonymous Reporters,'or Journalist, who Broadcast  this on there News Station Programs.

     May this Honorable so Requests for these Properties for Discovery Process which
would help my pleading of this Civil Complaint so, it is hereby ordered that the Motion
is <u>GRANTED</u>; It is hereby further ORDERED that these Defendants name in this Joint Civil
Complaint hand over to the Courts the **Request News Televised Reports on my name; and**
**by the Appearance of Paul Rosstead** who caused this **Misled Delimma** with Recklessness
using the News Media wrongfully to have me arrested for one charge; and not strings
of Felonies as it was Broadcast by News Stations. May this be <u>ORDERED</u> that the News
HEADQUARTER COMPANIES in this claim respond to the Complaint appropiately as order on
or before **June 31, 2007.**

Date: July_____, 2007.

                              _____
                              Honorable Paul L. Friedman
                              United States District Judge

                                    10

# Metropolita

The Washingto

# Arts

■ At the movies / B6
■ TV listing / B7
◀ Harlequin spices up romance novels / B5

# Arrest may link to church thefts

## Man faces burglary count in Calvary Baptist incident

By Matthew Cella
THE WASHINGTON TIMES

Church officials think a D.C. man arrested in connection with a theft in Northwest could be responsible for a string of burglaries from city churches in recent months.

Channing Phillips, a spokesman for the U.S. attorney's office, said Maurice Cesar, 46, was arrested on May 9 in

Paul Rosstead, church administrator at Calvary Baptist Church, said he confronted Mr. Cesar in a church hallway on April 17, after a youth group returned from a trip to Florida. Mr. Rosstead said Mr. Cesar told him that he was helping to unload rafting

**ington Times**

**METROPOLITAN**

# CHURCH

*From page B1*

perform such a task.

"At that point, we began to search the building for this gentleman and we found him in a back stairwell," Mr. Rosstead said. He said Mr. Cesar gave him a "song and dance," sticking to his story about unloading rafting supplies.

Mr. Rosstead said he asked Mr. Cesar if he could look inside a bag that was slung over his shoulder.

"There was a computer projector and a drum pad that we did not recognize as belonging to Calvary," he said. Then Mr. Rosstead asked Mr. Cesar if he could take his photograph, and Mr. Cesar agreed, Mr. Rosstead said he took

the photograph "to discourage him from coming back."

After Mr. Cesar left, Mr. Rosstead learned that the items in the man's bag belonged to a group that holds prayer services at the church.

Mr. Rosstead said he called the police and circulated Mr. Cesar's photograph, among some other pastors, who said they could place the man in their churches at about the time they experienced burglaries.

Terry Lynch, executive director of the Downtown Cluster of Congregations, said that during the past six months there have been more than a dozen burglaries at about six city churches. In most cases, the thefts were of computer equipment, digital cameras, purses and cell phones left in unattended offices.

Mr. Rosstead said Calvary had experienced another burglary a few weeks before his confrontation with Mr. Cesar, in which the senior pastor's purse was stolen from her office during church services and $3,000 was charged to her credit cards.

He also said that after the circulation of Mr. Cesar's photograph, one of the church's maintenance staff produced another picture of Mr. Cesar that had been taken about five years ago when he was also suspected of stealing a purse from the church.

Mr. Lynch said he doesn't expect the string of burglaries to change how the churches operate.

"Churches are in the business of being open and trusting, and that is not going to change," he said. "Hopefully, the person responsible can be held accountable."

