IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MAURICE CEASAR,**<br><br>    **Plaintiff,**<br><br>vs.<br><br>**CBS HEADQUARTERS COMPANY,**<br>  et al.,<br><br>    **Defendants.** | Case No. 1:06-CV-02140 (PLF) |

**REPLY IN SUPPORT OF DEFENDANTS ABC AND CBS'S
<u>MOTION TO DISMISS OR FOR SUMMARY JUDGMENT</u>**

Defendants American Broadcasting Companies, Inc. ("ABC"), named improperly as "ABC Headquarters Company," and CBS Broadcasting Inc. ("CBS"), named improperly as "CBS Headquarters Company," respectfully submit this reply in support of their motion to dismiss the complaint filed by Plaintiff Maurice Ceasar or to enter summary judgment for ABC and CBS ("the motion").[1]

Foremost, the motion should be granted because plaintiff does not dispute, and thus admits, that neither ABC nor CBS broadcast any reports about him. The rules governing motions for summary judgment are clear:

> When a motion for summary judgment is made and supported as
> provided in this rule, an adverse party . . . must set forth specific
> facts showing that there is a genuine issue for trial. If the adverse

---

[1] Plaintiff has filed several pleadings since ABC and CBS filed the motion. *See* Dkt. No. 33 ("Motion to Continue on with My Complaint"); Dkt. No. 38 ("Motion to Continue Plaintiff's Complaint"); Dkt. No. 40 ("Opposition Response to All Defendants Including to (ABC) American Broadcasting Company and CBS Broadcasting Inc. for Summary of Judgment Motion"). ABC and CBS will treat these collectively as plaintiff's opposition to the motion. ABC and CBS also incorporate by reference the arguments in the reply memoranda filed by Defendants WTTG and WRC.

> party does not so respond, summary judgment, if appropriate, shall
> be entered against the adverse party.

Fed. R. Civ. P. 56(e).  The local rules further require a non-moving party to file a statement of genuine issues in response to the movant's statement of material facts.  *See* Local Civ. R. 7(h); Local Civ. R. 56.1.  Where the non-moving party fails to comply with these rules, the court may assume that the facts identified by the moving party are admitted.  *See id.*; *see also, e.g.*, *Hunter v. Rice*, 480 F. Supp. 2d 125, 130 (D.D.C. Mar. 26, 2007).  As the Court specifically warned plaintiff, on a motion for summary judgment "'any factual assertion in the movant's affidavits will be accepted . . . as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion.'"  Dkt. No. 32 (quoting *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992)).

Nevertheless, plaintiff entirely fails to contest that neither ABC nor CBS broadcast any news reports about him or the alleged church thefts.  Plaintiff does not appear to claim that reports about him were broadcast on a national news program produced by ABC News or CBS News.  At best, Plaintiff's response might be construed as a request that the defendants provide discovery regarding what, if any, newscasts each one already broadcast.  However, ABC and CBS have already done this.  Both searched their archives and confirmed that they did not produce or distribute any news reports about plaintiff or the thefts, as stated in the motion and the supporting declarations.  In an abundance of caution, CBS even searched the archives of a station it owns and operates in Baltimore based on plaintiff's vague allegation that a news report about him reached that market.  Therefore, there is no genuine dispute of material fact regarding this question.

Rather, Plaintiff appears to contend that local news reports concerning him were broadcast on News Channel 8 and/or WUSA-TV (Channel 9).  *See* Dkt. No. 40 at 1, 8; *see also*

*id.* at 10, 13 (asserting that reports were broadcast on "local news stations").[2] However, as ABC and CBS stated in the motion and declarations, neither national network owns, operates, or controls these local stations. Plaintiff has not disputed these assertions in any way, and certainly has not provided any affidavits or other evidence to contradict them. As a result, he has admitted that ABC and CBS did not broadcast any news reports about him and, for this reason alone, summary judgment should be entered for ABC and CBS as to all of the Plaintiff's claims, since all are dependent upon the premise that these defendants broadcast something about him.

      Plaintiff also fails to allege any facts that could transform these private media entities into state actors for purposes of his apparent section 1983 claim. Rather, he simply makes the conclusory and unsupported assertion that all the defendants acted under color of law. *See* Dkt. No. 40 at 12. Invoking the words of the statute, however, does nothing to refute the well-settled principle that publishing news reports is not "state action." *See, e.g.*, *Slaby v. Fairbridge*, 3 F. Supp. 2d 22 (D.D.C. 1998); *Thomas v. News World Commc'ns*, 681 F. Supp. 55, 66 (D.D.C. 1988). Thus, even if plaintiff had alleged that ABC or CBS broadcast news reports about him, which they did not, his section 1983 claim still should be dismissed.

      Nor did plaintiff even attempt to dispute that the Complaint was not properly served. He again simply makes the conclusory assertion that defendants were served. *See* Dkt. 40 at 13. However, plaintiff fails to contest that his service by mail was improper under federal, District of Columbia, and relevant state rules, and that he failed to serve ABC and CBS within 120 days of filing the Complaint. *See United States v. Real Property Identified as: Parcel 03179-005R*, 287 F. Supp. 2d 45, 61 (D.D.C. 2003) (arguments not addressed in responsive memorandum treated as conceded).

---

    [2] Because plaintiff included several "pleadings" in each document filed, page references are to the ECF pagination.

    For these reasons, the Court should grant ABC and CBS's motion to dismiss or for summary judgment.

Dated:  August 14, 2007                  Respectfully submitted,

                                       LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.

                                       By: /s/ Nathan Siegel
                                           Nathan Siegel (D.C. Bar. No. 446253)
                                           Adam J. Rappaport (D.C. Bar No. 479866)
                                       1050 Seventeenth Street, N.W.
                                       Suite 800
                                       Washington, DC 20036
                                       (202) 508-1100

                                       *Counsel for Defendants American Broadcasting Companies, Inc. and CBS Broadcasting Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2007, I caused an electronic copy of the Reply in Support of Defendants ABC and CBS's Motion to Dismiss or for Summary Judgment to be served by the Court's Electronic Case Filing System upon all parties scheduled for electronic notice, and on plaintiff *pro se* by first-class mail, postage prepaid, at the following address:

> Maurice Ceasar (R09747-007)
> Canaan United States Penitentiary
> C2-Unit
> P.O. Box 300
> 3057 Easton Turnpike
> Waymart, PA 18472

> /s/ Adam J. Rappaport
> Adam J. Rappaport