UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                      )
MAURICE CEASAR,                                       )
                                                      )
            Plaintiffs,                               )
                                                      )
      v.                                              )      Civil Action No. 06-2140 (PLF)
                                                      )
CBS HEADQUARTERS CO., *et al.*,                       )
                                                      )
            Defendants.                               )
_____)


MEMORANDUM OPINION


            This matter is before the Court on the defendants' motions to dismiss.[1]  The Court

will grant the motions and will dismiss this civil action without prejudice.



I.  BACKGROUND

            Plaintiff alleges that, on April 17, 2006, he sought part-time work at a Washington

D.C. church then undergoing renovation.  Compl. at 7 (page numbers designated by the Court).

_____

            [1]      Given the resolution of this matter, the Court will deny as moot plaintiff's
motions to appoint counsel [#7], to review the motion he filed in the Superior Court under D.C.
Code § 23-110 [#39], and for discovery [#38].  In addition, the Court will deny plaintiff's
"motions to continue" [#33, 38, 41], which the Court construes together as his opposition to
defendants' dispositive motions.

            The motion for a more definite statement filed on behalf of "20th Century Fox
Headquarters Company" and "NBC Headquarters Company" [#23], and the motion for summary
judgment filed on behalf of "ABC Headquarters Company" and "CBS Headquarters Company"
[#28] also will be denied as moot.

He states that the church representative with whom he spoke, Mr. Paul Rosstead, "took from

[plaintiff's] personal papers" his "social security number and ran it through a computer to the

Bureau of Prisons web site," and there discovered "misinformation" about plaintiff's criminal

history. *Id.* Plaintiff alleges that Mr. Rosstead "e-mailed [this] misleading information to news

stations around the Metropolitan area," *id.* at 7, which in turn broadcast false reports of plaintiff's

suspected involvement in a "string of robberies and burglaries." *Id.* at 2, 9. This information

was broadcast between April 17 and April 24, 2006, and again between June 4 and June 5, 2006.

*Id.* at 7, 9.

According to plaintiff, defendants' broadcasts, which included his photograph, led

to his arrest and subsequent incarceration. Compl. at 9-10. As a result, plaintiff allegedly has

sustained mental and emotional harm "leading to depression and utmost debilitating stress." *Id.*

at 9. In addition, plaintiff claimed that defendants have damaged his reputation. *Id.* He brings a

civil rights claim against the defendants under 42 U.S.C. § 1983 ("Section 1983") and a

defamation claim under District of Columbia law. *See* Compl. at 2. He demands damages of $4

million. *See* Pl.'s Mot. to Amend.[2]

II.  DISCUSSION

The Court assumes, without deciding, that plaintiff names the proper corporate

entities as defendants, that service of process on all defendants was proper, that plaintiff

adequately alleges the deprivation of a constitutional right, and that plaintiff adequately states a

defamation claim against them under District of Columbia law.

---

[2]     The Court will grant plaintiff's "Request to Correct Typepographical [sic] Errors
on Docket Report and Docket Text and in Civil Action Motion Action Relief" [#10], and, for
convenience, refers to the document as "Pl.'s Mot. to Amend."

All the defendants argue that plaintiff fails to state a claim under Section 1983 upon which relief can be granted.  The Court agrees.

In relevant part, Section 1983 provides:

> Every person who, <u>under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia</u>, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983 (emphasis added).  "To state a claim under [S]ection 1983, a plaintiff must allege both (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the defendant acted 'under color of' the law of a state, territory or the District of Columbia."  *Hoai v. Vo*, 935 F.2d 308, 312 (D.C. Cir. 1991) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970)), *cert. denied*, 503 U.S. 967 (1992); *West v. Atkins*, 487 U.S. 42, 48 (1988).  Assuming without deciding that plaintiff adequately alleges the violation of constitutional rights, his civil rights claim fails on the second element.

Plaintiff does not allege that any of the named defendants is a "state actor" for purposes of Section 1983.  Nothing in the complaint suggests that any defendant acted under color of District of Columbia law.  This alone is fatal to his civil rights claim.  *See Edwards v. Okie Dokie, Inc.*, 473 F. Supp. 2d 31, 41 (D.D.C. 2007) (dismissing Section 1983 claim against nightclub absent allegation in complaint or evidence in opposition to summary judgment motion that nightclub was acting under color of District of Columbia law); *Glendora v. Cablevision Systems Corp.*, 893 F. Supp. 264, 269 (S.D.N.Y. 1995) (cable television operator was not a state actor because "ownership and operation of an entertainment facility are not powers traditionally

exclusively reserved to the State, nor are they functions of sovereignty" and its functions do not become government functions because it is "subject to state and federal regulation, or operates pursuant to a franchise"); *Thomas v. News World Commc'ns*, 681 F. Supp. 55, 66 (D.D.C.1988) (Section 1983 claim fails where complaint alleges no acts taken by newspaper "under color of" any state or District of Columbia law).

With the dismissal of plaintiff's civil rights claim, the only claim over which this Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over plaintiff's defamation claim.  *See* 28 U.S.C. § 1367(c)(3); *Byrd v. District of Columbia*, 297 F. Supp. 2d 136, 143 (D.D.C. 2003) (dismissing common law claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3) after granting summary judgment as to both defendants on plaintiff's Section 1983 claims), *aff'd sub nom. Byrd v. Gainer*, No. 03-7196, 2004 WL 885228 (D.C. Cir. Apr. 26, 2004); *Griffin v. Acacia Life Ins. Co.*, 151 F. Supp. 2d 78, 82 (D.D.C. 2001) (declining to exercise supplemental jurisdiction over plaintiff's District of Columbia Human Rights Act and negligent supervision claims after dismissal of employment discrimination claim brought under federal statute).

### III.   CONCLUSION

Plaintiff fails to state a civil rights claim upon which relief can be granted, and with the dismissal of this federal claim, the Court dismisses his defamation claim without prejudice pursuant to 28 U.S.C. § 1367(c)(3).  An Order consistent with this Memorandum Opinion will be issued separately.

/s/_____
PAUL L. FRIEDMAN
DATE:  February 4, 2008                                     United States District Judge