# EXHIBIT F

## DOCKET FOR
## D.C. SUPERIOR COURT
## CASE NO. 2007 CA 002362 B

| 2007 CA 002362 B CEASAR, MAURICE Vs. WASHINGTON TIMES NEWSPAPER | | | |
|---|---|---|---|
| **File Date** 03/29/2007 | **Case Status** | Closed | **Case Status Date** 03/29/2007 |
| | **Case Disposition** | Order Granting Motion to Dismiss Entered on Dkt | **Case Disposition Date** 05/21/2007 |

## Party Information

| Party Name | Party Alias(es) | Party Type | Attorney(s) | Attorney Phone |
|---|---|---|---|---|
| CEASAR, MAURICE | | PLAINTIFF | PRO SE | |
| WASHINGTON TIMES NEWSPAPER | | Defendant | FARBER, Mr ALLEN V | (202)230-5300 |

## Financial Entries

| Receipt # | Date | Received From | | Amount Paid |
|---|---|---|---|---|
| 71466 | 05/03/2007 | FARBER, Mr ALLEN V | | 20.00 |
| | **Payment** | | **Fee** | |
| | Receipt Depositor | 20.00 | Cost | 20.00 |

## Docket Entries

| Date | Text |
|---|---|
| 05/21/2007 | Proof of Service To Order Granting Defendant's Motion to Dismiss Complaint with Prejudice signed by Judge Anderson on May 18, 2007. Submitted 05/21/2007 15:46. sams. Attorney: ANDERSON, JENNIFER M (393920) |
| 05/21/2007 | Order Granting Defendant's Motion to Dismiss Complaint with Prejudice signed by Judge Anderson on May 18, 2007. Submitted 05/21/2007 15:46. sams. Attorney: ANDERSON, JENNIFER M (393920) |
| 05/21/2007 | Event Resulted: The following event: Initial Scheduling Conference-60 scheduled for 07/06/2007 at 9:30 am has been resulted as follows: Result: Event Cancelled Judge: ANDERSON, JENNIFER M Location: Courtroom A-50 |
| 05/21/2007 | Order Granting Defendant's Motion to Dismiss Complaint Entered on the Docket 5/21/07. Signed by Judge Anderson 5/18/07. Copies efiled 5/21/07.dsd |
| 05/15/2007 | Praecipe to Change Address of Plaintiff Maurice Ceasar Filed PRO SE (Attorney) on behalf of MAURICE CEASAR (PLAINTIFF) |
| 04/27/2007 | Motion to Dismiss Complaint With Prejudice Filed. Submitted 04/27/2007 17:01. sams. Attorney: FARBER, Mr ALLEN V (912865) WASHINGTON TIMES NEWSPAPER (Defendant); Receipt: 71466 Date: 05/03/2007 |
| 04/25/2007 | Proof of Service Method : Service Issued : 04/02/2007 Service : Summons Issued Served : 04/17/2007 Return : 04/25/2007 On : WASHINGTON TIMES NEWSPAPER Signed By : Imhotep Kyumba Reason : Proof of Service Comment : Tracking #: 5000030095 |
| 04/25/2007 | Affidavit of Service of Summons & Complaint by Mail on WASHINGTON TIMES NEWSPAPER (Defendant); |
| 04/02/2007 | Issue Date: 04/02/2007 Service: Summons Issued Method: Service Issued Cost Per: $ WASHINGTON TIMES NEWSPAPER 3600 NEW YORK AVENUE NE WASHINGTON, DC 20002 Tracking No: 5000030095 |
| 03/30/2007 | Complaint Summons and I.O. with Acknowledgment Form mailed to Defendant Washington Times Newspaper by the Clerk Pursuant to SCR 54-II this date: March 30, |

|            | 2007 MAURICE CEASAR (PLAINTIFF); |
| 03/30/2007 | Order Granting Motion to Proceed In Forma Pauperis Signed by Judge Wertheim on March 28, 2007 and Entered on the Docket on March 30, 2007 |
| 03/30/2007 | Event Scheduled Event: Initial Scheduling Conference-60 Date: 07/06/2007 Time: 9:30 am Judge: ANDERSON, JENNIFER M Location: Courtroom A-50 |
| 03/29/2007 | Motion to Proceed In Forma Pauperis Filed Attorney: PRO SE (999999) MAURICE CEASAR (PLAINTIFF); |
| 03/29/2007 | Complaint for False Accusation Filed |